IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC. | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| TOM R. THOMPSON | § | Civil Action No. W-08-CA-105 |
| DBA | § | |
| THOMPSON TRUCKING, | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

**TOM THOMPSON D/B/A THOMPSON TRUCKING'S
MOTION TO ALTER OR AMEND THE JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE WALTER S. SMITH, JR., UNITED STATES DISTRICT JUDGE:

Pursuant to Fed. R. Civ. P. 59(e), Tom Thompson d/b/a Thompson Trucking ("Mr. Thompson") hereby moves this Court to alter or amend its Judgment of June 9, 2009 (the "Judgment"), and in support of his motion, states as follows:

**Liability of Mr. Sam Kholi**

1.      This Court's Judgment is against Sam Kholi Enterprises, Inc., only.  Mr. Thompson requests the Judgment be altered or amended so that it also renders judgment against Sam Kholi, individually and jointly and severally with Sam Kholi Enterprises, Inc.  Mr. Thompson also requests that the Judgment be altered or amended to grant him pre-judgment interest.

2.      Mr. Sam Kholi is a third-party defendant in this case, as referenced in Mr. Thompson's live pleadings at trial *(Defendant's Amended Answer (to Plaintiff's Amended*

TOM THOMPSON D/B/A THOMPSON TRUCKING'S MOTION TO ALTER
OR AMEND THE JUDGMENT AND BRIEF IN SUPPORT                                                    Page 1

033246/40557

*Complaint), Second Amended Counterclaim, and Amended Third-Party Claim).* [Document 36].

Mr. Sam Kholi's answer also reflects he is a party *(Original Answer of Sam Kholi, Third Party*

*Defendant and of Sam Kholi Enterprises, Inc., as Counter-Defendant to First Amended*

*Counterclaim, and Third Party Claim).* [Document 26].

      3.      This Court found as a matter of law that the October 12, 2007, agreement is a

valid contract (see this Court's *Order* signed on February 4, 2009). [Document 30]. (See also

trial exhibit Defendant's Exhibit D-1 (hereinafter the "Contract")).

      4.      Mr. Kholi admitted at trial that he signed the Contract.

      5.      Mr.Kholi is individually liable for the Judgment because as a part of the valid

Contract he signed there is a personal guaranty:

"GUARANTY

"For value received, the undersigned (each a Guarantor) does hereby personally,

individually, irrevocably, absolutely, and unconditionally guarantee the strict, timely, full

and faithful performance of all covenants, warranties, representations, conditions, and

obligations of assignee above. Guarantor agrees to be liable as a primary obligor for the

payment of and performance of the obligations guaranteed.

_____/s/_____<br>Sam Kholi, Guarantor"

(See Contract, page 3 of 3). Thus, by the plain language of the Contract, Mr. Kholi was both an

unconditional guarantor and, in addition, a *primary* obligor for the payment and performance of

the Contract.

      6.      The Guaranty signed by Mr. Kholi is an absolute guarantee because he

"personally, individually, irrevocably, absolutely, and unconditionally" guaranteed the "strict,

timely, and faithful performance ... of the assignor above." This language makes the guaranty

absolute and not conditioned in any way. *Universal Metals & Machinery, Inc. v. Bohart*, 539

S.W.2d 874, 877-78 (Tex. 1976).  See also *Hopkins v. First Nat'l Bank of Brownsville*, 551

S.W.2d 343, 345 (Tex. 1977).  In any event, the burden of pleading proving a material alteration

that might cause a discharge is on the guarantor, not the creditor.  *Hester v. Ross, May, Banks,*

*Crane & Gavin*, 492 S.W.2d 378, 379 (Tex. Civ. App. – Waco 1975, no writ).  There is no proof

of such a discharge.

7.      The Fifth Circuit has spoken thusly:

> "In construing a guaranty contract, the primary concern of
> the reviewing court is to construe the intent of the parties.
> If the guaranty is ambiguous, then the court must apply the
> 'construction most favorable to the guarantor'.  But if the
> guaranty 'can be given a certain or definite meaning or
> legal interpretation, then it is not ambiguous and the court
> will construe the contract as a matter of law.'"  *Resolution*
> *Trust Corporation v. Northpark Joint Venture*, 958 F.2d
> 1313, 1320 (5th Cir. 1992) (internal citations omitted).

The guaranty in this case is not ambiguous in any way.  The intent of the parties is

clear – Mr. Thompson and Mr. Kholi intended that the Contract be personally

guaranteed by Mr. Kholi.

8.      Indeed, not only is Mr. Kholi an unconditional guarantor, but by the plain words

of the Guaranty provision of the Contract he is a "primary obligor for the payment and

performance of the obligations guaranteed."  Thus, Mr. Kholi, is also *primarily* obligated for the

payment and performance of the Contract in his individual capacity.

9.      Because the Court found the Contract to be valid as a matter of law and

because there is no dispute Mr. Kholi signed the Contract, and because the Contract was

guaranteed by Mr. Kholi (and because he was also a primary obligor for both payment and

performance of the Contract),  and because the jury found Sam Kholi Enterprises to be the first

breaching party and that it had damaged Mr. Thompson to the tune of $2,316,670.00, the

Judgment should be altered or amended to include Mr. Sam Kholi as a judgment debtor, jointly

and severally liable with Sam Kholi Enterprises, Inc., to Mr. Thompson for the entire Judgment.

### Pre-judgment Interest

10.     Pre-judgment interest is determined according to the substantive law of the case.

*Bott v. America Hydrocarbon Corp.,* 458 F.2d 229, 231 (5th Cir. 1972).  See also *Word v. Armco,*

*Inc.,* 814 F.2d 211, 213 (5th Cir. 1987).

11.     The holding of *Perry Roofing Co. v. Olcott,* 744 S.W.2d 929 (Tex. 1988) provides

that if properly pleaded, pre-judgment interest is available for unliquidated contract damages,

applying the then existing Texas post-judgment rate of interest to the pre-judgment rate, using

the rationale of *Cavnar v. Quality Control Parking, Inc.,* 696 S.W.2d 549 (Tex. 1985).  The

Texas post-judgment rate (and, therefore, the pre-judgment rate in this case) applicable on June

9, 2009, was 5%.  (See web site of Texas – Office of Consumer Credit Commission –

www.occc.state.tx.us/pages/int_rates/Index.html.)

12.     In this case, the initial determination to be made is at what date the damages

found by the jury first came due for purposes of pre-judgment interest.  In Texas, an anticipatory

breach of the entire contract exists when one party, either before the time for performance or

after partial but before full performance, refuses to perform further.  *Laredo Hides Co. v. H & H*

*Meat Products Co.*, 513 S.W.2d 210, 220 (Civ. App. – Corpus Christi 1974, ref. n.r.e.).  As a

matter of law, Mr. Kholi and Sam Kholi Enterpises, Inc., repudiated the entire contract when

they caused the suit to be filed in this matter.  Among the remedies sought (unsuccessfully) by

Sam Kholi Enterprises, Inc., was "restitution" of moneys paid to remedy the fraud it had alleged

had occurred (but which did not occur, according to the jury) in connection with the Contract.

13.     Therefore, as a matter of law, Mr. Kholi and Sam Kholi Enterprises, Inc., repudiated the Contract *no later* than the date they filed this suit – April 18, 2008.

14.     Using April 18, 2008, as the undisputed repudiation date, then the pre-judgment calculation is mechanical:  The number of days beginning April 18, 2008, and ending the day the Judgment was entered on June 9, 2009, is 417 days.  The damages suffered by Mr. Thompson according to the jury are $2,316,670.00.  That amount ($2,316,670.00) times five percent (5%) divided by three hundred sixty-five (365) days equals a per diem accrual of $317.00 (rounded). Therefore, the pre-judgment interest in this case is no less than $317.00 times 417 days, which product is $132,189.00.

15.     Mr. Thompson, therefore, also requests that the Judgment be altered or amended to include the pre-judgment interest sum of $132,189.00.

## CONFERENCE

16.     Counsel for all parties conferenced regarding the merits of this motion.  No agreement was reached.

## PRAYER

Tom Thompson d/b/a Thompson Trucking respectfully prays that the Judgment be altered or amended to add that Sam Kholi be added as a judgment debtor, jointly and severally liable with Sam Kholi Enterprises, Inc., for the entire Judgment in favor of Tom Thompson d/b/a Thompson Trucking and that the Judgment be altered or amended to add pre-judgment interest of not less than $132,189.00 to the total amount awarded.

Respectfully submitted,


 /s/ Jack R. Crews
JACK R. CREWS
State Bar No.:  05072300

BAIRD, CREWS, SCHILLER & WHITAKER, P.C.
15 North Main Street
Temple, TX  75601
Telephone:  (254) 774-8333
Fax:  (254) 774-9353

AND

MICHAEL G. COSBY
Pakis, Giotes, Page & Burleson, P.C.
State Bar Card No.:  04847500
801 Washington Ave., Ste. 800
Waco, TX  76701-1289
Telephone:  (254) 297-7300
Fax:  (254) 297-7301

ATTORNEYS FOR TOM THOMPSON DBA
THOMPSON TRUCKING

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *"Tom Thompson d/b/a Thompson Trucking's Motion to aAlter or Amend the Judgment and Brief in Support"* has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 22 day of June, 2009, addressed to:

ATTORNEYS FOR PLAINTIFF:

Jeffrey A. Armstrong
Greg White
John Palmer
Naman, Howell, Smith & Lee, L.L.P.
P. O. Box 1470
Waco, TX  76703-1470

                                        ___/s/ Jack R. Crews
                                        JACK R. CREWS