IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. W-08-CA-105 |
| | § | |
| TOM R. THOMPSON d/b/a | § | |
| THOMPSON TRUCKING, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| | § | |
| Third-Party Defendant. | § | |

**MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI IN SUPPORT OF MOTION FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT.

The sole documentary basis for the $2,316,670 judgment against third party defendant Sam Kholi in this case is trial ex. D-1 – the "Agreement for The Purchase and Sale of Business." The key clause in trial ex. D-1 is a personal guaranty, which makes Mr. Kholi "personally, individually, irrevocably, absolutely, and unconditionally" liable as a "primary obligor for the payment of and performance of the obligations guaranteed" by plaintiff corporation Sam Kholi Enterprises, Inc.

After trial ended, Mr. Kholi discovered another, different version of the Agreement, which also bore his signature. This version (Ex. A to the accompanying

1

Kholi and Kato declarations) did not have the personal guaranty clause on which the judgment is premised. Mr. Kholi believes trial ex. D-1 is a fabricated document – a false version of the document he did sign (Ex. A).

Thus the judgment rests on a false document. This is the basis for this motion.

Rule 60(b)(2), (3) support this motion. The federal courts repeatedly have invoked Rule 60(b) in setting aside judgments where newly discovered evidence changes the landscape so materially that a new trial based on the new evidence would likely produce a different result. They have done the same in cases involving false or forged documents. The truth as to the veracity of trial Ex. D-1 ultimately can be gotten at only after handwriting experts have examined original versions of the competing Agreements.

Pending a ruling on this motion, Mr. Kholi requests that the Court order all collection action suspended pending a ruling on this motion and schedule an evidentiary hearing aimed at determining the veracity (or lack thereof) of trial ex. D-1. Mr. Thompson (the judgment creditor) is, at this writing, vigorously pursuing involuntary collection action, which he refuses to suspend despite the pendency of this motion. Mr. Kholi will promise not to make any transfers outside the ordinary course of business during the interim so that, should Mr. Kholi not ultimately prevail, any ultimate collection will not have been jeopardized by the interim suspension Mr. Kholi requests on this motion.

II.  FACTS AND PROCEEDINGS.

    A.  <u>Trial; Judgment</u>.

The Court entered judgment on June 9, 2009. The amount of the judgment was $2,316,670. Its sole documentary basis was a personal guaranty clause in trial ex. D-1, which made Sam Kholi personally liable as "primary obligor" on all payment obligations recited in the parties' written "Agreement for The Purchase and Sale of Business."

Later the Court added an award of attorneys' fees ($30,569,08). Prejudgment interest continues to accrue at the rate of $317 per day. The Court amended the judgment to include this prejudgment interest (then $132,189.00) and specify that the judgment

2

debtors included both Sam Kholi Enterprises, Inc., and Sam Kholi, on September 4, 2009. Doc. No. 94.

    B.    <u>Appeal</u>.

Mr. Kholi timely appealed. His appeal is pending before the Fifth Circuit and awaiting briefing.

    C.    <u>Post-Judgment Orders and Discovery; Illness and Rehabilitation of Mr. Kholi</u>.

Mr. Kholi has suffered medical problems in the wake of the judgment. These included a stay in a treatment facility during the first quarter of this year. Kholi dec., ¶ 2. Mr. Kholi's condition left him unable to participate meaningfully in the litigation during that time. *Id*.

Following entry of judgment, Mr. Kholi's then-attorneys requested leave to withdraw. The Court granted it. Afterward, the Court granted as unopposed Mr. Thompson's motion to permit registration of the judgment and application for post-judgment turnover, receivership, and injunctive relief. Doc. 109.

    D.    <u>Discovery of Ex. A</u>.

Mr. Kholi's assistant, Laverne Kato, discovered Ex. A during an unrelated search of some boxes of documents in February 2010. She noticed it was significantly different than trial ex. D-1. Immediately she presented the document to Mr. Kholi. Though it bore his signature, it lacked the personal guaranty clause. Ex. A. Mr. Kholi realized that this Agreement (not trial ex. D-1) was the version he had signed and intended to be the final expression of the parties' agreement (and transmitted to Mr. Thompson) in October 2007. *See* Kholi dec., ¶ 3. Upon review of it and a side-by-side comparison of it with trial ex. D-1, he realized that the latter document was a fabricated version of the Agreement that he did sign. *Id*.

As a result, Mr. Kholi believes the judgment against him to be premised on a false document (trial ex. D-1). He has searched for the originals of both Ex. A and trial ex. D-1. To date he has not located them. He has asked Mr. Thompson and his lawyer to provide originals; neither has done so. *Id*., ¶ 4.

    E.    <u>Collection Action</u>.

Mr. Thompson has launched a vigorous collection effort in Texas and California. He and his attorney are now threatening levy on assets owned by both Mr. Kholi and his family members. The levy, if allowed, would have a catastrophic effect on Mr. Kholi's livelihood and disable him from being able to continue to defend himself in this litigation. Kholi dec., ¶ 5.

    F.    <u>This Motion</u>.

This motion timely followed.

III. THE COURT HAS JURISDICTION TO RULE ON THIS MOTION IRRESPECTIVE OF THE PENDENCY OF THE APPEAL.

The district court has jurisdiction to consider a Rule 60 motion irrespective of the pendency of an appeal in the same case in the Fifth Circuit. *See Shepherd v. Int'l. Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004). The district court can entertain or consider such a motion at any time within a year of judgment, "regardless of the pendency or even the completion of an appeal." *Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 1547, 131 L.Ed.2d 265 (1995); *Standard Oil Co. v. United States*, 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21, 31 (1976); *Ingraham v. United States*, 808 F.2d 1075, 1080-1081 (5th Cir. 1987).

When the district court is inclined to grant the Rule 60(b) motion, then the moving party-appellant may seek a remand from the Fifth Circuit in order that the district court may grant the motion. *See Shepherd*, 372 F.3d at 330 & n.3; *Winchester v. United States Attorney for the Southern District of Texas*, 68 F.3d 937, 949-950 (5th Cir. 1995). Such a motion is properly styled a "motion for indicative ruling," and asks the district court to indicate how it would resolve the issue should the Fifth Circuit remand for reconsideration thereof. *See Todd v. Hawk*, 72 F.3d 443, 445 (5th Cir. 1995); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 932 (5th Cir. 1976). In *Todd*, the U.S. District Court for the Northern District of Texas granted a motion for an indicative ruling and said that, should the Fifth Circuit grant a remand, it would enter an order granting relief. (The Fifth Circuit remanded.) *Todd*, 72 F.3d at 445-447.

IV. RULE 60(B) AUTHORIZES RELIEF FROM THE JUDGMENT BASED ON WELL-FOUNDED DOUBTS CONCERNING THE VERACITY OF TRIAL EX. D-1 (THE DOCUMENTARY FOUNDATION FOR THE JUDGMENT).

    A.    <u>RULE 60(b)</u>.

Rule 60(b) provides in pertinent part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**
>
> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
>
>           \*   \*   \*
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party); . . .

(Emphasis in original.)

The purpose of allowing relief under Rule 60(b) is allowing the courts to strike the balance between two often conflicting principles – that litigation must be brought to a final close and that justice must be done. *See Smalls v. United States*, 471 F.3D 186, 191, (D.C. Cir. 2006).

    B.    <u>Newly Discovered Evidence Warrants Relief from the Judgment under Rule 60(b)(2)</u>.

The prerequisites for relief from a judgment under Rule 60(b)(2) are as follows:

1. the evidence was discovered after the trial;

2. due diligence on the part of the movant to discover the new evidence is shown or may be inferred;

3. the evidence is not merely cumulative or impeaching;

4. the evidence is material; and

5. the evidence is such that a new trial would probably produce a new result.

*See United States v. Walus*, 616 F.2d 283, 287-288 (7th Cir. 1980) (reversing district court's order denying relief under Rule 60(b)(2); citing *Ag Pro, Inc. v. Sakraida*, 512 F.2d

141, 143 (5th Cir. 1975)).

Kholi's motion meets all these criteria. It appends Ex. A, which Kholi discovered after trial with due diligence. The document is not merely cumulative or impeaching; it changes the entire case, and if a new trial were had on it would probably produce a contrary result.

It follows the Court should conduct a hearing aimed at resolving the conflict raised by this motion. *See Walus*.

    C.    <u>Well-Founded Doubt as to the Veracity of Trial Ex. D-1 Support Relief under Rule 60(b)(3)</u>.

Relief under Rule 60(b)(3) lies for judgments obtained after trials in which the prevailing party has relied on forged evidentiary documents. *See Lonsdorf v. Seefeldt*, 47 F.3d 893, 896-897 (7th Cir. 1995) (defendant produced altered document in evidence, resulting in injustice; reversing district court's order denying relief under Rule 60(b)(3); ordering new trial); *Fraige v. American-National WaterMattress Corp.*, 996 F.2d 295, 297 (Fed. Cir. 1993) (defendant's president's forgery of documents and filing of false declarations warranted relief under Rule 60(b)(3); reversing district court's denial of motion and ordering new trial); *Trehan v. Tarkanyi*, 85 B.R. 920, 921, 933 (S.D.N.Y. 1988) (plaintiff filed "forged amended contract purporting to delete" contingency clause; setting aside judgment under Rule 60(b)); *Associates Discount Corp. v. Goldman*, 52 F.R.D. 37, 39 (W.D. Pa. 1971) (purported signature on guaranty a forgery; "[w]e deem this sufficient misconduct of an adverse party to support the grant of relief under [Rule] 60(b)(3); allowing defendant to present evidence to show her purported signature on guaranty a forgery). *Cf. Garcia v. Berkshire Life Ins. Co. of America*, 569 F.3d 1174, 1180 (10th Cir. 2009) ("submission of falsified evidence substantially prejudices an opposing party by casting doubt on the veracity of all of the culpable party's submissions throughout litigation"; remanding to district court to "determine whether certain documents cited by [plaintiff] on appeal were fabricated"). *See generally Roger Edwards, LLC v. Fiddes & Son Ltd.*, 427 F.3d 129, 134 (1st Cir. 2005) (citing James & Hazard, *Civil Procedure* section 12,14, at 678 (3d ed. 1985)).

No doubt Thompson will argue Kholi's answer did not deny the genuineness of his purported signature on Ex. A.  In the past, however, at least one district court expressly has allowed a 60(b)(3) challenge to a guaranty whose genuineness the purported signer did not deny in her answer.  *See Associates Discount Corp.*, 52 F.R.D. at 40.  In the court's view, the defendant's "lack of diligence in discovering the new evidence which she now proffers" was "overcome . . . by the proffer of evidence to show" a forgery.  *Id*.  So it is here.  Mr. Kholi's affidavit casts significant doubt on the veracity of trial ex. D-1.  Relief lies under Rule 60(b)(3) to set aside the judgment based thereon.  *See Lonsdorf*, 47 F.3d at 896-897; *Fraige*, 996 F.2d at 297; *Trehan*, 85 B.R. at 921, 933.

V.     IN THE ALTERNATIVE AND AT A MINIMUM, THE COURT SHOULD DEFER RULING ON THIS MOTION PENDING A HEARING CONCERNING THE FACTS SURROUNDING THE CREATION OF TRIAL EX. D-1.

Informal efforts at locating all originals so they can be examined by handwriting experts have proven unfruitful.  Mr. Kholi concedes this disables him from presenting as complete a record on this motion as he would like.  This is no bar to relief, however.

In *Sherrier v. Richard*, 624 F.Supp. 918 (S.D.N.Y. 1985), defendant sought to vacate a judgment against him concerning ownership of four pieces of art.  Plaintiff's evidence included purported signed receipts for purchases of the art work at issue, together with an affidavit.  After judgment, defendant proffered opinions of handwriting experts which concluded the signatures on the receipt and affidavit were not written by the same person who had responded separately to letters rogatory.  624 F.Supp. At 920.  Plaintiff contested these experts' conclusions with his own expert, who came to the opposite conclusion.  On defendant's Rule 60(b) motion, the court ordered a hearing on the veracity of the disputed documents, reasoning that "resolution of this alleged use of fraudulent evidence cannot be made on the basis of the papers submitted by the parties but rather must be determined after a factual hearing on the issue." *Id*.

Here, at a minimum, this court should do the same.  Heretofore, the parties have not managed to come forward with original versions of trial ex. D-1.  Handwriting experts can and should opine on the matter, but only after the opportunity to review originals –

which the parties should be ordered to produce.  An evidentiary hearing can and should be scheduled to reach a final resolution.  *See id*.

VI.  THE COURT SHOULD STAY ALL COLLECTION ACTION PENDING APPEAL AND A RULING ON THE MOTION.

In the past, this Court has ordered collection action stayed during appeal and pending its ruling on a motion for relief under Rule 60(b).  *United States v. Evans*, 2008 U.S. Dist. LEXIS 111459 * 4 (W.D. Tex. 2008).

So it should do here.  Thompson is aggressively pursuing collection action against Mr. Kholi and refuses to stipulate to a suspension of it whilst this litigation remains pending.  Should he levy while this motion and the appeal are pending, he will cripple Mr. Kholi's business and effectively disable Kholi from further litigation, thus practically mooting the appeal and this motion.  This would frustrate the ultimate purpose of Rule 60(b), which is to see that justice is done.  No good reason exists to allow this.

In the meantime, no prejudice to Thompson will result from a stay whilst Kholi pursues relief in this Court and in the Fifth Circuit; interest on the judgment will continue to run during the interim (at the rate of $317.00 *per diem*).  Only a court-ordered stay of collection action will preserve the status quo and enable Kholi to continue pursuing his remedies.  This Court should grant the stay.  *See Evans*.

VII.  CONCLUSION

For all the foregoing reasons, the Court should grant this motion, rule it is inclined to grant the motion in the event of remand by the Fifth Circuit, stay all collection action pending appeal and a ruling on this motion, and/or set an evidentiary hearing on the matter following the compelled production of all original versions of the Agreement by the parties.

                                        Respectfully submitted,

Dated: June 3, 2010        LAWTON LAW FIRM

                          By:   /s/Dan Lawton
                                Dan Lawton
                                Attorneys for Plaintiff Sam Kholi Enterprises, Inc. and Third-Party Defendant Sam Kholi

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of June, 2010, I electronically filed the foregoing:

(1) MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI IN SUPPORT OF MOTION FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL;

(2) [PROPOSED] ORDER GRANTING MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC. AND THIRD-PARTY DEFENDANT SAM KHOLI FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL;

(3) DECLARATION OF SAM KHOLI IN SUPPORT OF MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL; and

(4) DECLARATION OF LAVERNE KATO IN SUPPORT OF MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

ATTORNEYS FOR DEFENDANT:

Jack R. Crews, Esq.
BAIRD, CREWS, SCHILLER & WHITAKER, P.C.
15 North Main Street
Temple TX 75601
Telephone: (254) 774-8333
Facsimile: (254) 774-9353

Michael G. Cosby, Esq.
PAKIS, GIOTES, PAGE & BURLESON, P.C.
801 Washington Avenue, Suite 800
Waco, TX 76701-1289
Telephone: (254) 297-7300
Facsimile: (254) 297-7301

/s/Dan Lawton