IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SAM KHOLI ENTERPRISES, INC.<br>　　　　Plaintiff | §<br>§<br>§ |
| v. | §<br>§ |
| TOM R. THOMPSON<br>DBA<br>THOMPSON TRUCKING,<br>　　　　Defendant, | § Civil Action No. W-08-CA-105<br>§<br>§<br>§<br>§ |
| v. | §<br>§ |
| SAM KHOLI,<br>　　　　Third-Party Defendant. | §<br>§<br>§ |

# RESPONSE OF TOM R. THOMPSON D/B/A THOMPSON TRUCKING TO THE MOTION OF SAM KHOLI ENTERPRISES, INC. AND THIRD-PARTY DEFENDANT SAM KHOLI FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL

TO THE HONORABLE WALTER S. SMITH, JR., UNITED STATES DISTRICT JUDGE:

Tom R. Thompson d/b/a Thompson Trucking ("Mr. Thompson") responds to Sam Kholi Enterprises, Inc's. and Sam Kholi's (collectively referred to herein as "Mr. Kholi") Motion for Indicative Ruling on Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. 60(b) and For Stay of Collection Action Pending Ruling on This Motion and Pending Appeal [Document 115], and would show the Court as follows:

## I.
## MR. THOMPSON'S RESPONSE TO MR. KHOLI'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(b)

1. Mr. Thompson urges this Court to deny Mr. Kholi's Motion for Relief from Judgment pursuant to Fed. R. Civ. Proc. 60(b). This Court can deny Mr. Kholi's Motion for Relief pursuant to Rule 60(b)(2) and (3) without requesting leave from the Court of Appeals. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004).

2. The basis of Mr. Kholi's motion is his allegation of newly discovered evidence and particularly a copy of the "Agreement for the Purchase and Sale of Business" (herein "New Agreement") that does not include his personal guaranty. During the trial on this matter, the signed agreement with the personal guaranty of Mr. Kholi was admitted into evidence as Exhibit D-1, without objection. (Agreement or Exhibit D-1) Mr. Kholi now claims to have found the New Agreement that does not include his personal guaranty.

3. Mr. Kholi is not a credible person. He now claims that in February 2010 his (latest) assistant, Ms. Kato discovered the New Agreement. However, during the course of this litigation Mr. Kholi continuously affirmed the authenticity of trial Exhibit D-1 (see for instance, the excerpt of the trial transcript attached as Exhibit 1). In fact, Mr. Kholi even relied on the Agreement (with his personal guaranty), in his very own motion for summary judgment [Document 17, Exhibit "A"] Exhibit 3. It was not until well after the amended judgment was entered that Mr. Kholi claimed discovery of the New Agreement.

4. In further support of his Response, Mr. Thompson would refer to the following exhibits (to include Exhibit 1), which are attached hereto and incorporated herein, and authenticated by the undersigned counsel's affidavit for purposes of this Response:

    (a) Exhibit 2 – Original Answer of Sam Kholi, Third Party Defendant and of Sam Kholi Enterprises, Inc. as Counter-Defendant

(b) Exhibit 3 – Excerpt of Plaintiff's Motion for Summary Judgment

(c) Exhibit 4 – Excerpts from the Deposition of Sam Kholi, Page 10, Lines 17-19 and Page 18, Lines 4-12

(d) Exhibit 5 – Trial Exhibit D-26 – email to Sam Kholi asking that he sign the Agreement in 3 places on page 3 (emphasis is added).

(e) Exhibit 6 – Trial Exhibit D-27 – email revising draft of Agreement – guaranty still included.

(f) Exhibit 7 – Trial Exhibit D-48 – email from Sam Kholi's lawyer, Mr. Jon Lacey, sent to Mr. Thompson stating (at point 2) that the guaranty does need to be on all the documents (in connection with documents drafted by lawyers that were anticipated to be signed.)

(g) Exhibit 8 – email from Greg White and excerpts of attachments.

### A. Mr. Kholi relied upon Exhibit D-1 throughout the litigation – the very document he now claims was forged

5. Sam Kholi Enterprises, Inc.'s Original Complaint in this matter was filed by Mr. Kholi on or about April 18, 2008. Mr. Thompson filed his Original Answer, Counterclaim and Third-Party Claim on May 23, 2008. In Paragraph 28 therein, Mr. Thompson asserted a claim against Mr. Kholi, individually, based on the personal guaranty agreement he signed. Mr. Kholi answered Thompson's Third-Party Claim on July 25, 2008, wherein he states:

"Paragraph 28 alleges that Sam Kholi individually signed a written guaranty, and Sam Kholi <u>does not deny that the Agreement was signed</u>." (emphasis added) [Document 8] see Exhibit 2.

6. On November 25, 2010, Mr. Kholi filed a Motion for Summary Judgment, which included Exhibit A, the same Agreement that would become the trial Exhibit D-1. See Exhibit 3. In his Motion, Mr. Kholi sought summary judgment on his claim for breach of contract. By seeking this motion for summary judgment, Mr. Kholi admitted that the Agreement with his personal guaranty agreement was a valid and enforceable document. This Court, no doubt

relying upon Mr. Kholi's Exhibit A to his Motion for Summary Judgment, granted summary judgment on the existence of a contract between SKE, Mr. Kholi and Mr. Thompson, finding that the attached Agreement was an enforceable contract as a matter of law. To date, Mr. Kholi has not disputed that ruling.

7. During the trial on this matter, Mr. Kholi made no representation as to the alleged invalidity of the personal guaranty agreement and admitted he signed the 3 page agreement. See Exhibit 1.

8. Exhibits 5 and 6 attached hereto are copies of trial exhibits also admitted without objection. These exhibits are drafts of the Agreement just prior to the final Agreement (Exhibit D-1), both of which reference a guaranty. Exhibit 7 attached hereto is a trial exhibit (again admitted into evidence without objection) of a later email from Mr. Sam Kholi's California counsel, Jon Lacey, discussing the guaranty on the documents to be drafted by the attorneys (after D-1 had been signed). Mr. Kholi's personal guaranty was never made an issue for the simple reason that its existence was beyond dispute. His claim to the contrary now is not credible.

9. Mr. Kholi used the Agreement he now claims was forged, relied upon it in a motion for summary judgment for his own purposes and affirmatively admitted signing the guaranty agreement in his answer filed with this Court. He also admitted signing it before the jury. If Mr. Kholi had any genuine concerns about the validity of the document he signed, he could and should have raised them long before the amended final judgment was entered in this matter.

**B. *The alleged newly discovered evidence could have been discovered by Mr. Kholi with reasonable diligence in time to move for a new trial***

10. The standard for granting relief from a final judgment on the basis of newly discovered evidence is that, with reasonable diligence, the evidence could not have been

discovered in time to move for a new trial under Rule 59(b).  FED. R. CIV. P. 60(b)(2). *Thermacor Process v. BASF Corporation*, 567 F.3d 736, 744 (5th Cir. 2009).  Mr. Kholi should not obtain Rule 60(b)(2) relief because, among other reasons, he is incapable of demonstrating that he exercised due diligence in obtaining the information.  *Hesling v. CSX Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).

11. In neither his motion nor his attached declarations does Mr. Kholi make any assertion that the New Agreement was incapable of being found with reasonable diligence in time for him to move for a new trial under Rule 59(b).  Rather, Mr. Kholi, by his own declaration and that of his assistant, Ms. Kato, admits that the alleged New Agreement was found in a seemingly protocol review of Mr. Kholi's files - a review that could have taken place at his leisure and in time for Mr. Kholi to move for a new trial.  In addition, it is an understatement to recite these obvious truths:  Mr. Kholi knew all along what document he signed.  This New Agreement was presumably in his possession all the while this case was litigated, assuming it actually existed. Nothing prevented Mr. Kholi from raising this issue during discovery, trial or after judgment pursuant to Rule 59(b).

**C. *Mr. Kholi's claim of newly discovered evidence may be, itself, fabricated***

12. Mr. Thompson requests that the Court make a side by side comparison of the following documents:

   1) the Agreement included as Exhibit A to Mr. Kholi's Motion for Summary Judgment and used at trial as Exhibit D-1 (See Exhibit 3),

   2) Mr. Kholi's Rule 60(b) Exhibit A (the alleged copy of the alleged New Agreement that does not include the personal guaranty)

13. Upon review of the documents, the Court will find that one fax stamp at the top of each copy is identical. It states that the document was faxed on 10/13/2007 at 10:14, 10:15, and 10:16, respectively for each page, from fax number 254-542-7130 (Mr. Thompson's fax number). However, the New Agreement includes a fax stamp the other does not: November 28, 2009, at 12:01 to 17609443303, on page 1 and on page 2. That stamp does not appear on the signature page (page 3). Upon information and belief, area code 706 exists in Southern California. Finally, the New Agreement does not contain the 2007-10-13 14:32&33 Payrolling.com fax stamp found at the bottom of each page of the Agreement used at summary judgment and at trial as Exhibit D-1. The clear conclusion from comparing these copies is that Mr. Kholi signed the Agreement "in 3 places" and faxed it back to Mr. Thompson. The New Agreement's page 3 does not bear the 706 fax stamp, the payrolling.com fax stamp or the guaranty. Page 3 of the New Agreement has been altered to Mr. Kholi's favor.

14. To agree with Mr. Kholi's assertion that the copy of the New Agreement without his personal guaranty is newly discovered evidence, it is necessary for the Court to find that Mr. Thompson (1) made two separate faxes (2) at the exact same time, (3) from the same fax number. Or that Mr. Thompson inserted a guaranty clause that somehow escaped attention until now. These events are not possible. There is no reason to credit Mr. Kholi with veracity. He testified at trial precisely opposite to what he asserts now. His strategy at trial and a summary judgment was based on the Agreement (Exhibit D-1) being valid. Comparing the documents requires a common sense judgment that it is Mr. Kholi who doctored the New Agreement.

**D. *Mr. Kholi has no evidence demonstrating that Mr. Thompson forged trial Exhibit D-1***

15. Mr. Kholi also moved for relief pursuant to Rule 60(b)(3) on the basis that trial Exhibit D-1 was a forged document. This argument is without merit.

16. To justify granting relief under Rule 60(b)(3), Mr. Kholi must demonstrate by clear and convincing evidence, "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Williams v. Thaler*, 602 F.3d 291, 311 (5th Cir. 2010), citing *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). Mr. Kholi presented no evidence tending to prove that Mr. Thompson engaged in any fraud and rightly so, because no such evidence exists. Moreover, nothing prevented Mr. Kholi from presenting his case.

17. Certainly, Mr. Kholi has failed to satisfy the fraud pleading requirements of Federal Rules of Civil Procedure 9(b).

18. Determining whether a party has made a sufficient showing to warrant relief pursuant to Rule 60(b)(3) lies in the sound discretion of the district court." *Anthony v. Canal Indemnity Co.*, 347 Fed. Appx. 110 (5th Cir. 2009). Because Mr. Kholi did not meet his burden of providing clear and convincing evidence that Mr. Thompson engaged in fraud or any other misconduct or prevented Mr. Kholi from presenting his case, this Court should deny Mr. Kholi's Rule 60(b) Motion.

## II.
## MR. THOMPSON'S RESPONSE TO MR. KHOLI'S REQUEST FOR A STAY OF COLLECTION ACTION PENDING RULING ON HIS MOTION AND PENDING APPEAL

19. This Court should not order a stay of collection action. Mr. Kholi's allegation that any collection would "cripple his business and effectively disable Kholi from further litigation" is in contradiction to his prior deposition testimony. The gross payroll monthly for all of Sam Kholi Enterprises, Inc. is approximately $9 million a month. A true and correct copy of excerpts from Mr. Kholi's Deposition is attached hereto as Exhibit 4. Mr. Kholi also testified that his real

estate portfolio was worth more than $10 million dollars. See Exhibit 4. Therefore, the judgment is a small percentage of the worth Mr. Kholi has previously testified to under oath.

20. Mr. Kholi has on numerous occasions evaded discovery and acted to delay Mr. Thompson's collection of his judgment. [See for instances, Documents 105, 106, 108, 109, 110, 113, 116 and 117] Additionally, Mr. Kholi has ignored this Court's orders regarding collection. With Mr. Kholi's request for a stay he continues his favored course of action of claiming health problems that prevent him from responding to discovery, coming to trial or following this Court's orders. Mr. Thompson reiterates the points he made in his recent Reply to the Response of Sam Kholi Enterprises, Inc. and Sam Kholi Relating to the Motion for Sanctions, Including Contempt. [Document 116]

21. On Tuesday, October 27, 2009, Mr. Greg White was still representing Mr. Kholi. On that day he sent the undersigned counsel an email suggesting the first lien pledge of valuable properties in California. The purpose of the pledge would be to secure an agreed supercedeas of the amended judgment during appeal. A copy of his email and excerpts of the title runs and appraisals are attached as Exhibit 8. The deal broke down when it was discovered that the title runs showed that Mr. Kholi had already transferred one property to his brother, Samer Khouli, and the other property to a company called Dehessey on September 9 and 10, 2009. This Court's Amended Judgment was signed on October 23, 2009.

22. Due to Mr. Kholi's failure to cooperate with post-judgment discovery and follow this Court orders relating to collection and his property transfers, Mr. Thompson urges this Court to deny Mr. Kholi's request for a stay in the collection of the judgment.

23. Mr. Kholi's brief was due at the 5th Circuit on June 9th. Instead of filing a brief, he filed a motion to stay the appeal pending this Court's ruling on this motion. The efforts at delay continue.

24. Finally, Mr. Thompson's affidavit is attached to this motion. Mr. Thompson wishes to state – as forcefully as he can – that he has not forged or altered any document.

## CONCLUSION

This Court can and should deny Mr. Kholi's Motion for Relief from Judgment pursuant to Rule 60(b) without leave from the 5th Circuit. *Shepherd v. Int'l Paper Co.*, 372 at 329. Mr. Thompson urges this Court to do so. Mr. Thompson also urges this Court to deny Mr. Kholi's request for a stay of the collection proceedings.

Mr. Kholi's motion is abusive and is not made or filed in good faith.

## PRAYER

For all these reasons, Mr. Thompson asks the Court deny Mr. Kholi's Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. 60(b) and deny Mr. Kholi's request for a Stay of Collection Action Pending Ruling on the Motion and Appeal.

Respectfully submitted,

/s/ Jack R. Crews
JACK R. CREWS
State Bar No.: 05072300
BAIRD, CREWS, SCHILLER & WHITAKER, P.C.
15 North Main Street
Temple, TX 75601
Telephone: (254) 774-8333
Fax: (254) 774-9353

AND

                    MICHAEL G. COSBY  
                    Pakis, Giotes, Page & Burleson, P.C.  
                    State Bar Card No.:  04847500  
                    400 Austin Avenue, Suite 400  
                    Waco, TX   76701-1289  
                    Telephone:  (254) 297-7300  
                    Fax:  (254) 297-7301  

                    ATTORNEYS FOR TOM THOMPSON DBA  
                    THOMPSON TRUCKING  

## **CERTIFICATE OF SERVICE**

      I do hereby certify that a true and correct copy of the above and foregoing *"Response of Tom R. Thompson d/b/a Thompson Trucking to the Motion of Sam Kholi Enterprises, Inc. and Third-Party Defendant Sam Kholi for Indicative Ruling on Motion for Relief from Judgment Pursuant to Fed. R. Civ. Proc. 60(B) and for Stay of Collection Action Pending Ruling on this Motion and Pending Appeal* has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 14th day of June, 2010, addressed to:

ATTORNEYS FOR PLAINTIFF:  
Mr. Dan Lawton  
Lawton Law Firm  
402 West Broadway, Ste. 1860  
San Diego, CA   92101  

                                     /s/ Jack R. Crews  
                                JACK R. CREWS