IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. W-08-CA-105 |
| | § | |
| TOM R. THOMPSON d/b/a | § | |
| THOMPSON TRUCKING, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| | § | |
| Third-Party Defendant. | § | |

**REPLY MEMORANDUM OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI IN SUPPORT OF THEIR MOTION FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL**

I.   THOMPSON FAILS TO DISTINGUISH OR ACKNOWLEDGE ANY OF
     KHOLI'S CASES CITED IN HIS MOTION.

Not counting cases on the jurisdictional issue (which Thompson does not contest),

Kholi's motion cites nine (9) cases on the issues of relief under Rule 60(b) and a stay of

collection pending a ruling.

Thompson neither addresses nor even acknowledges any of these cases.

Ignoring pertinent case law does not aid the Court.  By ignoring them, Thompson

effectively concedes the application of Kholi's cases cited in his motion.

II.   KHOLI'S FAILURE TO OBJECT TO EX. D-1 BELOW WAS PREMISED ON A
MISTAKEN BELIEF THAT IT, AND NOT EX. A, WAS THE TRUE VERSION
OF THE AGREEMENT HE SIGNED.  THERE WAS NO WAIVER BY
FAILURE TO OBJECT.

Without benefit of authority, Thompson argues that Kholi waived the right to

argue Ex. A to his declaration is the true version of what he signed via an answer to the

Thompson third-party claim, a prior summary judgment motion, and the sworn admission

at trial that he signed Ex. D-1.  Response at pp. 3-4.

This argument lacks merit.  One premise for Kholi's motion is "newly discovered

evidence" – *i.e.*, evidence which, by definition, was unknown to him at trial.  Had Kholi

known of Ex. A at trial, there would be no reason for a Rule 60 motion.  His

uncontradicted declaration proves he did not know of it at trial.  *See* Doc. No. 15-2.

Thompson's argument reads the "newly discovered evidence" requirement out of

the Rule.  If Thompson's argument were right, no moving party would ever win a Rule 60

motion based on newly discovered evidence.

III.   KHOLI WAS REASONABLY DILIGENT IN FINDING EX. A.

Thompson argues Kholi lacked reasonable diligence in locating Ex. A, citing

*Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009) and *Hesling v.
CSD Transportation, Inc.*, 396 F.3d 632, 639 (5th Cir. 2005).  Response at pp. 4-5.

Neither *Thermacor Process* nor *Hesling* supports Thompson's argument, however.

The Fifth Circuit reasoned in each case that the late-proffered evidence would not have

changed the outcome at trial (because inadmissible or irrelevant).  *See Thermacor
Process*, 567 F.3d at 744-745 (late-proffered deposition transcript "immaterial" to trial

and provided "nothing more than impeachment evidence, which generally does not

support relief from judgment"); *Hesling*, 396 F.3d at 641-642 (late-proffered documents

"would not have clearly produced a different outcome at trial[,]" "inadmissible as a

matter of law[,]" and "irrelevant").  Here, Ex. A would have totally changed the outcome

at trial.  This is because it would have eliminated the sole basis for the judgment – Sam

Kholi's personal guaranty.  Ex. A would have been material, admissible, and highly

relevant for this reason   This makes *Thermacor Process* and *Hesling* inapposite.[1]

Thompson argues neither the Kato nor Kholi declarations offer sufficient reason for the tardy discovery of Ex. A.  Response at p. 5, ¶ 11.  This is not true.  Those declarations prove a belated discovery of the document after trial ended (and prompt action afterward).  Rule 60(b) provides an outside deadline of a year within which to move for relief under subdivisions (b)(2) and (3).  Kholi has met the deadline.  His motion is timely.  Denying it for a supposed lack of diligence would prevent the Court from ever hearing the truth of Ex. A – a document which obliterates the basis for the judgment.  This case, as every case, is (and should be) about the truth.

IV.  THOMPSON'S ACCUSATION THAT KHOLI FABRICATED EX. A IS FALSE, BUT PROVES THE NEED FOR THE EVIDENTIARY HEARING KHOLI REQUESTS VIA THIS MOTION.

Thompson writes, "Mr. Kholi's claim of newly discovered evidence may be, itself, fabricated."  He offers no proof of this accusation, nor any case which would premise denial of a Rule 60(b) motion on the accusation without a hearing and proof of it.  There is no such case.

In an effort to cast suspicion on Ex. A, Thompson argues its pages 1 and 2 (which do **not** contain the key clause, *i.e.*, the personal guaranty) bear two fax legends – one indicating transmittal from Mr. Thompson's fax machine, the other listing an unidentified fax number (760.944.3303).  This observation does not advance the ball or help the Court.  Page 3 of Ex. A (which **does** contain a personal guaranty clause – but not the one contained in Ex. D-1) bears the fax legend showing transmittal from Mr. Thompson's

_____

[1] The court in *Thermacor Process* also ruled there had been a lack of diligence – but, in that case, the moving party could have expedited transcription of the late-proffered deposition transcript (and didn't), knowing what the testimony at deposition had been. 567 F.3d at 745.

The discovery of a document unknown to the defendant after trial ends is not similar to late proffer of a deposition transcript whose content is known to the moving party while still within the time to move for a new trial.  This is added basis for distinguishing *Thermacor Process*.

machine (and Thompson's brief admits this fact). The fax number listed on the prior two pages is not a number associated with Kholi or any affiliated person, as a telephone call to the number from Kholi's counsel established on June 25, 2010. Lawton dec., ¶ 2. And those two pages have nothing to do with the guaranty clause (which is on page 3, which clearly shows transmittal from Mr. Thompson's fax machine). The fact page 3 shows transmittal from Thompson's fax machine undermines the accusation of a fabrication by Kholi – because it suggests Thompson faxed Ex. A to Mr. Kholi with Mr. Kholi's signature already on it.

What Thompson's accusations and conjecture really prove is the need for an evidentiary hearing aimed at finding the truth – part of the relief Kholi requests by this motion. In the meantime, Thompson's accusations and conjecture are just that. As such, they do not warrant denial of Kholi's motion.

"There is no need to credit Mr. Kholi with veracity[,]" writes Thompson (Response at p. 6, ¶ 14). This sort of *ad hominem* attack is unnecessary to this motion. It is also unsupported by any evidence. The Court should disregard it.

V.     EX. A AND THE KHOLI DECLARATION ARE EVIDENCE TENDING TO PROVE A POSSIBLE FORGERY OR FRAUD.

Thompson rejects Kholi's argument that Ex. D-1 is an altered document as lacking in evidence. Response at pp. 6-7, ¶¶ 15-17. In this context, Thompson argues Kholi "has failed to satisfy the fraud pleading requirements of Federal Rules of Civil Procedure 9(b)."

Thompson is mistaken. Rule 9(b) applies to pleadings (such as complaints), not Rule 60(b) motions.

Ex. A itself is evidence that Ex. D-1 is a false or altered document. When juxtaposed with Ex. D-1, one clause stands out glaringly: the personal guaranty, whose language is completely different in two otherwise-identical agreements. A strong inference of alteration exists by virtue of this comparison alone. Further, Mr. Kholi's declaration swears he realized that, on comparing the two, he believed Ex. D-1 to be a fabricated version of the parties' true agreement. Kholi dec., ¶ 3. This, too, is evidence

4

(albeit controverted by Mr. Thompson's declaration, which denies any alteration).

VI.   A STAY OF COLLECTION ACTION IS PROPER AND NECESSARY IN ORDER TO PRESERVE THE COURTS' JURISDICTION OVER THIS CASE AND THE KHOLI APPEAL.

Thompson argues this motion provides no reason for the Court to suspend Thompson's pending levies because discovery taken nearly two years ago was to the effect Mr. Kholi's then-"gross payroll monthly" was "approximately $9 million a month" and he owned real estate exceeding $10 million in value.  Response at pp. 7-8, ¶ 19.

This data is stale and a far cry from the truth of Kholi's financial condition today. Many Americans have suffered a precipitous decline in income and net worth since 2008, Mr. Kholi among them.  He has sworn without contradiction that a levy would cripple his business and disable him from being able to defend himself in further litigation.  Were Thompson in possession of any current data which would undermine this sworn statement, he would presumably provide it to the Court.  He has not done so.  He cannot do so.

Thompson complains that Kholi's "efforts at delay continue."  Response at p. 9, ¶ 23.  Kholi understands that Thompson would dearly love to collect millions of dollars and ride into the sunset.  This desire, however fervent, does not abrogate Kholi's right to defend himself and his assets in this Court and in the Fifth Circuit (which has ordered Kholi's opening brief filed on July 7).

VII.   CONCLUSION.

For all the foregoing reasons, the Court should rule it is inclined to grant the motion in the event of remand by the Fifth Circuit, stay all collection action pending appeal and a ruling on this motion, and/or set an evidentiary hearing on the matter following the compelled production of all original versions of the Agreement by the parties.

                                 Respectfully submitted,


Dated: June 25, 2010          By:   /s/Dan Lawton_____
                                    DAN LAWTON

5

State Bar No. 127342
LAWTON LAW FIRM
402 West Broadway, Suite 1860
San Diego, CA 92101
Telephone:    (619) 595-1370
Facsimile:    (619) 595-1520

Attorneys for Plaintiff Sam Kholi Enterprises,
Inc. and Third-Party Defendant Sam Kholi

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2010, I electronically filed the

foregoing:

(1)     **REPLY MEMORANDUM OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI IN SUPPORT OF THEIR MOTION FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL; and**

(2)     **DECLARATION OF DAN LAWTON IN SUPPORT OF MOTION OF PLAINTIFF SAM KHOLI ENTERPRISES, INC., AND THIRD-PARTY DEFENDANT SAM KHOLI FOR INDICATIVE RULING ON MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. PROC. 60(B) AND FOR A STAY OF COLLECTION ACTION PENDING RULING ON THIS MOTION AND PENDING APPEAL**

with the Clerk of Court using the CM/ECF system which will send notification of such

filing to the following:

ATTORNEYS FOR DEFENDANT:

Jack R. Crews, Esq.
BAIRD, CREWS, SCHILLER & WHITAKER, P.C.
15 North Main Street
Temple TX 75601
Telephone: (254) 774-8333
Facsimile: (254) 774-9353

Michael G. Cosby, Esq.
PAKIS, GIOTES, PAGE & BURLESON, P.C.
801 Washington Avenue, Suite 800
Waco, TX 76701-1289
Telephone: (254) 297-7300
Facsimile: (254) 297-7301

                                    /s/Dan Lawton_____
                                    DAN LAWTON