IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC.,<br>Plaintiff,<br><br>v.<br><br>TOM R. THOMPSON, D/B/A<br>THOMPSON TRUCKING,<br>Defendant. | § § § § § § § § § | CIVIL ACTION NO. W-08-CV-105 |

## ORDER

Before the Court is the "Motion of Plaintiff Sam Kholi Enterprises, Inc., and Third-Party Defendant Sam Kholi in Support of Motion for Indicative Ruling on Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) and for a Stay of Collection Action Pending Ruling on this Motion and Pending Appeal." Having considered the Motion, the Response, the Reply thereto, and applicable legal authority, the Court finds that the Motion should be denied.

I.    **Factual Background**

This case arises out of the attempted sale of a trucking business. In 2007, Sam Kholi Enterprises, Inc. ("Kholi Enterprises"), which is owned and operated by Sam Kholi ("Kholi"), expressed interest in purchasing Thompson Trucking from Tom Thompson ("Thompson"). The parties negotiated the proposed sale via email and telephone for several months. In October 2007, they signed a written contract, the contents of which are now disputed.

1

The parties' relationship soured, and, in April 2008, Kholi Enterprises sued, claiming fraudulent inducement and breach of contract. Thompson filed a counterclaim for breach of contract and brought a third-party claim against Kholi individually, based on a personal guaranty clause contained in the contract. In his response, Kholi admitted that he had signed the guaranty clause. Kholi subsequently moved for summary judgment, relying on a contract that contained the personal guaranty clause. Kholi's motion was granted in part and denied in part.

In June 2009, the case proceeded to trial, during which the contract containing Kholi's personal guaranty was admitted into evidence without any objection. The jury returned a verdict in favor of Thompson, and the Court rendered a judgment in accordance with the verdict. Kholi appealed.

Kholi now claims that his assistant, Laverne Kato ("Kato"), recently discovered an alternative version of the contract while searching storage boxes at Kholi's office in San Diego, California. This version of the contract does not contain the personal guaranty clause. Kholi alleges that it was the document he signed in October 2007 and intended to be the final expression of his agreement with Thompson.

Kholi requests relief from the judgment under Federal Rule of Civil Procedure 60(b). He argues that the document qualifies as newly discovered evidence under Rule 60(b)(2) and that he is entitled to relief under Rule 60(b)(3) because Thompson relied on a forged document at trial. He also requests a stay from the collection proceedings during the pendency of this motion and his appeal.

II.     Rule 60(b)

Rule 60(b) sets out multiple grounds for relief from a final judgment. The decision to grant the movant relief under this Rule "lies within the sound discretion of the trial court." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). However, "Rule 60(b) is an 'extraordinary' remedy; courts are disinclined to disturb final judgments except when necessary." *Rive v. Briggs of Cancun, Inc.*, 82 Fed. Appx. 359, 368 (5th Cir. 2003).

   A.    *Newly Discovered Evidence Under Rule 60(b)(2)*

Under Rule 60(b)(2), the court may relieve a party from a final judgment upon a showing of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). To prevail under this Rule, the movant must establish that it exercised due diligence in obtaining the information and that the evidence is material, controlling, and clearly would have produced a different result if present before the original judgment. *See Hesling*, 396 F.3d at 639.

In this case, Kholi cannot prevail under Rule 60(b)(2), because the alternative version of the contract is not "newly discovered" evidence. Where the movant had possession of the evidence prior to the entry of judgment but did not locate it until afterwards, the evidence is not "newly discovered" and does not entitle the movant to relief. *See Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 371 n.3 (8th Cir. 1994) (stating that the movant's discovery of a carelessly-filed document after the entry of

judgment was likely not sufficient under Rule 60(b)(2)) ; *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) ("[E]vidence cannot be 'newly discovered' under Rule 60(b)(2) if it is in possession of the moving party or that party's attorney prior to the entry of judgment."). Here, Kato claims that she found the alternative version of the agreement while searching storage boxes for an unrelated file. Kholi now states that this document was the version he signed in October 2007. If Kholi's testimony is true, he must have been in possession of the document since 2007, well before the entry of judgment in 2009. Consequently, the document cannot be "newly discovered" and is not sufficient to satisfy Rule 60(b)(2).

Furthermore, even assuming that the evidence would be "newly discovered," Kholi has failed to establish that he exercised due diligence in locating the document. "Certainly the bare minimum of diligence necessary under Rule 60(b)(2) requires a party to be familiar with the documents that are in its possession." *Jordan v. Am. Suzuki Motor Co.*, No 2:07cv66-KS-MTP, 2007 WL 3231651, at *4 n.1 (S.D. Miss. Oct. 30, 2007). Accordingly, the Fifth Circuit has indicated that the movant has not exercised due diligence if it failed to located documents to which it had access. *See, e.g., Longden v. Sunderman,* 979 F.2d 1095, 1102–03 (5th Cir. 1992) (stating that the mere fact that the evidence was located in the movant's files was sufficient to deny the motion); *Johnson Waste Materials v. Marshall*, 611 F.2d 593, 598 (5th Cir. 1980). Here, Kholi has failed to establish that he acted with due diligence in locating the document. The document was found in storage boxes in his

office. A careful and thorough review of his own files would have revealed the document that he claims "would have totally changed the outcome during at trial" by "eliminat[ing] the sole basis for the judgment." Reply Mem. at 2. Kholi has neither explained why the storage boxes were not searched for relevant files while the suit was pending nor has he offered any reason why the Court should excuse his own careless filing system.

Instead, Kholi argues that the Court should find that he acted diligently because he filed his motion within one year after entry of the judgment, as required by Rule 60(c)(1). But the timeliness of the motion is separate and distinct from its merits. Rule 60 requires both diligence in obtaining the evidence *and* the filing of the motion within one year. *See* Fed. R. Civ. P. 60(b)(2) & (c)(1). Kholi's interpretation would read the due diligence requirement out of the Rule. Therefore, because Kholi has not explained his failure to discover relevant documents in his own possession, he has failed to establish that he acted with due diligence. Kholi is not entitled to relief under Rule 60(b)(2).

B.   *Fraud or Misconduct Under Rule 60(b)(3)*

Rule 60(b)(3) allows a movant to seek relief from a final judgment based on "fraud..., misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). To prevail, the movant must establish, by clear and convincing evidence, that: (1) the opposing party engaged in fraud or other misconduct; and (2) that the fraud or misconduct prevented the movant from fully and fairly presenting its case.

5

*See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). In this case, Kholi is not entitled to relief under Rule 60(b)(3), because he has failed to establish both of these requirements.

First, Kholi has not met his burden of showing that Thompson engaged in fraud or other misconduct by clear and convincing evidence. The only evidence offered by Kholi is the alternative version of the contract and Kholi's declaration that that document represents the parties' true agreement. The alternative version of the contract is entitled little probative value, if any. Although this document could be the version that the parties signed in October 2007, it is equally likely that the version admitted at trial is accurate and the recently discovered document is the forgery. Furthermore, Kholi's self-serving declaration is unconvincing. That Kholi, who has represented himself as a sophisticated businessman managing multimillion dollar corporations, would forget that he did not give a personal guaranty strains the limits of credibility, especially when coupled with his previous admission that he had signed a personal guaranty. See Original Answer of Sam Kholi, Third Party Defendant and of Sam Kholi Enterprises, Inc. as Counter-Defendant at 2. This meager evidence is clearly insufficient to meet Kholi's evidentiary burden.

On the other hand, Thompson has offered persuasive evidence showing that the version of the contract admitted at trial is an accurate representation of the parties' agreement. Thompson has identified an email from Kholi's attorney that states, "Sam's personal guaranty can be on all paperwork . . . ." See Ex. 7 to Resp.

(admitted into evidence as Ex. D-48). Additionally, another email proffered by Thompson instructs Kholi to sign the final page of the agreement in three places. See Ex. 5 to Resp. (admitted into evidence as Ex. D-26). The version of the contract admitted at trial also has three places for Kholi's signature, but the alternative version has only two. These contemporaneous communications corroborate Thompson's assertions, and Kholi has no explanation for these emails. Thus, Kholi has failed to prove by clear and convincing evidence that Thompson has engaged in fraud or misconduct.

Moreover, even assuming that Kholi had proven that Thompson committed misconduct, he has failed to establish that Thompson's actions prevented him from fully and fairly presenting his case. Case law has repeatedly emphasized that fraud or other misconduct does not prevent the movant from presenting his case if he had "independent access" to the information at issue. *See Halliburton Energy Servs., Inc. v. NL Indus.*, 618 F. Supp. 2d 614, 641 (S.D. Tex. 2009). *See also Williams v. Thaler*, 603 F.2d 291, 312 (5th Cir. 2010) (holding that a prisoner had not been prevented from presenting his case where the State withheld subpoenas requesting documents to which the prisoner had "equal–if not greater–access").

The Fifth Circuit's decision in *Diaz v. Methodist Hospital*, 46 F.3d 492 (5th Cir. 1995), is instructive here. In *Diaz,* defense witnesses in a medical malpractice case testified at trial that a certain laboratory test was unavailable on the weekends. *See id.* at 495. After the jury delivered a verdict for the defendants, the plaintiff obtained

an affidavit from another doctor stating that the testing was available on the weekends. *Id.* She moved for relief from the judgment under Rule 60(b)(3), claiming that the witnesses' testimony amounted to perjury. *Id.* However, the Fifth Circuit held that relief was not appropriate, because the plaintiff had not been prevented from fully and fairly presenting her case. *Id.* at 497. The court stated that she had "independent access" to the information and that "it was likely that a more focused effort by [the plaintiff] could have uncovered this evidence prior to trial." *Id. Cf. Rozier v. Ford Motor Co.*, 573 F.2d 1332 (5th Cir. 1978) (finding an abuse of discretion where the alleged fraud concerned information within the exclusive purview of the opposing party).

Similarly, Kholi had independent access to the alternative version of the contract in this case. Kholi does not allege that Thompson failed to produce evidence or had altered documents within his exclusive control. Indeed, a copy of the alternative version of the contract has been in Kholi's possession during the pendency of the suit. Like the plaintiff in *Diaz*, had Kholi performed a more diligent and thorough search of his own files prior to trial, he would have likely discovered the document. Thus, because Kholi had access to the evidence, he cannot show that any misconduct by Thompson impeded his ability to fully and fairly present his case. He is not entitled to relief under Rule 60(b)(3).

## III. Stay of Collection Proceedings

In addition to seeking relief from the final judgment under Rule 60(b), Kholi

seeks to stay the collection of the judgment pending the Court's ruling on his motion and pending appeal. As explained above, the Court is of the opinion that Kholi's motion should be denied. Moreover, the Fifth Circuit dismissed Kholi's appeal on July 8, 2010, pursuant to his unopposed motion. Consequently, imposing a stay on the collection of the judgment would not be appropriate.

IV.  Conclusion

Kholi is not entitled to relief under either Rule 60(b)(2) or (b)(3). He has failed to show by clear and convincing evidence that Thompson engaged in fraud or other misconduct. Furthermore, even assuming that he had met his evidentiary burden, his own failure to discover a relevant document in his own possession is fatal to his requests for relief from the final judgment. Accordingly, it is

**ORDERED** that the Motion for an Indicative Ruling on Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) and for a Stay of Collection Action Pending Ruling on this Motion and Pending Appeal is **DENIED**.

SIGNED this 20° day of August, 2010.

_____
WALTER S. SMITH, JR.
UNITED STATES DISTRICT JUDGE