IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SAM KHOLI ENTERPRISES, INC.<br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>TOM R. THOMPSON d/b/a THOMPSON TRUCKING,<br>    Defendant/Counter-Plaintiff<br><br>v. | Case No.: W-08-CA-105 |

**SAM KHOLI AND SAM KHOLI ENTERPRISES, INC.'S OPPOSITION TO
TOM R. THOMPSON D/B/A THOMPSON TRUCKING'S
<u>APPLICATION FOR POST-JUDGMENT TURNOVER RELIEF</u>**

TO THE HONORABLE WALTER S. SMITH, JR., UNITED STATES DISTRICT JUDGE:

Tom R. Thompson d/b/a Thompson Trucking ("Mr. Thompson") has made an application for post-judgment turnover relief pursuant to Federal Rule of Civil Procedure 69 and Texas Civil Practice and Remedies Code section 31.002. In so doing, Mr. Thompson has requested this Court issue an order turning over the judgment and/or settlement proceeds of three legal actions brought by Sam Kholi ("Mr. Kholi") and/or Sam Kholi Enterprises, Inc. ("SKE") as follows: (1) *Sam Kholi Enterprises, Inc. v. Tom R. Thompson dba Thompson Trucking, et al.* pending in the United States District Court for the Southern District of California, Case No.: 3-11-cv-0177-w-jma (the "Jones Case"); (2) *Sam Kholi Enterprises, Inc., et al. v. Comsys Services, LLC, et al.* filed in the United States District Court for the Southern District of California, Case No.: 3:11-cv-00970-w (the

"Comsys Case"); and (3) *Sam Kholi v. Steven Gregory White, et al.* filed in the 250th District Court of Travis County, Texas, Case No.: D-1-GN-10-004361 (the "Malpractice Case").

With respect to each of these cases, Mr. Thompson's application for post-judgment relief must be denied as a matter of law as discussed in more detail below:

### I. Thompson's First Request for Turnover Relief Should Be Denied.

Mr. Thompson brings the instant Application for Turnover Relief based upon Texas Civil Practice and Remedies Code section 31.002. Before a trial court may grant relief under Section 31.002(b), the conditions of Section 31.002(a) must exist as follows: (1) the entity that is to receive aid must be a judgment creditor; (2) the court that would grant aid must be one of appropriate jurisdiction; (3) the aid to be given must be in order to reach property to obtain satisfaction on the judgment; and (4) the judgment debtor must own property that cannot be readily attached or levied on by ordinary legal process and is not exempt from attachment, execution, or seizure for satisfaction of liabilities. [Tex. Civ. Prac. And Rem. C. § 31.002 citing *Tanner v. McCarthy* 274 S.W.3d 311, 322 (Tex App., Houston [1st Dist] 2008]. Here, Mr. Thompson's Application for turnover of the Jones Case does not meet the necessary statutory prerequisites.

Namely, ". . .the court that would grant aid must be one of appropriate jurisdiction. . ." This Court is not a court of appropriate jurisdiction to order the turnover of the Jones Case, because the Jones Case is pending in the United States District Court for the Southern District of California. This Court does not have jurisdiction to compel any action in a lawsuit pending in the Southern District of California. Moreover, this Court does not have any jurisdiction to compel transfer of any property, whether real or tangible, which is located within the State of California. Instead, Mr. Thompson must

bring the instant Application before a court of competent jurisdiction located within the State of California. Mr. Thompson's Application for the turnover of the Jones Case must be denied.

## II. Thompson's Second Request for Turnover Relief Should Be Denied

As set forth in Exhibit "B" attached to Mr. Thompson's moving papers, the Comsys Case is pending before the United States District Court for the Southern District of California. Just as with the Jones Case, this Court does not have jurisdiction to order the turnover of any settlement or proceeds of a legal action pending in California, nor does this Court have jurisdiction over Mr. Kholi or SKE's tangible personal property located within the State of California. As a result, Mr. Thompson's Application for turnover of the Comsys Case should be denied.

Moreover, Texas Civil Practice and Remedies Code section 31.002 holds that the entity that is to receive aid must be a judgment creditor. Here, as set forth in Exhibit "B" attached to Mr. Thompson's moving papers, SKE is not the only plaintiff in the Comsys Case. To the contrary, Payrolling.com Corp. is also a plaintiff in the Comsys Case. Mr. Thompson is not a judgment creditor of Payrolling.com Corp. Thus, to the extent a settlement and/or judgment is entered in favor of Payrolling.com Corp. in the Comsys Case, Mr. Thompson is not entitled to any turnover order.

## III. Thompson's Third Request for Turnover Relief Should Be Denied

Through his Application, Mr. Thompson improperly requests this Court assign the settlement and/or judgment proceeds from the Malpractice Case to him. As a matter of law, this request must be denied. As Exhibit "C" attached to Mr. Thompson's Application establishes, the Malpractice Case is an action for professional negligence filed against Mr. Kholi and SKE's attorneys in this case – Steven Gregory White and Jeff Armstrong of Naman, Howell, Smith & Lee, P.L.L.C. The Court of

Appeal of Texas, San Antonio, has expressly held that the assignment of a legal malpractice action arising from litigation **invalid**. [*Zuniga v. Groce, Locke, & Hebdon, APC*, (1994) 878 S.W.2d 313].

Here, Mr. Thompson is requesting this Court assign to him Mr. Kholi and SKE's interest in the Malpractice Case filed against their previous attorneys. Mr. Thompson's Application makes a bold-faced assertion that the "...opinions to the contrary [under Texas law] are not applicable to facts of this order," with absolutely no argument or authority in support of such a position. Mr. Kholi and SKE strongly dispute Mr. Thompson's unsupported contention, and would ask the Court to consider the large body of case law supporting the contention that legal malpractice claims are not, and should not, be assignable under Texas law.

Starting with *Zuniga*, the Court of Appeal of Texas expressly addressed the issue of whether a client may assign his cause of action for legal malpractice arising out of litigation. The answer: "...we [the Court of Appeal of Texas] hold that he may not." [*Id.* at 313].

Furthermore, in making its determination, the Court found that in most jurisdictions one cannot assign a cause of action for legal malpractice, and concurred with the policy determinations reasoned by those Courts. [*Id.* citing *Schroeder v. Hudgins* 142 Ariz. 395 (Ct. App. 1984); *Goodley v. Wank & Wank, Inc.* 62 Cal.App.3d 389 (1976); *Roberts v. Holland & Hart* 857 P.2d 492. 495-96 (Colo Ct. App. 1993); *Washington v. Fireman's Fund Ins. Co.* 459 So.2d 1148 (Fla. Dist. Ct. App. 1984); *Brocato v. Prairie State Farmers Ins. Ass'n* 166 Ill.App.3d 986 (1988); *Picadilly, Inc. v. Raikos* 582 N.E.2d 338, 339-45 (Ind. 1991); *Bank IV Wichita Nat'l Assn. v. Arn, Mullins, Unruh, Kuhn & Wisson* 250 Kan. 490 (1992); *Coffey v. Jefferson County Bd. Of Educ.* 756 S.W.2d 155 (Ky. Ct. App. 1988); *Joos v. Drillock* 127 Mich.App. 99 (1983); *Wagener v. McDonald* 509 N.W.2d 188

(Minn Ct. App. 1993); *Chafee v. Smith* 98 Nev. 222 (1982) ; Francis M. Dougherty, Annotation, *Assignability of Claim for Legal Malpractice*, 40 A.L.R. 684 (1985)].

"Ordinarily, a nonclient cannot sue a lawyer for malpractice because there is no privity of contract." [*Id.* at 314]. Thus, the question becomes whether a client, who is in privity with the lawyer, may assign his cause of action to someone who lacks privity and thereby enable the assignee to bring the malpractice lawsuit. [*Id.* at 314]. Just as in *Zuniga*, the question in this case is whether to allow Mr. Kholi and SKE to "sell off" their claims to Mr. Thompson in partial and/or full satisfaction of his judgment against them. [*Id.* at 314 citing *Picadilly, Inc. v. Raikos*, supra, at 345]. In short, the answer is no. ". . .Texas legal malpractice actions arising out of litigation should not be assignable." [*Id.* at 314].

There are also cases in which the plaintiff has sought to obtain the right to bring the malpractice action by using post-judgment collection devices. In *Chaffee v. Smith*, 98, Nev. 222 (1982), the plaintiff obtained a default judgment and then levied execution on defendant's assets, which included the malpractice action against the defense attorney. The court disallowed this attempt by a judgment creditor to obtain the right to bring the malpractice suit. Similarly, in *Charles v. Tamez* 878 S.W.2d 201 (Tex. App., Corpus Christi, 1994), the court denied a plaintiff the right to require turnover of a legal malpractice action that the client had not asserted and whose validity the client denied.

In holding that a malpractice case involving litigation cannot be assigned, the Court of Appeal of Texas properly reasoned that:

> "In each assigned malpractice case, there would be a demeaning reversal of roles. The two litigants would have to take positions diametrically opposed to their

positions during the underlying litigation because the legal malpractice case requires a 'suit within a suit.' To prove proximate cause, the client must show that his lawsuit or defense would have been successful 'but for' the attorney's negligence. *See Millhouse v. Wiesenthal 775 S.W.2d 626, 627 (Tex. 1989)*; David Beck, *Legal Malpractice in Texas*, 43A Baylor L.Rev. 1, 60-62 (1991)." [*Zuniga v. Groce, Locke & Hebdon*, supra].

As a result, the Court of Appeal of Texas, San Antonio, expressly held: "On balance, **_we conclude that the costs to the legal system of assignment outweigh its benefits_**. We hold that an assignment of a legal malpractice action arising from litigation is invalid." [*Id.*][Emphasis added]. Thus, as a matter of law, Mr. Kholi and SKE's Malpractice Case against their attorneys in this case cannot and should not be assigned or "turned over" to Mr. Thompson. Mr. Thompson's Application with regard to this case must be denied.

## PRAYER

WHEREFORE, Mr. Kholi and Sam Kholi Enterprises, Inc. respectfully pray that this Court deny Mr. Thompson's Application for Turnover Relief, that the Court does <u>not</u> order Sam Kholi and Sam Kholi Enterprises, Inc. to turnover (1) Sam Kholi/Sam Kholi Enterprises Inc.'s entire interest in any judgment, payment of judgment or settlement in the Jones Case currently pending in the United States District Court for the Southern District of California, Case No.: 3:11-cv-00177-w-por; (2) Sam Kholi/Sam Kholi Enterprises, Inc.'s entire interest in any judgment, payment of judgment or settlement in the Comsys Case currently pending in the United States District Court for the Southern District of California, Case No.: 3:11-cv-00970-w; and (3) Sam Kholi and Sam Kholi Enterprises, Inc.'s entire interest in the Malpractice Action and all causes of action (whether pleaded or not) in the Malpractice Action currently pending in the 250th District Court of Travis County, Texas. Moreover, since Mr. Thompson cannot prevail with regard to his Application for Turnover

Relief as set forth herein and because absolutely no evidentiary support is provided, Mr. Kholi and Sam Kholi Enterprises, Inc. respectfully request this Court deny Mr. Thompson's request for reasonable costs, including attorney's fees.

Respectfully submitted,

/s/ Christian J. Hack

Christian J. Hack
State Bar No.: 24041032
Peter K. Rusek
State Bar No.: 17400400
SHEEHY, LOVELACE, & MAYFIELD, P.C.
510 N. Valley Mills Drive, Suite 500
Waco, Texas 76710
Telephone: (254) 772-8022 Facsimile: (254) 772-9297

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing "Sam Kholi and Sam Kholi Enterprises, Inc.'s Opposition to Tom R. Thompson d/b/a Thompson Trucking's Application for Post-Judgment Turnover Relief" has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorneys(s) of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 8th day of November, 2011, addressed to:

Jack R. Crews
J. Morgan Driscoll
Baird, Crews, Schiller & Whitaker, P.C.
15 North Main Street
Temple, Texas 75601
(254) 774-8333
Fax: (254) 774-9353
Email: jackcrews@bcswlaw.com

Daniel Anthony Lawton
Lawton Law Firm
402 West Broadway, St. 1860
San Diego, CA 92101
(619) 595-1406
Fax: (619) 595-1520
Email: dlawton@lawtonlaw.com