

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC.,<br>    Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. W-08-CA-105 |
| TOM R. THOMPSON d/b/a/<br>THOMPSON TRUCKING,<br>    Defendant. | § § § § | |

## O R D E R

Defendant Tom R. Thompson d/b/a Thompson Trucking ("Thompson" or "Defendant") seeks post-judgment turnover relief in order to satisfy the judgment against Plaintiff Sam Kholi Enterprises, Inc. ("Kholi" or "Plaintiff"). Thompson does not seek real property, but transfer of ownership of three lawsuits filed by Kholi – two in California and one in Texas. Having reviewed the parties' briefs, the file in this case, and the applicable legal authority, the Court is persuaded the motion should be denied.

Execution of a federal judgment is governed by Rule 69 of the Federal Rules of Civil Procedure. Under Rule 69, proceedings in aid of judgment or execution must accord with the procedures of the state court where the court is located, unless a federal statute governs. Generally, under Texas law, causes of action are assignable, and may be subject to seizure to satisfy a judgment under the appropriate circumstances. *Tate v. Goins, Underkofler, Crawford & Langdon*, 24

S.W.3d 627 (Tex.App.–Dallas, 2000); TEX. PROP. CODE ANN. § 12.014 (Vernon Supp. 2011). Section 31.002 of the Texas Civil Practice and Remedies Code provides the requirements for a turnover order -- a judgment creditor may receive turnover relief to satisfy a judgment "from a court of appropriate jurisdiction . . .if the judgment debtor owns property . . . that: (1) cannot readily be attached or levied on by ordinary legal process; and (2) is not exempt from attachment, execution , or seizure for the satisfaction of liabilities." TEX. CIV. PRAC. & REM. CODE ANN. §31.002(a) (Vernon 2011).

Kholi first argues that this Court is not a court of "appropriate jurisdiction" as to the two California cases. Ordinarily, a party seeking to enforce a judgment in another state has that judgment filed as a foreign judgment in the other state and then seeks assistance through that court to satisfy the judgment. The property at issue, the two California lawsuits, are not within the jurisdiction of this Court to subject to a turnover order.

As to the third lawsuit, the Texas malpractice case, the Texas courts have determined that such suits are not subject to assignment. *See Britton v. Seale*, 81 F.3d 602 (5th Cir. 1996); *Mallios v. Baker*, 11 S.W.3d 157 (Tex. 2000); *Wright v. Sydow*, 173 S.W.3d 534 (Tex.App.–Houston [14[th] Dist.] 2004, writ denied). This is because "the costs to the legal system outweigh the benefits." *Tate*, 24 S.W.3d at 633.

> [T]o allow assignments would exact high costs: the [assigning party] would be able to drive a wedge between the [other party's] attorney and his client by creating a conflict of interest; in time, it would become increasingly risky to represent the underinsured, judgment proof [party]; and the malpractice case would cause a reversal of the positions taken by each set of lawyers and clients, which would embarrass and demean the legal profession.

*Zuniga v. Groce, Locke & Hebdon*, 878 S.W.2d 313, 317 (Tex.App.–San Antonio, 1994, writ ref'd).  While the Texas Supreme Court countenanced a partial assignment of a malpractice claim in the *Mallios* case, it did not reach the question of whether the agreement violated public policy.  The Court found that summary judgment was improper under the facts of the case because, even if the assignment was invalid, it did not vitiate the plaintiff's right to pursue his own malpractice claim.  There is no partial assignment attempted in this case – Defendant seeks assignment of the entire cause of action.  Under Texas law, such an assignment is not valid.  In light of the foregoing, it is

**ORDERED** that Thompson's Application for Post-Judgment Turnover Relief is **DENIED**.

SIGNED this 25' day of January, 2012.

_____
**WALTER S. SMITH, JR.**
**United States District Judge**