IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SAM KHOLI ENTERPRISES, INC., <br> Plaintiff <br><br> v. <br><br> TOM R. THOMPSON d//b/a THOMPSON TRUCKING, <br> Defendant <br><br> v. <br><br> SAM KHOLI, <br> Third-Party Defendant. | Civil Action No. W-08-CA-105 |

## MOTION TO ENFORCE

Defendant/Third Party Plaintiff and Judgment Creditor, Tom R. Thompson d/b/a Thompson Trucking ("Thompson") files this Motion to Enforce pursuant to Fed. R. Civ. P. 70 and Fed. R. Civ. P. 71 seeking to enforce 1) the Court's October 23, 2009 Amended Judgment against Sam Kholi Enterprises, Inc. and Sam Kholi, Individually [Document 99], and 2) the Court's February 22, 2010 Order [Document 110] on Defendant's Motion to Permit Judgment Registration and Application for Post-Judgment Turnover, Receivership & Injunctive Relief [Document Number 105] and Defendant's Motion to Compel Discovery in Aid of Judgment [Document 106], and respectfully states:

### *Introduction of Parties*

1. Thompson previously submitted to this Court's jurisdiction and venue in this matter.

2. Sam Kholi Enterprises, Inc. previously submitted to this Court's jurisdiction and venue in this matter, and is subject to this Court's continuing jurisdiction as a Judgment Debtor. Service of process will be accomplished through its attorneys of record in accordance with Fed. R. Civ. P. 5(b)(1).

3. Sam Kholi, Individually, previously submitted to this Court's jurisdiction and venue in this matter, and is subject to this Court's continuing jurisdiction as a Judgment Debtor. Service of process will be accomplished through his attorneys of record in accordance with Fed. R. Civ. P. 5(b)(1).

4. Thompson includes Pierre El-Khoauli in this motion pursuant to Fed. R. Civ. P. 71, which was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action. *Lasky v. Quinlan*, 558 F2d 1133, 1137 (2nd Cir. 1977), *citing* 7 J. MOORE, FEDERAL PRACTICE, P 71.02 (1975). El-Khoauli is subject to this Court's continuing jurisdiction to enforce its judgments and orders as the transferee of a fraudulent transfer from a Judgment Debtor subject to this Court's continuing jurisdiction. Pursuant to Fed. R. Civ. P. 71, Thompson respectfully requests that citation issue and be served personally upon El-Khoauli at his last known address located at 18730 Polvera Drive, San Diego, San Diego County, California 92128-1133.

5. Thompson includes Rhode Island Center, Inc. in this motion pursuant to Fed. R. Civ. P. 71 for the same reasons as stated in paragraph four, above. Rhode Island Center, Inc. is subject to this Court's continuing jurisdiction to enforce its judgments and orders as the transferee of a fraudulent transfer from a Judgment Debtor subject to this Court's continuing jurisdiction. Pursuant to Fed. R. Civ. P. 71, Thompson respectfully requests that citation issue and be served upon its Registered Agent, Pierre El-Khoauli, at 11301 Interstate 40 East, Amarillo, Potter County, Texas 79118.

### *Background and Facts*

6. Thompson was awarded a judgment against Sam Kholi Enterprises, Inc. ("SKE") and Sam Kholi, Individually ("Kholi"), in excess of $2,479,428.08 [Document 99]. Thompson has diligently

pursued collection of the judgment, but has been continuously delayed by Kholi in his capacity as the sole shareholder of SKE and individually. Kholi, acting in his capacity as the sole shareholder of SKE and individually, has on numerous occasions evaded post-judgment discovery, acted to delay Thompson's collection of his judgment, and ignored this Court's orders regarding collection. For example, to date, Kholi and SKE have failed to turn over all indicia of ownership of stock in SKE pursuant to the Court's February 22, 2010 Order, which instructed them to do so, among other things [Document 110]. Due to Kholi's repeated failure to comply with the Court's post-judgment discovery orders, the Court granted Thompson's request for sanctions against Kholi [Document 125]. Nevertheless, Kholi continues to evade Thompson's collection of his judgment. To date, the amount owed by Kholi and SKE has only been credited in the amount of $54,915.63.

7. Kholi's latest actions include fraudulently transferring property from his ownership with the intent to hinder, delay, and defraud this Court's October 23, 2009 Amended Judgment [Document 99]. Kholi's transfers are a fraud against Thompson's right to collect his judgment and a violation of this Court's October 23, 2009 Amended Judgment [Document 99]. Thompson urges this Court to enforce its October 23, 2009 Amended Judgment [Document 99] against SKE and Kholi, void the deeds and deeds of trust that resulted in the fraudulent transfer of SKE's real and personal property, and order the conveyance of the same real and personal property to Tom R. Thompson d/b/a Thompson Trucking in at least partial satisfaction of this Court's October 23, 2009 Amended Judgment [Document 99].

### *Fraudulently Transferred Property*

8. Pierre El-Khoauli encumbered certain real property owned by Sam Kholi Enterprises, Inc., and known as the Jesus Christ is Lord Travel Center, located at 0 Interstate 40 East, Amarillo, Potter

County, Texas 79118, and 11301 Interstate 40 East, Amarillo, Potter County, Texas 79118 with at least one deed of trust. *See* Ex. 1-A. Specifically, on August 3, 2009, Kholi, as the President of SKE, signed a Deed of Trust and Security Agreement in favor of Pierre El-Khoauli purportedly securing the payment of a promissory note in the amount of $1,150,000.00 (hereinafter referred to as the "Deed of Trust"). *Id.* The Deed of Trust was recorded on August 10, 2009 in the real property records of Potter County, Texas as Document Number 01156853 and in Volume 4139 at Page 474. *Id.*

9. On February 22, 2010, this Court entered its Order [Document 110] which granted as unopposed Defendant's Motion to Permit Judgment Registration and Application for Post-Judgment Turnover, Receivership & Injunctive Relief [Document 105]. Kholi and SKE have not turned over any of the items they were ordered to turnover, and have violated this Court's injunction by their actions described more fully below. *Id.* Further, on March 15, 2010, an Abstract of Judgment was issued by the Clerk of the United States District Court for the Western District of Texas. On March 23, 2010, Thompson recorded the Abstract of Judgment in the real property records of Potter County, Texas as Document Number 01170332 and in Volume 4202 at Page 77. Thompson's recording of the Abstract of Judgment perfected his Judgment Lien.

10. On December 14, 2010, an Appointment of Substitute Trustee was recorded in Potter County, Texas as Document Number 01186573 and in Volume 4279 at Page 645. *See* Ex. 1-C. The Appointment of Substitute Trustee was dated December 7, 2010, was signed by Pierre El-Khoauli on December 10, 2010, and appointed John A. Wise or Thomas Smith as Substitute Trustee of the aforementioned Deed of Trust. *Id.* Additionally, in the Appointment of Substitute Trustee, Pierre El-Khoauli requested that the Substitute Trustee foreclose the lien created by the Deed of Trust against the collateral pledged. *Id.* Also on December 14, 2010, John A. Wise, as Substitute

Trustee, "accelerated the debt evidenced by the Note and served a true and correct copy of the attached Notice of Foreclosure Sale" on Sam Kholi Enterprises, Inc. *See* Ex. 1-D. Mr. Wise's agent also posted Notice of Foreclosure Sale at the designated place for posting notices of non-judicial foreclosure sales in Potter County, Texas and recorded the same in the real property records of Potter County, Texas. *See* Ex. 1-E.

11. By Foreclosure Sale Deed dated January 4, 2011, John A. Wise, as Substitute Trustee, sold the real property encumbered by the Deed of Trust to Pierre El-Khoauli for consideration in the amount of $600,000.00. *See* Ex. 1-F. The Foreclosure Sale Deed was recorded in the real property records of Potter County, Texas as Document Number 01187673 and in Volume 4285 at Page 528. *Id.*

12. Upon information and belief, Pierre El-Khoauli conveyed the subject property to a corporation of which he is the sole shareholder and director. *See* Ex. 1-G and 1-H. According to the Potter-Randall Appraisal District, a warranty deed was recorded in Volume 4428 at Page 584 of the real property records of Potter County, Texas on February 24, 2011, which conveyed the subject property from El-Khoauli as Grantor to Rhode Island Center, Inc. as Grantee. Ex. 1-G. The online records of the Texas Secretary of State indicate that El-Khoauli is the sole shareholder and director of Rhode Island Center, Inc., as well as its Registered Agent. Ex. 1-H. Further, the address provided on the Potter-Randall Appraisal District's online information for Rhode Island Center, Inc. matches the last known address of El-Khoauli. Ex. 1-G.

### *Fraudulent Transfers Under Texas Business & Commerce Code Chapter 24*

13. The Texas Legislature has adopted the Uniform Fraudulent Transfer Act ("UFTA"), which is codified in Chapter 24 of the Texas Business & Commerce Code. Applying the UFTA to the facts of this case, it is clear that Kholi, as the sole shareholder of SKE and individually, has

fraudulently transferred the Jesus Christ is Lord Travel Center in Amarillo, Texas to Pierre El-Khoauli.

14. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor. Tex. Bus. & Com. Code § 24.005(a)(1). Section 24.005(b) provides a non-exclusive list of factors that may be considered in determining "actual intent" under Section 24.007(a)(1). Those factors include whether: the transfer was made to an insider; the debtor retained possession or control of the property transferred after the transfer; the transfer or obligation was concealed; before the transfer was made or the obligation incurred the debtor was sued or threatened with litigation; the transfer was of substantially all the debtor's assets; the debtor absconded; the debtor removed or concealed assets; the value received was reasonably equivalent to the value of the asset transferred; the debtor's insolvency; the transfer occurred shortly before or shortly after a substantial debt was incurred; and the debtor transferred the essential assets of the business to the lienor who transferred the assets to an insider of the debtor. Tex. Bus. & Com. Code §24.005(b)(1)-(11).

15. "Insider," as that term relates to a debtor who is an individual, is defined in the Act as a relative of the debtor or of a general partner of the debtor; a partnership in which the debtor is a general partner; a general partner of the debtor; or a corporation of which the debtor is a director, officer, or person in control. Tex. Bus. & Com. Code § 24.002(7). "Insider" as that term relates to a debtor that is a corporation also includes, among others, "a relative of a general partner, director, officer, or person in control of the debtor." *Id.* at §24.002(7)(B)(vi). The principal factors in determining insider status are (1) the closeness of the relationship between the transferee and the debtor and (2) whether the transactions were at arm's length. *Telephone Equip. Network v.*

*TA/Westchase Place*, 80 SW3d 601, 609 (Tex. App. – Houston [1st Dist.] 2002, no pet.) (citing *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 25-26 (Tex. App. – Tyler 2000, pet denied).

16. The circumstances and timing of the above-described transfers indicate that Kholi's intent was to delay and hinder the collection of the debt he owes Thompson by virtue of this Court's October 23, 2009 Amended Judgment [Document 99], and to further defraud Thompson of his right to collect on that judgment. The transfer was made to an insider. Upon information and belief Pierre El-Khoauli is a relative, as that term is defined in the Texas Business & Commerce Code, of Sam Kholi, who is the sole shareholder, director and officer of SKE. *See* Ex. 2 at Page 19, Line 22 through Page 20, Line 25; *See also* Tex. Bus. & Com. Code §§24.002(7), 24.002(11), and 24.005(b)(1). Upon information and belief, SKE has maintained possession and operation of the property conveyed to El-Khoauli despite the Substitute Trustee's foreclosure and El-Khoauli's purchase of the property at foreclosure sale. *See* Tex. Bus. & Com. Code §24.005(b)(2). The initial transfer (the recording of the Deed of Trust) occurred after this Court entered its Judgment on June 9, 2009 [Document 85] and before this Court entered its Amended Judgment on October 23, 2009 [Document 99]. *See* Tex. Bus. & Com. Code §24.005(b)(4). While the Jesus Christ is Lord Travel Center does not, alone, comprise substantially all of SKE's or Kholi's assets, it does comprise substantially all of SKE's and Kholi's assets located in the State of Texas. *See* Tex. Bus. & Com. Code §24.005(b)(5). Upon information and belief, SKE and Kholi removed or otherwise concealed assets, including trailers that were at one time stored on the real property in question. *See* Tex. Bus. & Com. Code §24.005(b)(7). The transfer occurred both shortly after and shortly before a substantial debt was incurred, namely the Court's original Judgment entered on June 9, 2009 [Document 85] and the Court's Amended Judgment on October 23, 2009 [Document 99]. *See* Tex. Bus. & Com. Code §24.005(b)(10).

17. Despite representations within the Deed of Trust to the contrary, Kholi admitted during his post-judgment deposition that the Deed of Trust was not granted for a present value. Ex. 2 at Page 111, Lines 24-25 through Page 112, Lines 1-15. Instead, it was made, according to Kholi's deposition testimony, to secure an antecedent debt. *Id.* A transfer is also fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent. Tex. Bus. & Com. Code §24.006(b). The transfer here was made to an insider (Khoauli) for an antecedent debt. Ex. 2 at Page 111, Lines 24-25 through Page 112, Lines 1-15. Despite his best efforts, Thompson cannot determine if Kholi was insolvent at the time. However, given the size of the debt to Thompson and other debts known to Thompson after investigation, such an assumption is not a far leap. Additionally, a debtor who is generally not paying the debtor's debts as they become due is presumed to be insolvent. Tex. Bus. & Com. Code §24.003. Also based on the size of the judgment against SKE and Kholi, and other debts known to Thompson, Khoauli likely had reasonable cause to believe that SKE and/or Kholi was insolvent.

18. Thompson has continuously worked to collect his $2,316,670.00 judgment plus post-judgment interest at the rate of .48%, attorneys' fees in the amount of $30,569.08, and pre-judgment interest in the amount of $132,189.00 since October 23, 2009 [Document 99]. Kholi has repeatedly violated this Court's orders and acted to hinder and delay Thompson's collection of his judgment. The above-described transfers are yet another attempt by Kholi to violate this Court's orders and evade Thompson's judgment.

*Conclusion*

19. Thompson respectfully requests that citation issue to Pierre El-Khoauli and Rhode Island Center, Inc., and that upon hearing, the Court enter an order enforcing its Amended Judgment [Document 99], voiding the fraudulent transfer of property located in Amarillo, Texas, and ordering the conveyance of the same real property, along with all of its fixtures, equipment, merchandise and other non-exempt personal property of any value to Thompson in at least partial satisfaction of his Judgment against Sam Kholi Enterprises, Inc. and Sam Kholi, Individually. Thompson additionally requests that, upon conveyance of the aforementioned property to Thompson, the Amended Judgment [Document 99] be credited in the amount of the appraised value as determined by the Potter-Randall Appraisal District, and as indicated in Exhibit 1-G. Thompson further requests that he be awarded costs incurred to bring this motion and reasonable attorney's fees as are equitable and just pursuant to Texas Business and Commerce Code Section 24.013.

Respectfully submitted,

BAIRD, CREWS, SCHILLER & WHITAKER, P.C.

/s/ Jack R. Crews
**JACK R. CREWS**
State Bar Card No.: 05072300
**J. MORGAN DRISCOLL**
State Bar Card No.: 24065166
**KEVIN K. BONNER**
State Bar Card No.: 24069398
15 North Main Street
Temple, TX 75601
Telephone: (254) 774-8333
Fax: (254) 774-9353

ATTORNEYS FOR TOM R. THOMPSON D/B/A
THOMPSON TRUCKING

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *"Motion to Enforce"* has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 12th day of October, 2012, addressed to:

ATTORNEYS FOR SAM KHOLI AND SAM KHOLI ENTERPRISES, INC.:

Mr. Christian J. Hack
Mr. Peter K. Rusek
Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Drive, Suite 500
Waco, Texas 76710
(254) 772-9297 (Fax)

> /s/ Jack R. Crews
> JACK R. CREWS