IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. W-08-CA-105 |
| TOM R. THOMPSON d//b/a THOMPSON | § | |
| TRUCKING, | § | |
| Defendant | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

**THOMPSON'S MOTION TO GRANT HIS MOTION TO ENFORCE AS TO
SAM KHOLI AND SAM KHOLI ENTERPRISES, INC. AS UNOPPOSED**
*and, in the alternative,*
**MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST
SAM KHOLI AND SAM KHOLI ENTERPRISES, INC.**

Tom R. Thompson d/b/a Thompson Trucking asks the Court to grant his Motion Enforce

[Document 143] as to against Sam Kholi and Sam Kholi Enterprises, Inc. (herein sometimes referred

to collectively as "Kholi") as unopposed as authorized by Rule CV-7(e)(2) of the Western District of

Texas Local Court Rules as both parties failed to file any responsive pleading.   In the alternative,

Thompson requests the entry of a Default and Default Judgment against Sam Kholi and Sam Kholi

Enterprises, Inc. pursuant to Fed. R. Civ. P. 55(a) and (b) because both failed to plead or otherwise

defend against Thompson's Motion to Enforce [Document 143].

## A.   INTRODUCTION

1.       Thompson filed a Motion to Enforce on October 12, 2012[Document 143].  Thompson

was awarded a judgment against Kholi, in excess of $2,479,428.08 [Document 99].  Thompson has

diligently pursued collection of the judgment, but has been continuously delayed by Kholi in his

capacity as the sole shareholder of SKE and individually.  Kholi's latest actions include fraudulently transferring property from his ownership with the intent to hinder, delay, and defraud this Court's October 23, 2009 Amended Judgment [Document 99].   Kholi's transfers are a fraud against Thompson's right to collect his judgment and a violation of this Court's October 23, 2009 Amended Judgment [Document 99].  Thompson's Motion to Enforce urges this Court to enforce its October 23, 2009 Amended Judgment [Document 99] against Kholi, void the deeds and deeds of trust that resulted in the fraudulent transfer of Kholi's real and personal property, and order the conveyance of the same real and personal property to Tom R. Thompson d/b/a Thompson Trucking in at least partial satisfaction of this Court's October 23, 2009 Amended Judgment [Document 99]. [Document 143]

2.      With respect to both Sam Kholi, individually, and Sam Kholi Enterprises, Inc. service of process of the Motion to Enforce was accomplished through their previous attorneys of record, Sheehy, Lovelace & Mayfield, P.C., in accordance with Fed. R. Civ. P. 5(b)(1).  However, no pleading or response of any kind has been filed with this Court.

3.      Thompson also included Pierre El-Khoauli and Rhode Island Center, Inc. in the Motion to Enforce pursuant to Fed. R. Civ. P. 71 [Document 143].  Thompson is still in the process of completing service against these parties.  This current motion is not extended to Mr. El-Khoauli or Rhode Island Center, Inc.

**B.      MOTION TO GRANT THOMPSON'S MOTION TO ENFORCE AS TO SAM KHOLI AND SAM KHOLI ENTERPRISES, INC. AS UNOPPOSED**

4.      Sheehy, Lovelace & Mayfield, P.C. ("Sheehy") filed a Notice of Appearance on behalf of Kholi on March 15, 2011[Documents 135-138].  At the time of filing the Motion to Enforce, the law firm of Sheehy was the counsel of record for Kholi.  Thompson properly served Sheehy with notice of the Motion to Enforce pursuant to Fed. R. Civ. P. 5(b)(1).

5.      Thereafter, Sheehy filed a Motion to Withdraw their representation of Kholi on October 29, 2012 [Document 149].  The Motion to Withdraw properly acknowledged the Motion to

Enforce filed by Thompson. [Document 149]  Additionally, the Motion to Withdraw indicated that a copy of the Motion to Enforce and attachment thereto were delivered by mail to Mr. Kholi. [Document 149]  The Motion to Withdraw was granted by this Court on November 16, 2012. [Document 150]

6.     Despite receiving proper service of Thompson's Motion to Enforce, no responsive pleading has been filed by Kholi.  Thompson requests that this Court grant the Motion to Enforce as to Sam Kholi and Sam Kholi Enterprises, Inc as unopposed pursuant to Rule CV-7(e)(2) of the Western District of Texas Local Court Rules.

## C.     MOTION FOR ENTRY OF A DEFAULT AND DEFAULT JUDGMENT AGAINST SAM KHOLI AND SAM KHOLI ENTERPRISES, INC.

7.     In the alternative and without waiving the foregoing, Thompson requests the entry of a Default and Default Judgment against Sam Kholi and Sam Kholi Enterprises, Inc. pursuant to Fed. R. Civ. P. 55(a) and 55(b)(2).  Thompson properly served both parties through their attorneys of record pursuant to Fed. R. Civ. P. 5(b)(1) and as more thoroughly explained above in paragraphs 4 and 5. No pleading or response of any kind has been filed with this Court by Sam Kholi or Sam Kholi Enterprises, Inc.

8.     The clerk must enter a default when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a). Thompson meets the procedural requirements for obtaining an entry of default from the Clerk as demonstrated by the affidavit of Jack R. Crews attached as Exhibit "A."  That affidavit demonstrates the following:

(a)    The Motion to Enforce was electronically filed on October 12, 2012 with the Clerk of Court using the CM/ECF system.

(b)    Notice of the filing was sent to all attorney(s) of record for Sam Kholi and Sam Kholi Enterprises, Inc. in accordance with Fed. R. Civ. P. 5(b)(2)(D).

(d)    Neither Sam Kholi nor Sam Kholi Enterprises, Inc. has filed an answer or other responsive pleading.

9.     Additionally, Thompson requests that the Court issue notice and conduct a hearing on Thompson's Motion for Default Judgment against Kholi pursuant to Fed. R. Civ. P. 55(b)(2).

## C.     CONCLUSION

10.    For the foregoing reasons, Thompson asks the Court to grant the Motion to Enforce as to Sam Kholi and Sam Kholi Enterprise as Unopposed.  In the alternative, Thompson asks the clerk to enter a default against Sam Kholi and Sam Kholi Enterprises, Inc.  Additionally, Thompson requests that the Court issue notice and conduct a hearing on Thompson's Motion for Default Judgment against Sam Kholi and Sam Kholi Enterprises, Inc.  Upon conducting that hearing, Thompson requests the Court issuing a Default Judgment against Sam Kholi and Sam Kholi Enterprises, Inc. enforcing its Amended Judgment [Document 99], voiding the fraudulent transfer of property located in Amarillo, Texas, and ordering the conveyance of the same real property, along with all of its fixtures, equipment, merchandise and other non-exempt personal property of any value to Thompson in at least partial satisfaction of his Judgment against Sam Kholi Enterprises, Inc. and Sam Kholi, Individually.  Thompson additionally requests that, upon conveyance of the aforementioned property to Thompson, the Amended Judgment [Document 99] be credited in the amount of the appraised value as determined by the Potter-Randall Appraisal District, and as indicated in Exhibit 1-G of the Motion to Enforce [Document 143].  Thompson further requests that he be awarded costs incurred to bring this motion and the Motion to Enforce and reasonable attorney's fees as are equitable and just pursuant to Texas Business and Commerce Code Section 24.013 and such other relief to which Plaintiff is entitled.

Respectfully submitted,

BAIRD, CREWS, SCHILLER & WHITAKER, P.C.

_/s/ Jack R. Crews_____
**JACK R. CREWS**
State Bar Card No.: 05072300
**J. MORGAN DRISCOLL**
State Bar Card No.: 24065166
**KEVIN K. BONNER**
State Bar Card No.: 24069398
15 North Main Street
Temple, TX   75601
Telephone: (254) 774-8333
Fax: (254) 774-9353

ATTORNEYS FOR TOM R. THOMPSON D/B/A
THOMPSON TRUCKING

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing motion has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 21st day of February, 2013, addressed to:

Sam Kholi
Sam Kholi, Enterprises, Inc.
301 Sea Ridge Drive
La Jolla, CA   92037

*Certified Mail #7012 1010 0003 7342 9536*
*Return Receipt Requested &*
*First Class Mail*

_____/s/ Jack R. Crews_____
JACK R. CREWS

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. W-08-CA-105 |
| TOM R. THOMPSON d//b/a THOMPSON | § | |
| TRUCKING, | § | |
| Defendant | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **<u>AFFIDAVIT OF JACK R. CREWS</u>** |
| **COUNTY OF BELL** | § | |

BEFORE ME, the undersigned notary, on this day personally appeared Jack R. Crews, the Affiant, a person whose identity is known to me. After I administered an oath to Affiant, Affiant testified:

      1.    "My name is Jack R. Crews. I am over the age of 21, have never been convicted of any crime, and I am competent to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

      2.    "I am an attorney licensed to practice in the State of Texas and in the United States District Courts for the Western, Southern, and Northern Districts in Texas, as well as the United States Court of Appeals for the Fifth Circuit and the United States Supreme Court. I am a shareholder in the law firm of Baird, Crews, Schiller & Whitaker, P.C.

      3.    "I am lead counsel on this matter.

      4.    On October 12, 2012, I filed the Motion to Enforce directing service of Sam Kholi and Sam Kholi Enterprises, Inc. to be accomplished through their attorneys of record pursuit to Fed. R. Civ. P. 5(b)(1) [Document 143]. *See Exhibit A attached hereto.*

5.      Sheehy, Lovelace & Mayfield, P.C. ("Sheehy") filed a Notice of Appearance on behalf of Sam Kholi and Kholi Enterprises, Inc. on March 15, 2011[Documents 135-138]. *See Exhibit B attached hereto.*

6.      At the time of filing the Motion to Enforce, the law firm of Sheehy was the counsel of record for Sam Kholi and Kholi Enterprises, Inc.  Thompson properly served Sheehy with notice of the Motion to Enforce pursuant to Fed. R. Civ. P. 5(b)(1).  *See Exhibit A.*

7.      Neither Sam Kholi nor Kholi Enterprises, Inc. has filed an answer or other responsive pleading since service of the Motion to Enforce."

Further Affiant saith not.



_____

**JACK R. CREWS**

*SUBSCRIBED AND SWORN TO BEFORE ME* by the said **Jack R. Crews,** on this 21st

day of February, 2013.

_____
Notary Public, State of Texas

MELISSA BARTON-WOOD
Notary Public - State of Texas
Commission Expires: 01/04/17

# *Exhibit A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. W-08-CA-105 |
| TOM R. THOMPSON d//b/a THOMPSON | § | |
| TRUCKING, | § | |
| Defendant | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

## **MOTION TO ENFORCE**

Defendant/Third Party Plaintiff and Judgment Creditor, Tom R. Thompson d/b/a Thompson Trucking ("Thompson") files this Motion to Enforce pursuant to Fed. R. Civ. P. 70 and Fed. R. Civ. P. 71 seeking to enforce 1) the Court's October 23, 2009 Amended Judgment against Sam Kholi Enterprises, Inc. and Sam Kholi, Individually [Document 99], and 2) the Court's February 22, 2010 Order [Document 110] on Defendant's Motion to Permit Judgment Registration and Application for Post-Judgment Turnover, Receivership & Injunctive Relief [Document Number 105] and Defendant's Motion to Compel Discovery in Aid of Judgment [Document 106], and respectfully states:

### *Introduction of Parties*

1. Thompson previously submitted to this Court's jurisdiction and venue in this matter.

2. Sam Kholi Enterprises, Inc. previously submitted to this Court's jurisdiction and venue in this matter, and is subject to this Court's continuing jurisdiction as a Judgment Debtor. Service of process will be accomplished through its attorneys of record in accordance with Fed. R. Civ. P. 5(b)(1).

3. Sam Kholi, Individually, previously submitted to this Court's jurisdiction and venue in this matter, and is subject to this Court's continuing jurisdiction as a Judgment Debtor. Service of process will be accomplished through his attorneys of record in accordance with Fed. R. Civ. P. 5(b)(1).

4. Thompson includes Pierre El-Khoauli in this motion pursuant to Fed. R. Civ. P. 71, which was intended to assure that process be made available to enforce court orders in favor of and against persons who are properly affected by them, even if they are not parties to the action. *Lasky v. Quinlan*, 558 F2d 1133, 1137 (2nd Cir. 1977), *citing* 7 J. MOORE, FEDERAL PRACTICE, P 71.02 (1975). El-Khoauli is subject to this Court's continuing jurisdiction to enforce its judgments and orders as the transferee of a fraudulent transfer from a Judgment Debtor subject to this Court's continuing jurisdiction. Pursuant to Fed. R. Civ. P. 71, Thompson respectfully requests that citation issue and be served personally upon El-Khoauli at his last known address located at 18730 Polvera Drive, San Diego, San Diego County, California 92128-1133.

5. Thompson includes Rhode Island Center, Inc. in this motion pursuant to Fed. R. Civ. P. 71 for the same reasons as stated in paragraph four, above. Rhode Island Center, Inc. is subject to this Court's continuing jurisdiction to enforce its judgments and orders as the transferee of a fraudulent transfer from a Judgment Debtor subject to this Court's continuing jurisdiction. Pursuant to Fed. R. Civ. P. 71, Thompson respectfully requests that citation issue and be served upon its Registered Agent, Pierre El-Khoauli, at 11301 Interstate 40 East, Amarillo, Potter County, Texas 79118.

### *Background and Facts*

6. Thompson was awarded a judgment against Sam Kholi Enterprises, Inc. ("SKE") and Sam Kholi, Individually ("Kholi"), in excess of $2,479,428.08 [Document 99]. Thompson has diligently

pursued collection of the judgment, but has been continuously delayed by Kholi in his capacity as the sole shareholder of SKE and individually.   Kholi, acting in his capacity as the sole shareholder of SKE and individually, has on numerous occasions evaded post-judgment discovery, acted to delay Thompson's collection of his judgment, and ignored this Court's orders regarding collection.   For example, to date, Kholi and SKE have failed to turn over all indicia of ownership of stock in SKE pursuant to the Court's February 22, 2010 Order, which instructed them to do so, among other things [Document 110].   Due to Kholi's repeated failure to comply with the Court's post-judgment discovery orders, the Court granted Thompson's request for sanctions against Kholi [Document 125].   Nevertheless, Kholi continues to evade Thompson's collection of his judgment.   To date, the amount owed by Kholi and SKE has only been credited in the amount of $54,915.63.

7.   Kholi's latest actions include fraudulently transferring property from his ownership with the intent to hinder, delay, and defraud this Court's October 23, 2009 Amended Judgment [Document 99]. Kholi's transfers are a fraud against Thompson's right to collect his judgment and a violation of this Court's October 23, 2009 Amended Judgment [Document 99].   Thompson urges this Court to enforce its October 23, 2009 Amended Judgment [Document 99] against SKE and Kholi, void the deeds and deeds of trust that resulted in the fraudulent transfer of SKE's real and personal property, and order the conveyance of the same real and personal property to Tom R. Thompson d/b/a Thompson Trucking in at least partial satisfaction of this Court's October 23, 2009 Amended Judgment [Document 99].

### *Fraudulently Transferred Property*

8.   Pierre El-Khoauli encumbered certain real property owned by Sam Kholi Enterprises, Inc., and known as the Jesus Christ is Lord Travel Center, located at 0 Interstate 40 East, Amarillo, Potter

County, Texas 79118, and 11301 Interstate 40 East, Amarillo, Potter County, Texas 79118 with at least one deed of trust. *See* Ex. 1-A. Specifically, on August 3, 2009, Kholi, as the President of SKE, signed a Deed of Trust and Security Agreement in favor of Pierre El-Khoauli purportedly securing the payment of a promissory note in the amount of $1,150,000.00 (hereinafter referred to as the "Deed of Trust"). *Id.* The Deed of Trust was recorded on August 10, 2009 in the real property records of Potter County, Texas as Document Number 01156853 and in Volume 4139 at Page 474. *Id.*

9.  On February 22, 2010, this Court entered its Order [Document 110] which granted as unopposed Defendant's Motion to Permit Judgment Registration and Application for Post-Judgment Turnover, Receivership & Injunctive Relief [Document 105]. Kholi and SKE have not turned over any of the items they were ordered to turnover, and have violated this Court's injunction by their actions described more fully below. *Id.* Further, on March 15, 2010, an Abstract of Judgment was issued by the Clerk of the United States District Court for the Western District of Texas. On March 23, 2010, Thompson recorded the Abstract of Judgment in the real property records of Potter County, Texas as Document Number 01170332 and in Volume 4202 at Page 77. Thompson's recording of the Abstract of Judgment perfected his Judgment Lien.

10. On December 14, 2010, an Appointment of Substitute Trustee was recorded in Potter County, Texas as Document Number 01186573 and in Volume 4279 at Page 645. *See* Ex. 1-C. The Appointment of Substitute Trustee was dated December 7, 2010, was signed by Pierre El-Khoauli on December 10, 2010, and appointed John A. Wise or Thomas Smith as Substitute Trustee of the aforementioned Deed of Trust. *Id.* Additionally, in the Appointment of Substitute Trustee, Pierre El-Khoauli requested that the Substitute Trustee foreclose the lien created by the Deed of Trust against the collateral pledged. *Id.* Also on December 14, 2010, John A. Wise, as Substitute

Trustee, "accelerated the debt evidenced by the Note and served a true and correct copy of the attached Notice of Foreclosure Sale" on Sam Kholi Enterprises, Inc. *See* Ex. 1-D. Mr. Wise's agent also posted Notice of Foreclosure Sale at the designated place for posting notices of non-judicial foreclosure sales in Potter County, Texas and recorded the same in the real property records of Potter County, Texas. *See* Ex. 1-E.

11. By Foreclosure Sale Deed dated January 4, 2011, John A. Wise, as Substitute Trustee, sold the real property encumbered by the Deed of Trust to Pierre El-Khoauli for consideration in the amount of $600,000.00. *See* Ex. 1-F. The Foreclosure Sale Deed was recorded in the real property records of Potter County, Texas as Document Number 01187673 and in Volume 4285 at Page 528. *Id.*

12. Upon information and belief, Pierre El-Khoauli conveyed the subject property to a corporation of which he is the sole shareholder and director. *See* Ex. 1-G and 1-H. According to the Potter-Randall Appraisal District, a warranty deed was recorded in Volume 4428 at Page 584 of the real property records of Potter County, Texas on February 24, 2011, which conveyed the subject property from El-Khoauli as Grantor to Rhode Island Center, Inc. as Grantee. Ex. 1-G. The online records of the Texas Secretary of State indicate that El-Khoauli is the sole shareholder and director of Rhode Island Center, Inc., as well as its Registered Agent. Ex. 1-H. Further, the address provided on the Potter-Randall Appraisal District's online information for Rhode Island Center, Inc. matches the last known address of El-Khoauli. Ex. 1-G.

### *Fraudulent Transfers Under Texas Business & Commerce Code Chapter 24*

13. The Texas Legislature has adopted the Uniform Fraudulent Transfer Act ("UFTA"), which is codified in Chapter 24 of the Texas Business & Commerce Code. Applying the UFTA to the facts of this case, it is clear that Kholi, as the sole shareholder of SKE and individually, has

fraudulently transferred the Jesus Christ is Lord Travel Center in Amarillo, Texas to Pierre El-Khoauli.

14. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor if the debtor made the transfer or incurred the obligation with actual intent to hinder, delay, or defraud any creditor of the debtor.   Tex. Bus. & Com. Code § 24.005(a)(1).   Section 24.005(b) provides a non-exclusive list of factors that may be considered in determining "actual intent" under Section 24.007(a)(1).   Those factors include whether: the transfer was made to an insider; the debtor retained possession or control of the property transferred after the transfer; the transfer or obligation was concealed; before the transfer was made or the obligation incurred the debtor was sued or threatened with litigation; the transfer was of substantially all the debtor's assets; the debtor absconded; the debtor removed or concealed assets; the value received was reasonably equivalent to the value of the asset transferred; the debtor's insolvency; the transfer occurred shortly before or shortly after a substantial debt was incurred; and the debtor transferred the essential assets of the business to the lienor who transferred the assets to an insider of the debtor. Tex. Bus. & Com. Code §24.005(b)(1)-(11).

15. "Insider," as that term relates to a debtor who is an individual, is defined in the Act as a relative of the debtor or of a general partner of the debtor; a partnership in which the debtor is a general partner; a general partner of the debtor; or a corporation of which the debtor is a director, officer, or person in control.  Tex. Bus. & Com. Code § 24.002(7).  "Insider" as that term relates to a debtor that is a corporation also includes, among others, "a relative of a general partner, director, officer, or person in control of the debtor." *Id.* at §24.002(7)(B)(vi).  The principal factors in determining insider status are (1) the closeness of the relationship between the transferee and the debtor and (2) whether the transactions were at arm's length. *Telephone Equip. Network v.*

*TA/Westchase Place*, 80 SW3d 601, 609 (Tex. App. – Houston [1st Dist.] 2002, no pet.) (citing *Jackson Law Office, P.C. v. Chappell*, 37 S.W.3d 15, 25-26 (Tex. App. – Tyler 2000, pet denied).

16. The circumstances and timing of the above-described transfers indicate that Kholi's intent was to delay and hinder the collection of the debt he owes Thompson by virtue of this Court's October 23, 2009 Amended Judgment [Document 99], and to further defraud Thompson of his right to collect on that judgment.  The transfer was made to an insider.  Upon information and belief Pierre El-Khoauli is a relative, as that term is defined in the Texas Business & Commerce Code, of Sam Kholi, who is the sole shareholder, director and officer of SKE.  *See* Ex. 2 at Page 19, Line 22 through Page 20, Line 25; *See also* Tex. Bus. & Com. Code §§24.002(7), 24.002(11), and 24.005(b)(1).  Upon information and belief, SKE has maintained possession and operation of the property conveyed to El-Khoauli despite the Substitute Trustee's foreclosure and El-Khoauli's purchase of the property at foreclosure sale.  *See* Tex. Bus. & Com. Code §24.005(b)(2).  The initial transfer (the recording of the Deed of Trust) occurred after this Court entered its Judgment on June 9, 2009 [Document 85] and before this Court entered its Amended Judgment on October 23, 2009 [Document 99].  *See* Tex. Bus. & Com. Code §24.005(b)(4).  While the Jesus Christ is Lord Travel Center does not, alone, comprise substantially all of SKE's or Kholi's assets, it does comprise substantially all of SKE's and Kholi's assets located in the State of Texas.  *See* Tex. Bus. & Com. Code §24.005(b)(5).  Upon information and belief, SKE and Kholi removed or otherwise concealed assets, including trailers that were at one time stored on the real property in question.  *See* Tex. Bus. & Com. Code §24.005(b)(7).  The transfer occurred both shortly after and shortly before a substantial debt was incurred, namely the Court's original Judgment entered on June 9, 2009 [Document 85] and the Court's Amended Judgment on October 23, 2009 [Document 99].  *See* Tex. Bus. & Com. Code §24.005(b)(10).

17. Despite representations within the Deed of Trust to the contrary, Kholi admitted during his post-judgment deposition that the Deed of Trust was not granted for a present value. Ex. 2 at Page 111, Lines 24-25 through Page 112, Lines 1-15. Instead, it was made, according to Kholi's deposition testimony, to secure an antecedent debt. *Id.* A transfer is also fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent. Tex. Bus. & Com. Code §24.006(b). The transfer here was made to an insider (Khoauli) for an antecedent debt. Ex. 2 at Page 111, Lines 24-25 through Page 112, Lines 1-15. Despite his best efforts, Thompson cannot determine if Kholi was insolvent at the time. However, given the size of the debt to Thompson and other debts known to Thompson after investigation, such an assumption is not a far leap. Additionally, a debtor who is generally not paying the debtor's debts as they become due is presumed to be insolvent. Tex. Bus. & Com. Code §24.003. Also based on the size of the judgment against SKE and Kholi, and other debts known to Thompson, Khoauli likely had reasonable cause to believe that SKE and/or Kholi was insolvent.

18. Thompson has continuously worked to collect his $2,316,670.00 judgment plus post-judgment interest at the rate of .48%, attorneys' fees in the amount of $30,569.08, and pre-judgment interest in the amount of $132,189.00 since October 23, 2009 [Document 99]. Kholi has repeatedly violated this Court's orders and acted to hinder and delay Thompson's collection of his judgment. The above-described transfers are yet another attempt by Kholi to violate this Court's orders and evade Thompson's judgment.

*Conclusion*

19. Thompson respectfully requests that citation issue to Pierre El-Khoauli and Rhode Island Center, Inc., and that upon hearing, the Court enter an order enforcing its Amended Judgment [Document 99], voiding the fraudulent transfer of property located in Amarillo, Texas, and ordering the conveyance of the same real property, along with all of its fixtures, equipment, merchandise and other non-exempt personal property of any value to Thompson in at least partial satisfaction of his Judgment against Sam Kholi Enterprises, Inc. and Sam Kholi, Individually. Thompson additionally requests that, upon conveyance of the aforementioned property to Thompson, the Amended Judgment [Document 99] be credited in the amount of the appraised value as determined by the Potter-Randall Appraisal District, and as indicated in Exhibit 1-G. Thompson further requests that he be awarded costs incurred to bring this motion and reasonable attorney's fees as are equitable and just pursuant to Texas Business and Commerce Code Section 24.013.

Respectfully submitted,

BAIRD, CREWS, SCHILLER & WHITAKER, P.C.

/s/ Jack R. Crews
**JACK R. CREWS**
State Bar Card No.: 05072300
**J. MORGAN DRISCOLL**
State Bar Card No.: 24065166
**KEVIN K. BONNER**
State Bar Card No.: 24069398
15 North Main Street
Temple, TX  75601
Telephone: (254) 774-8333
Fax: (254) 774-9353

ATTORNEYS FOR TOM R. THOMPSON D/B/A
THOMPSON TRUCKING

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing *"Motion to Enforce"* has been electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE 5(b)(2)(D), on this the 12th day of October, 2012, addressed to:

ATTORNEYS FOR SAM KHOLI AND SAM KHOLI ENTERPRISES, INC.:

Mr. Christian J. Hack
Mr. Peter K. Rusek
Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Drive, Suite 500
Waco, Texas 76710
(254) 772-9297 (Fax)

_____/s/ Jack R. Crews_____
JACK R. CREWS

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC. | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| TOM R. THOMPSON | § | Civil Action No. W-08-CA-105 |
| DBA | § | |
| THOMPSON TRUCKING, | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

| | | |
|---|---|---|
| **THE STATE OF TEXAS** | § | |
| | § | **AFFIDAVIT OF KEVIN K. BONNER** |
| **COUNTY OF BELL** | § | |

BEFORE ME, the undersigned notary, on this day personally appeared KEVIN K.

BONNER, the Affiant, a person whose identity is known to me. After I administered an oath to

Affiant, Affiant testified:

     1.    "My name is Kevin K. Bonner. I am over the age of 21, have never been
convicted of any crime of moral turpitude, and I am competent to make this Affidavit.
The facts stated in this Affidavit are within my personal knowledge and are true and
correct.

     2.    I am an attorney for Tom R. Thompson in this matter. The following
exhibits attached to this Affidavit are true and correct copies of the identified
document:

        Exhibit 1-A: Deed of Trust and Security Agreement

        Exhibit 1-B: Abstract of Judgment

        Exhibit 1-C: Appointment of Substitute Trustee

Exhibit 1-D: Affidavit of Substitute Trustee

Exhibit 1-E: Posting and Filing Affidavit for Representative of Trustee

Exhibit 1-F: Foreclosure Sale Deed

Exhibit 1-G: Potter-Randall Appraisal District Printout

Exhibit 1-H: Texas Secretary of State Online Information Regarding Rhode Island Center, Inc.

3.    Further Affiant saith not."

————————————————————
KEVIN K. BONNER

*SUBSCRIBED AND SWORN TO BEFORE ME* by the said **KEVIN K. BONNER**, on this

the 12th day of October, 2012.



**JULIE L. MORAN**
Notary Public - State of Texas
Commission Expires: 08/08/15

————————————————————
Notary Public, State of Texas

VOL. **4139** PAGE **474**

01156853

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

### Deed of Trust and Security Agreement

THE STATE OF TEXAS
COUNTY OF POTTER

SAM KHOLI ENTERPRISES, INC., a resident of San Diego County, California, herein collectively called "Grantor", in consideration of the debt hereinafter described, and for the further consideration, uses, purposes and trusts, hereinafter set forth, has GRANTED, SOLD and CONVEYED and by these presents does GRANT, SELL and CONVEY unto PIERRE EL-KHOAULI, Trustee of San Diego County, California, and his substitutes or successors, the following described property:

(a) The real estate situated in POTTER County, Texas, which is more particularly described on Exhibit "A" attached hereto, together with all buildings and improvements now or hereafter situated thereon (such real estate, buildings and improvements being hereinafter sometimes called the "Premises").

(b) All of the following property, items and interests: All of the buildings, equipment, and personal property located thereupon;

(i) Any and all plans and specifications for the rehabilitation, reconstruction or repair of the Premises;

(ii) Any and all contracts and subcontracts relating to the Premises;

(iii) Any and all permits, licenses, franchises, certificates and other rights and privileges obtained in connection with the Premises;

(iv) Any and all present and future equipment, fixtures, and articles of personal property now or hereafter located on the Premises or attached to or used in and about or related to the planning, development, financing or operation of the Premises, including, but not limited to, the types of equipment, fixtures, and articles of personal property more particularly described as follows: machines, engines, boilers, dynamos, elevators, stokers, tanks, awnings, screens, cabinets, shades, blinds, carpets, draperies, furniture, lawn mowers and plumbing, heating, air conditioning, lighting, ventilating, refrigerating, cooking, laundry, and incinerating equipment, and all such fixtures and appurtenances thereto, and such other goods and chattels and personal property as are ever used or furnished in constructing or operating the Premises or the activities conducted therein, and all renewals or replacements thereof, or articles in substitution therefor or

Page 1 of 12



EXHIBIT 1-A

VOL. 4139 PAGE 475

additions thereto;

(v) Any and all proceeds arising from or by virtue of the sale, lease, or other disposition of any of the foregoing property and items set forth in (i) through (iv), preceding, or in (a) preceding;

(vi) Any and all proceeds payable or to be payable under each policy of insurance relating to the Premises;

(vii) Any and all proceeds arising from the taking of all or a part of the Premises for any public or quasi-public use under any law, or by right of eminent domain, or by private or other purchase in lieu thereof;

(viii) Any and all leases relating to the property as the same now exists, or is hereinafter constructed;

(ix) Any and all contracts of sale entered into as to the purchase of the premises or any of the items described herein.

(c) All other interest of every kind and character which Grantor now has or at any time hereafter acquired in and to the property described or referred to in Paragraphs (a) and (b), preceding, and all property which is used or useful in connection with the Premises, including but not limited to, tradenames, sign inventory and the like, together with all additions to the property described in these paragraphs (a), (b) and (c), accessions thereto, and replacements thereof, all of which is sometimes referred to collectively as the "Property".

All property and interests described or referred to in Paragraphs (a), (b) and (c), preceding, are sometimes hereinafter referred to collectively as the "Property".

TO HAVE AND TO HOLD the Property, together with all and singular the rights, hereditaments and appurtenances in any wise appertaining or belonging thereto, unto Trustee, and his successors or substitutes in this trust, and its and their assigns, in trust and for the uses and purposes hereinafter set forth, forever. Grantor, for Grantor and Grantor's successors, hereby agrees to warrant and forever defend, all and singular, the Property unto Trustee, and his successors or substitutes in this trust, and to his and their assigns, forever, against every person whomsoever lawfully claiming or to claim the same or any part thereof. As used herein, the term "Grantor's successors" means each and all of the successors and assigns of Grantor, both immediate and remote.

Grantor hereby grants to PIERRE EL-KHOAULI, ("Beneficiary"), and its successors and assigns, a security interest in the Property, and each and every part thereof, and in all proceeds from the sale, lease, or other disposition therefor and in all sums, proceeds funds, and reserves described or referred to herein, provided that the grant of a security interest in proceeds shall not be deemed to authorize any action otherwise prohibited herein.

**ARTICLE I**

Page 2 of 12

Lydia Smith

**EXHIBIT 1-A**

VOL. **4139** PAGE **476**

### INDEBTEDNESS
#### Secured Indebtedness

1.01. This conveyance is made in Trust, however, to secure the payment of a promissory note of even date herewith in the principal sum of $1,150,000.00, executed by Sam Kholi Enterprises, Inc., payable to the order of Pierre El-Khouuli, and being further described as follows: In the principal sum of $1,150,000.00, being due and payable, and bearing interest as therein provided. The liens securing the payment of the note hereby secured are subordinate and inferior to the liens securing the payment of other obligations listed in Exhibit "B", attached hereto and made a part hereof for all purposes, said indebtedness being incurred by Sam Kholi Enterprises, Inc. and in the event of default by Sam Kholi Enterprises, Inc. under the terms and conditions of any of said obligations described in Exhibit "B" and the liens securing the payment of same, shall likewise constitute a default under the terms and conditions hereof and may, at the option of the holder of the herein secured note, result in acceleration of maturity of the herein described note and foreclosure hereof. This Deed of Trust shall secure, in addition to the said note, all funds hereafter advanced by Beneficiary to or for the benefit of Grantor, as contemplated by any covenant or provision herein contained or for any other purposes, and all other indebtedness, of whatever kind or character, owing or which may hereafter become owing by Grantor to Beneficiary, whether such indebtedness is evidenced by note, open account, overdraft, endorsement, surety agreement, guaranty, or otherwise, it being contemplated that Grantor may hereafter become indebted to Beneficiary in further sum or sums. This Deed of Trust shall also secure all renewals and extensions of any of the indebtedness secured hereby.

#### Beneficiary

1.02. The term "Beneficiary" shall mean the designated payee of the note described in Paragraph 1.01, above, or any subsequent lawful owner or holder of such note or of any indebtedness secured hereby.

#### Payment of Indebtedness

1.03. If Grantor shall do and perform each and all of the covenants and agreements herein contained and make prompt payment of the indebtedness secured hereby as the same shall become due and payable, then this conveyance shall become null and void and of no further force and effect, and this conveyance shall be released at the expense of Grantor.

### ARTICLE II
#### COVENANTS AND AGREEMENTS OF GRANTOR
#### Ownership of Property

2.01. Grantor is the lawful fee simple owner of the Property, and has the right to convey the same. The Property is free from all liens, encumbrances, easements, rights-of-way, restrictions, covenants, reservations, or other conditions, except as set forth herein. Grantor also represents and warrants that:



# EXHIBIT 1-A

VOL. 4139 PAGE 477

(a) Grantor has authority to execute and deliver this Deed of Trust;

(b) The Personal Property is and will be used as equipment in Grantor's business and not as inventory, or as goods leased or held for lease by Grantor but not held for sale;

(c) With respect to each Grantor who is an individual, no part of the Property constitutes a part of its business or residential homestead;

(d) Grantor is lawfully seized of the Property.

**Payment of Taxes**

2.02.   Grantor shall pay, or cause to be paid, all lawful taxes and assessments of every character in respect of the Property as the same become due and payable.

**Maintenance and Repair**

2.03.   Grantor shall keep the improvements on the Property in good repair and condition, shall not permit or commit any waste thereon, and shall keep the buildings thereon occupied so as not to impair the insurance carried thereon. Grantor shall promptly make all necessary repairs, renewals and replacements. Grantor will discharge all claims for labor performed and material furnished therefor and will not suffer any lien of mechanic's or materialmen therefor to attach to any part of the Property; and Grantor will guard every part of the Property from removal, destruction, and damage, and will not do or suffer to be done any act whereby the value of any part of such Property may be lessened.

**Insurance**

2.04.   Grantor shall insure and keep insured all improvements now or hereafter created on the Property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by the Beneficiary during the term of the indebtedness secured hereby, to the extent of the original amount of the indebtedness secured hereby, or to the extent of the full insurable value of the improvements, whichever is greater and in such form and with such insurance company or companies as may be approved by the Beneficiary. Grantor shall deliver to Beneficiary the insurance policy with a mortgage indemnity clause as directed by Beneficiary and shall deliver renewals of the policy to Beneficiary at least thirty days before the expiration of the policy. Any proceeds that Beneficiary may receive under such insurance policy or policies may be applied by Beneficiary, at its discretion, to reduce the indebtedness secured hereby whether then matured or to mature in the future, and in such manner as Beneficiary may elect, or Beneficiary may permit Grantor to use the proceeds to repair or replace all the improvements damaged or destroyed and covered by the insurance policy or policies.

**Payment of Indebtedness**



Lydia Smith

EXHIBIT 1-A

VOL. 4139 PAGE 478

2.05. Grantor will pay all of the indebtedness secured hereby, together with the interest and other charges thereon, when the same shall become due, in accordance with the terms of the note or other instruments evidencing said indebtedness or evidencing any renewal or extension of the same or any part thereof.

**Compliance**

2.06. Grantor shall comply with all valid laws, ordinances and regulations, whether state, federal, or municipal, applicable to the Property and its ownership, use and operation (but Grantor shall have the right to contest any of the same, and need not comply with this covenant with respect to such contested items prior to the time a judgment therein becomes final and no longer appealable).

**Loan Agreement**

2.07. It is understood and agreed that the funds to be advanced on the note hereinabove described are being advanced in accordance with a certain loan agreement made by and between Grantor and Beneficiary, dated of even date herewith, which said loan agreement is incorporated herein by reference to the same extent and effect as if fully set forth herein and made a part of this Deed of Trust-Security Agreement. This Deed of Trust-Security Agreement secures the payment of all sums in the performance of all covenants required of Grantor by said loan agreement, and the failure of Grantor to keep and perform all of the covenants, conditions and agreements of said loan agreement, including payment of the principal sum of the said indebtedness and all interest and other charges provided for herein and therein and secured hereby shall, at the option of the Beneficiary of this Deed of Trust, become due and payable, anything herein contained to the contrary notwithstanding.

### ARTICLE III
### DEFAULT
### Events of Default

3.01. As used herein, the term "default" shall mean the occurrence of any of the following events:

(1) The failure of Grantor to pay or cause to be paid the indebtedness secured hereby or any part thereof, as it becomes due in accordance with the terms of the note or notes which evidence it or where accelerated pursuant to any power to accelerate.

(2) The failure of Grantor punctually and properly to perform any covenant, agreement or condition contained herein or in the note, or any renewal or extension thereof, or any other instrument securing or evidencing the indebtedness or any loan agreement executed pursuant to this transaction and indebtedness.

(3) If Grantor or any Guarantor or Maker of the Note secured hereby shall (a) execute an assignment for the benefit of itself or its creditors, or (b) become or be adjudicated




**EXHIBIT 1-A**

VOL. 4139 PAGE 479

bankrupt or insolvent, or (c) admit in writing its inability to pay its debts generally as they become due, or (d) apply for or consent to the appointment of a receiver, trustee or liquidator of Grantor or any such Guarantor or of all or a substantial part of itself or its assets, or (e) file a voluntary petition in bankruptcy or to take advantage of or seek any other relief under any bankruptcy, reorganization, debtor's relief, or other insolvency law now or hereafter existing, or (f) file an answer admitting the material allegations of, or consenting to, or default in, a petition filed against Grantor or any Guarantor in any bankruptcy, reorganization, or other insolvency proceedings, or (g) institute or voluntarily be or become a party to any other judicial proceedings intended to effect a discharge of the debts of Grantor or any Guarantor, in whole or in part, or a postponement of the maturity or the collection thereof, or a suspension of any of the rights or powers of Beneficiary granted in the Note or in this Deed of Trust.

(4) The vesting in any party other than Grantor of the ownership of the Property or any part thereof.

(5) The discovery by Beneficiary that any statement, representation or warranty in the Note or this Deed of Trust or in any writing ever delivered to Beneficiary pursuant to the provisions hereof, is false, misleading or erroneous in any material respect.

(6) Condemnation of a sufficient part of the Property as to materially affect Grantor's ability to perform its obligations hereunder.

(7) An order, judgment or decree shall be entered by any court of competent jurisdiction appointing a receiver, trustee or liquidator of Grantor or any Guarantor of all or any substantial part of Grantor's or any such Guarantor's assets.

(8) The failure of Grantor or any Guarantor to pay any money judgment against it at least ten (10) days' prior to the date on which the assets of Grantor or any such Guarantor may be sold to satisfy such judgment.

(9) The failure to have discharged within a period of ten (10) days after the commencement thereof any attachment, sequestration or similar proceedings against any of Grantor's or any of Guarantor's assets.

(10) The filing of any lien, voluntary or involuntary, on any part of the Property.

**Effect of Default**

3.02. On the occurrence of any event of default, Beneficiary may at its option:

(1) Remedy or cure such default by taking such action necessary to do so, including, without limitation, making any payments on principal, interest, penalties and attorney's fees with respect to any prior lien indebtedness, payment of insurance premiums, payment of taxes and assessments, or such other action as Beneficiary deems necessary to protect the lien created by this Deed of Trust. Any sums so paid shall bear interest from the dates of such payment at the maximum rate allowed by law, and shall be paid by Grantor on demand and shall become a part of the debt secured hereby and recoverable as such in all respects; or

(2) Declare all sums secured hereby immediately due and payable without demand or notice. In the event of default in the payment of said indebtedness when declared due, it shall thereupon, at any time thereafter, be the duty of the Trustee, or its successor or



EXHIBIT 1-A

VOL. 4139 PAGE 480

substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; and after advertising the time, place and terms of the sale of the above-described and conveyed real property for twenty-one (21) days prior to the date of sale by posting written or printed notices thereof on the courthouse door of each county in which such real property is situated and after sending written notice of the time, place and terms of the sale of the above-described and conveyed real property by certified mail to each person obligated to pay the indebtedness secured hereby according to the records of the Beneficiary at least twenty-one (21) days preceding the date of sale at the most recent address as shown by the records of the Beneficiary; which notices may be posted or mailed by the Trustee acting, or by any person acting for him, to sell the above described and conveyed real property at public auction in accordance with such notice at the courthouse door of the county in which such real property is situated (provided where said real property is situated in more than one county, said above described and conveyed real property may be sold at the courthouse door of any one of such counties, and the notices shall designate the county where the Property will be sold), on the first Tuesday in any month between the hours of ten o'clock a.m. and four o'clock p.m., to the highest bidder for cash, selling all of the Property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the Purchaser or Purchasers, with general warranty binding Grantor, its successors and assigns, and out of the money arising from such sale, the Trustee acting shall pay first all the expenses of advertising the sale and making the conveyance, including a commission of (5%) percent to himself, which commission shall be due and owing in addition to the attorney's fees provided for in the note, and then to Beneficiary the full amount of principal, interest, attorney's fees and other charges due and unpaid on said note and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantor, its successors and assigns, and the recitals in the conveyance to the Purchaser or Purchasers shall be full and conclusive evidence of the truth of the matters therein stated, and all pre-requisites to said sale shall be presumed to have been performed and such sale and conveyance shall be conclusive against Grantor, its successors and assigns. It is specifically agreed that Beneficiary may be a purchaser at any such foreclosure sale and on being the highest bidder may have the amount for which the Property is sold credited on the indebtedness owed to it.

*Possession of Premises*

3.03.   In case the lien hereof shall be foreclosed by Trustee's sale or by judicial action, the Purchaser at any such sale shall receive, as an incident to its ownership, immediate possession of the Property purchased, and Grantor agrees for Grantor and all persons claiming under Grantor, that if Grantor or any such person shall hold possession of said Property, or any part thereof, subsequent to foreclosure, Grantor or the parties so holding possession shall be considered as tenants at sufferance of the purchase at the foreclosure sale.

*Remedies*



EXHIBIT 1-A

VOL. 4139 PAGE 481

3.04.  The rights and remedies hereinabove expressly conferred are cumulative of all other rights and remedies herein, or by law or in equity provided, and shall not be deemed to deprive Beneficiary or Trustee of any such other legal or equitable rights or remedies, by judicial proceedings or otherwise, appropriate to enforce the conditions, covenants and terms of this Deed of Trust and of the Note, and the employment of any remedy hereunder, or otherwise, shall not prevent the concurrent or subsequent employment of any other appropriate remedy or remedies.

## ARTICLE IV
### AGREEMENTS BETWEEN BENEFICIARY AND GRANTOR
#### Assignment of Rents

4.01.  Beneficiary is hereby assigned, as further security of the indebtedness hereunder, all rents issuing or to hereafter issue from the Property, together with the proceeds of all sales contracts entered into for an individual unit or units or for an undivided interest in the property, no matter the form of such conveyance. Beneficiary, its agents and representatives, are hereby authorized, in the event of default in the payment of any indebtedness secured hereby, to collect such rents, or proceeds of such sales contracts, and to apply the collected rents, or proceeds of sales contracts, less the reasonable costs and expenses of collection thereof, to the payment of the indebtedness secured hereby, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. The collection of such rents or sales proceeds by Beneficiary shall not constitute a waiver of its right to proceed with the enforcement of this Deed of Trust.

Unsecured Portion of the Indebtedness

4.02.  If any portion of the indebtedness hereunder cannot be lawfully secured by this Deed of Trust, then the first installment and other payments made under this Deed of Trust shall be applied to the discharge of the unsecured portion of the indebtedness and payments thereafter shall be applied to the discharge of the secured portion of the indebtedness.

Condemnation

4.03.  Beneficiary shall be entitled to receive any and all sums which become payable to Grantor as a result of condemnation proceedings or the threat thereof, or which become payable to Grantor as damages caused by public works or construction on or near the Property; all such sums are hereby assigned, as further security for the indebtedness hereunder, to Beneficiary who may, after deducting therefrom all expenses actually incurred, including attorney's fees, release such sums to Grantor or apply such sums to the reduction of the indebtedness hereby secured, whether then matured or to mature in the future, in such manner as Beneficiary may elect; and Beneficiary shall not, in any event or circumstances, be liable or responsible for the failure to collect, or to exercise diligence in the collection of any such sums.



EXHIBIT 1-A

VOL. 4139 PAGE 482

Lawful Rates of Interest

4.04.   All agreements between Grantor and Beneficiary are hereby expressly limited so that in
no contingency or event whatsoever shall the amount paid, or agreed to be paid, to
Beneficiary for the use, forbearance or detention of the money due under the note secured
hereby exceed the maximum amount permissible under applicable law. If, from any
circumstances whatsoever, fulfillment of any provision hereof at the time performance of
such provisions shall be due shall involve transcending the limit of validity prescribed by
law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such
validity, and if from any circumstances Beneficiary should ever receive as interest an
amount that would exceed the highest lawful rate, such amount that would be excessive
interest shall be applied to the reduction of the principal amount owing under the note
secured hereby and not to the payment of interest or at the option of the Beneficiary such
amount shall be refunded to Grantor.

Security Agreement

4.05.   With respect to the real and personal property hereinabove described, this Deed of Trust
shall constitute a security agreement between Grantor and Beneficiary, and, cumulative of
all other rights of Beneficiary hereunder, Beneficiary shall have all of the rights conferred
on secured parties by the Uniform Commercial Code. Grantor will execute and deliver to
Beneficiary all financing statements that may from time to time be required by
Beneficiary to establish and maintain the validity and priority of the Beneficiary's security
interest in such property, such financing statements to be executed in the manner and
form required by law and to the satisfaction of Beneficiary. Grantor agrees to pay
Beneficiary's charge, to the maximum amount permitted by law, for any statement by
Beneficiary regarding the obligations secured by this Deed of Trust requested by Grantor
or on behalf of Grantor. On demand, Grantor will promptly pay all costs and expenses of
filing financing statements, continuation statements, partial releases and termination
statements deemed necessary or appropriate by Beneficiary to establish and maintain the
validity and priority of the security interest of Beneficiary, or any modification thereof
and all costs and expenses of any searches reasonably required by Beneficiary.
Beneficiary may exercise any or all of the remedies of a secured party available to it under
the Uniform Commercial Code with respect to such property, and it is expressly agreed
that if on default Beneficiary should proceed to dispose of the collateral in accordance
with the provisions of the Uniform Commercial Code, ten (10) days' notice by
Beneficiary to Grantor shall be deemed to be reasonable notice under any provision of the
Uniform Commercial Code requiring such notice; provided, however, that Beneficiary
may at its option dispose of the collateral in accordance with Beneficiary's rights and
remedies in respect of the real property pursuant to the provisions of this Deed of Trust,
in lieu of proceeding under the Uniform Commercial Code.

The Grantor shall give advance notice in writing to Beneficiary of any proposed change in
Grantor's name, identity, or legal structure and will execute and deliver to Beneficiary,
prior to or concurrently with the occurrence of any such change, all additional financing
statements that Beneficiary may require to establish and maintain the validity and priority



EXHIBIT 1-A

VOL. 4139 PAGE 483

of the Beneficiary's security interest with respect to any and all goods and property described or referred to herein.

**Deed of Trust as Financing Statement**

4.06.   Some of the items of property described herein are goods that are or are to become fixtures related to the real estate described herein, and it is intended that, as to those goods, this Deed of Trust shall be effective as a financing statement filed as a fixture filing from the date of its filing for record in the real estate records of Potter County, Texas. The name of the record owner of said real estate is Sam Kholi Enterprises, Inc.. Information concerning the security interest created by this instrument may be obtained from the Beneficiary, as secured party, at George Khouli, San Diego, California.

## ARTICLE V
### MISCELLANEOUS
#### Successor Trustee

5.01.   At the option of the Beneficiary, with or without any reason, a successor or substitute trustee may be appointed by Beneficiary without any formality other than a designation in writing of a successor or substitute trustee, who shall thereupon become vested with and succeed to all the powers and duties given to the Trustee herein named, the same as if the successor or substitute trustee had been named original Trustee herein; and such right to appoint a successor or substitute trustee shall exist as often and whenever Beneficiary desires. If Beneficiary is a corporation, the corporation may act through any authorized officer, or by an agent or attorney-in-fact properly authorized by any such officer.

**Notice of Sale by Trustee**

5.02.   The notice of the time, place and terms of the sale of the above described and conveyed property by the Trustee required to be given to the Grantor pursuant to Paragraph 4.02, hereof, shall be in writing. Such notice shall be served by certified mail and service of such notice shall be deemed completed on deposit of the notice, enclosed in a postpaid wrapper, properly addressed to the Grantor at the address as shown by the records of the Beneficiary, in a post office or official depository under the care and custody of the United States Postal Service. Until changed in accordance herewith, the following address is specified as the most recent address of the Grantor as shown by the records of Beneficiary:

GRANTOR: 4626 Albuquerque Street, San Diego, California 92109

**Other Notices**

5.03.   Whenever any notice or demand, other than the notice of sale by Trustee described in

Page 10 of 12

**EXHIBIT 1-A**

VOL. 4139 PAGE 484

Paragraph 5.02, hereof, is required or permitted hereunder, such notice or demand must be in writing. Any notice, demand, payment or document required or permitted to be delivered hereunder shall be deemed to be delivered, whether actually received or not, when deposited in the United States mail, postage prepaid, addressed to the person who is to receive it at the address which such person has theretofore specified by written notice delivered in accordance herewith. Until changed in accordance herewith, the following addresses are specified as the addresses for Grantor and Beneficiary for receiving notices, demands, payments and documents:

BENEFICIARY: Pierre El-Khoauil _____
GRANTOR: Sam Kholi Enterprises, Inc. 4626 Albuquerque Street, San Diego, California 92109

When included within the term "Grantor" or "Beneficiary" there is more than one person, shall jointly arrange among themselves for their joint execution and delivery of a notice to the other, specifying some person at some specific address for the receipt of notices, demands, payments or documents. All persons included within the terms "Grantor" and "Beneficiary" shall be bound by notices, demands, payments and documents given in accordance with the provisions of this paragraph to the same extent as if each had received such notice, demand, payment of document.

Texas Law to Apply

5.04.   This Deed of Trust shall be construed under and in accordance with the laws of the State of Texas and all obligations created hereunder are performable in Potter County, Texas.

Parties Bound

5.05.   This Deed of Trust shall be binding on and inure to the benefit of the parties hereto and their respective successors and assigns except as otherwise expressly provided herein.

Legal Construction

5.06.   In case anyone or more of the provisions contained in this Deed of Trust shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision hereof and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

Time of Essence

5.07.   Time is of the essence of this Deed of Trust.



EXHIBIT 1-A

VOL. 4139 PAGE 485

EXECUTED this the 3 day of August, 20 09, in Potter County, Texas.

Sam Kholi Enterprises, Inc.

By: Sam Kholi, President

THE STATE OF TEXAS
COUNTY OF Potter

The foregoing instrument was duly acknowledged before me on the 3rd day of August 20 09, by Sam Kholi

Tan Tran
Notary Public, State of Texas

[Seal]

Name Printed TAN TRAN
Commission Expires 9-12-09



TAN TRAN
Notary Public
State of Texas
My Comm. Exp. 09-12-09

Page 12 of 12

**EXHIBIT 1-A**

VOL. **4064** PAGE **502**

2ND RECORDING 8-10-09 *Potter*   VOL. **4139** PAGE **486**

Exhibit A

Legal Description

**TRACT ONE:**

Lot 1-A, Block 1, Pilot Acres Unit No. 2, being a replat of Lot 1, Block 1, Pilot Acres Unit No. 1, an Addition to the City of Amarillo, and an unplatted portion of Section 52, Block 2, A.B. & M. Survey, Potter County, Texas according to the map or plat thereof recorded in Volume 2175, Page 675 of the Official Public Records of Potter County, Texas.

**TRACT TWO:**

Lot 3, Block 1, Pilot Acres Unit No. 5, an Addition to the City of Amarillo, being an unplatted tract of land out of Section 52 and 59, Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof recorded in Volume 2743, Page 520 of the Official Public Records of Potter County, Texas.

Filed AND Recorded
OFFICIAL PUBLIC RECORDS
Dat Aug 10,2009 at 02:01P

Receipt# - 133639

Document Number    011548531

Amount              59.00

Julie Smith
County Clerk, Potter County

by _____ ,Deputy

**COUNTY CLERK'S MEMO**

Portions of this document may
not be legible and/or reproducible
when received for recording.

Ref to -
Sam Khdie Enterprises Inc
11301 Q-40 East
Amarillo, OK 79118

STATE OF TEXAS          COUNTY OF POTTER
I hereby certify that this instrument was
FILED on this date and at the time stamped
hereon by me and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS OF POTTER COUNTY TEXAS,
in the volume and page as shown.

Julie Smith, County Clerk
Potter County ,

by _Lydia Smith_ ,Deputy

Any provision herein which restricts the sale,
rental or use of the described real property
because of color or race is invalid and
unenforceable under federal law.

EXHIBIT A, Legal Description – Solo Page

Lydia Smith

# EXHIBIT 1-A

01170332

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

VOL. **4202** PAGE **77**

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC. | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| TOM R. THOMPSON | § | Civil Action No. W-08-CA-105 |
| DBA | § | |
| THOMPSON TRUCKING, | § | |
| Defendant, | § | |
| | § | |
| v. | § | |
| | § | |
| SAM KHOLI, | § | |
| Third-Party Defendant. | § | |

### ABSTRACT OF JUDGMENT

I, WILLIAM G. PUTNICKI, Clerk, United States District Court for the Western District of Texas, DO HEREBY CERTIFY:

THAT in the United States District Court for the Western District of Texas, Waco Division, in civil cause of action number W-08-CA-105, styled *Sam Kholi Enterprises, Inc., Plaintiff v. Tom R. Thompson DBA Thompson Trucking, Defendant v. Sam Kholi, Third-Party Defendant*, the said Tom R. Thompson DBA Thompson Trucking, Defendant/Counter-Plaintiff, recovered judgment against the Plaintiff/Counter-Defendant, Sam Kholi Enterprises, Inc., and the Third-Party Defendant, Sam Kholi, Individually;

THAT the Amended Judgment was rendered by this Court on the 23rd day of October, 2009, in the amount of $2,316,670.00 with interest accruing thereon at the rate of .48 percent (.48%) PER ANNUM, commencing from the 23rd day of October, 2009, until paid, plus attorneys' fees in the amount of $30,569.08, and pre-judgment interest in the amount of $132,189.00;

THAT the judgment is entitled to no credits.

WITNESS my official signature and seal of this Court, in the city of Waco, State of Texas, this _15th_ day of March, 2010.

William G. Putnicki, Clerk of Court
United States District Court
Western District of Texas

By: _____

ABSTRACT OF JUDGMENT

033246/43351

Lydia Smith

EXHIBIT 1-B

VOL. **4202** PAGE   **78**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SAM KHOLI ENTERPRISES, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. W-08-CV-105 |
| | § | |
| TOM R. THOMPSON, D/B/A | § | |
| THOMPSON TRUCKING, | § | |
|     Defendant. | § | |

### AMENDED JUDGMENT

On June 1 through 4, 2009, this case came on for trial before the Court and

a jury.  In accordance with the jury's verdict, and Orders entered by the Court in

this case, the Court enters final judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED that Defendant/Counter-

Plaintiff, Tom R. Thompson, d/b/a Thompson Trucking, have and recover

judgment of and from, jointly and severally, Plaintiff Sam Kholi Enterprises, Inc.

and Counter-Defendant Sam Kholi, individually, the amount of $2,316,670.00,

plus post-judgment interest at the rate of .46% from the date of this judgment until

the Court's final judgment is satisfied.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

Defendant/Counter-Plaintiff, Tom R. Thompson, d/b/a Thompson Trucking, have

and recover attorney's fees of and from, jointly and severally, Plaintiff Sam Kholi

Enterprises, Inc. and Counter-Defendant Sam Kholi, individually, the amount of

$30,569.08.



**EXHIBIT 1-B**

VOL. 4 2 0 2 PAGE   79

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant/Counter-Plaintiff, Tom R. Thompson, d/b/a Thompson Trucking, have and recover pre-judgment interest of and from, jointly and severally, Plaintiff Sam Kholi Enterprises, Inc. and Counter-Defendant Sam Kholi, individually, the amount of $132,189.00.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff Sam Kholi Enterprises, Inc. and Counter-Defendant Sam Kholi, individually recover nothing of and from Defendant/Counter-Plaintiff, Tom R. Thompson d/b/a Thompson Trucking.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that costs of Court are assessed, jointly and severally, against Plaintiff, Sam Kholi Enterprises, Inc., and Counter-Defendant, Sam Kholi, individually.

SIGNED on this 23rd day of October, 2009.

WALTER S. SMITH, JR.
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT 1-B**

VOL. 4202 PAGE 80

Filed AND Recorded
OFFICIAL PUBLIC RECORDS
Dat Mar 23,2010 at 08:30A

Receipt# - 141587

Document Number      011703323

Amount               24.00

Julie Smith
County Clerk, Potter County

by_____ ,Deputy

STATE OF TEXAS          COUNTY OF POTTER
I hereby certify that this instrument was
FILED on this date and at this time stamped
hereon by me and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS OF POTTER COUNTY TEXAS,
in the volume and page as shown.

Julie Smith, County Clerk
Potter County

By_____ ,Deputy

Any provision herein which restricts the sale,
rental or use of the described real property
because of color or race is invalid and
unenforceable under federal law.

Return to:
Kevin Bonner
Baird Crews Schiller & Whitaker
15 N Main St
Temple Tx 76501

**EXHIBIT 1-B**

VOL. **4279** PAGE **645**

01186573

### Appointment of Substitute Trustee

Date: December 7, 2010

Deed of Trust:

       Date: August 3, 2009

       Grantor: Sam Kholi Enterprises, Inc.

       Trustee: Pierre El-Khoauli

       Original beneficiary: Pierre El-Khoauli

       Recording information: Volume 4139, Page 474, Real Property Records, Potter County, Texas

       Property: Lot 1-A, Block 1, Pilot Acres Unit No. 2, being a replat of Lot 1, Block 1, Pilot Acres Unit No. 1, an addition to the City of Amarillo, and an unplatted portion of Section 52, Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof recorded in Volume 2175, Page 675 of the Official Records of Potter County, Texas; Lot 3, Block 1, Pilot Acres Unit No. 5, an addition to the City of Amarillo, being an unplatted tract of land out of Sections 52 and 59, Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof recorded in Volume 2743, Page 520 of the Official Public Records of Potter County, Texas; including all personal property and fixtures secured by the security agreement included in the Deed of Trust.

Current Beneficiary under Deed of Trust ("Beneficiary")

       Name: Pierre El-Khoauli

       Mailing address: 9454 Stargaze Ave., San Diego, CA 92129

Substitute Trustee

       Name: John A. Wise or Thomas Smith

       Mailing address: 4054 McKinney Avenue, Suite 310, Dallas, TX 75204

       A contingency stated in the Deed of Trust as a condition precedent for the appointment of a Substitute Trustee has occurred.

       The Deed of Trust provides that Beneficiary may appoint a Substitute Trustee by a designation in writing.

## EXHIBIT 1-C

VOL. **4279** PAGE **646**

Beneficiary appoints John A. Wise or Thomas Smith as Substitute Trustee under the Deed of Trust, to act under and by virtue of the Deed of Trust.

Beneficiary requests Substitute Trustee to foreclose the lien of the Deed of Trust against the collateral pledged.

_____
Pierre El Khoauli, Beneficiary

STATE OF CALIFORNIA

COUNTY OF _____

Before me, a notary public, on this day personally appeared Pierre El-Khoauli known to me/proved to me on the oath of _____ [name of witness]/proved to me through _____ [description of identity card or other document] to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this _____ day of _____, 2010.

_____ *See Below _____
Notary Public, State of California
My commission expires: _____

State of California, County of San Diego
On Dec. 10, 2010 before me, Ramon Cedillo, Notary Public,
Personally appeared _Pierre El Khaouli_
who proved to me on the basis of satisfactory evidence to be the person
whose name(s) is/are subscribed to the within instrument and acknowledged
to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

[seal]  ROMAN CEDILLO
        COMM # 1827370
        NOTARY PUBLIC-CALIFORNIA
        SAN DIEGO COUNTY
        My Comm. Exp. Mar 16 2013

**EXHIBIT 1-C**

VOL. **4279** PAGE **647**

Filed AND Recorded
OFFICIAL PUBLIC RECORDS
On: Dec 14,2010 at 02:35P

Receipt# - 151781

Document Number          01186573:

Amount                   20.00

Julie Smith
County Clerk, Potter County

by _____ ,Deputy

STATE OF TEXAS            COUNTY OF POTTER
   I hereby certify that this instrument was
FILED on this date and at this time stamped
hereon by me and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS OF POTTER COUNTY TEXAS,
in the volume and page as shown.

Julie Smith, County Clerk
Potter County

By_____ ,Deputy

Any provision herein which restricts the sale,
rental or use of the described real property
because of color or race is invalid and
unenforceable under federal law.

**COUNTY CLERK'S MEMO**

Portions of this document may
not be legible and/or reproducible
when received for recording.

*Return to: env*
*John Wise*
*4054 McKinney Ave*
*Suite 310*
*Dallas TX 75204*

**EXHIBIT 1-C**

VOL. **4285** PAGE **535**

### AFFIDAVIT FOR SUBSTITUTE TRUSTEE

THE STATE OF TEXAS     *

                        *        KNOW ALL PERSONS BY THESE PRESENTS:

COUNTY OF POTTER     *

       The undersigned, having knowledge of the matters hereinafter set forth, after being duly sworn, deposes and states under oath as follows:

       "My name is John A. Wise. I am competent to make this Affidavit. The facts stated in this Affidavit are within my personal knowledge and are true and correct.

       Under the direction of Pierre El-Khoauli, the legal holder of the deed of trust described below and of the obligations secured thereby, I, as the Substitute Trustee appointed to enforce the power of sale contained in that certain Deed of Trust recorded at Volume 4139, Page 474, Real Property Records, Potter County, Texas (the "Deed of Trust"), securing the payment of a Promissory Note dated May, 2008, in the original principal amount of $1,150,000.00, executed by Sam Kholi Enterprises, Inc., and payable to the order of Pierre El-Khoauli (the "Note"), did the following:

       At approximately 5:00 p.m., local time, on the 14th day of December, 2010, I accelerated the debt evidenced by the Note and served a true and correct copy of the attached Notice of Foreclosure Sale on the following party by depositing same, postage prepaid, certified mail, return receipt requested, in a post office of the U.S. Postal Service. The party served with notice and its address is as follows:

       Sam Kholi Enterprises, Inc.
       301 Sea Ridge Dr.
       La Jolla, CA 92037

       Attached is a copy of the USPS green card evidencing receipt thereof.

       Further, on January 4, 2011, at approximately *1:02* p.m. o'clock, I conducted the foreclosure sale at the area specified in the Notice of Foreclosure Sale and sold the property described therein to *Pierre El-Khoauli*.

       Further, on December 7, 2010, said Sam Kholi Enterprises, Inc. waived any requirement of written request of payment under the note or notice of intent to accelerate the Note. Further, affiant sayeth not."

                                     John A. Wise

**EXHIBIT 1-D**

VOL. **4285** PAGE **536**

SUBSCRIBED AND SWORN TO John A. Wise before me, the undersigned authority, on this the ___4th___ day of January, 2011.

PRINT, STAMP OR TYPE
NOTARY'S NAME AND
COMMISSION EXPIRATION DATE

Notary Public, State of Texas

MARGARITA OLIVA
Notary Public
State of Texas
Comm. Expires 09-24-2014

THE STATE OF TEXAS    *
                              *

COUNTY OF DALLAS    *

BEFORE ME, the undersigned authority, on this day personally appeared John A. Wise known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that she executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

GIVEN UNDER MY HAND AND SEAL OF OFFICE this the ___4th___ day of January, 2011.

PRINT, STAMP OR TYPE
NOTARY'S NAME AND
COMMISSION EXPIRATION DATE

Notary Public, State of Texas

MARGARITA OLIVA
Notary Public
State of Texas
Comm. Expires 09-24-2014

# EXHIBIT 1-D

VOL. **4285** PAGE **537**

### Notice of Foreclosure Sale

1.   *Property to Be Sold.*   The property to be sold is described as follows:

> Lot 1-A. Block 1. Pilot Acres Unit No. 2. being a replat of Lot 1. Block 1, Pilot Acres Unit No. 1. an addition to the City of Amarillo. and an unplatted portion of Section 52, Block 2. A.B. & M. Survey. Potter County. Texas. according to the map or plat thereof recorded in Volume 2175. Page 675 of the Official Records of Potter County. Texas; Lot 3. Block 1. Pilot Acres Unit No. 5. an addition to the City of Amarillo. being an unplatted tract of land out of Sections 52 and 59. Block 2. A.B. & M. Survey. Potter County. Texas. according to the map or plat thereof recorded in Volume 2743. Page 520 of the Official Public Records of Potter County. Texas; including all personal property secured by the security agreement included in the Deed of Trust.

2.   *Instrument to be Foreclosed.*   Deed of Trust and Security Agreement dated August 3. 2009. from Sam Kholi Enterprises. Inc.. to Pierre El-Khoauli, Trustee. for the benefit of Pierre El-Khoauli. recorded at Volume 4139. Page 474. Real Property Records. Potter County. Texas. (the "Deed of Trust")

3.   *Date, Time, and Place of Sale.*   The sale is scheduled to be held at the following date, time. and place:

   Date:   January 4. 2011

   Time:   The sale will begin no earlier than 1:00 p.m. or no later than three hours thereafter. The sale will be completed by no later than 4:00 P.M.

   Place:   The auditorium on the 11th Floor of the Santa Fe Building. 900 S. Polk. Amarillo. Texas 79101. or as designated by the county commissioners.

   The Deed of Trust permits the beneficiary to postpone. withdraw. or reschedule the sale for another day. In that case. the Trustee or Substitute Trustee under the Deed of Trust need not appear at the date. time. and place of a scheduled sale to announce the postponement. withdrawal. or rescheduling. Notice of the date of any rescheduled foreclosure sale will be reposted and refiled in accordance with the posting and filing requirements of the Texas Property Code. The reposting or refiling may be after the date originally scheduled for this sale.

4.   *Terms of Sale.*   The sale will be conducted as a public auction to the highest bidder for cash. subject to the provisions of the Deed of Trust permitting the beneficiary thereunder to have the bid credited to the note up to the amount of the unpaid debt secured by the Deed of Trust at the time of sale.

   Those desiring to purchase the Property will need to demonstrate their ability to pay cash on the day the Property is sold.

**COUNTY CLERK'S MEMO**
Portions of this document not
legible and/or reproducible when
received for recording

EXHIBIT T-D

VOL. **4285** PAGE   **538**

The sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the Property to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust. Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any.

Pursuant to the Deed of Trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property.

Pursuant to section 51.009 of the Texas Property Code, the Property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the Deed of Trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the Property.

Pursuant to section 51.0075 of the Texas Property Code, the Trustee or Substitute Trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the Trustee or any Substitute Trustee.

5.   *Type of Sale.*   The sale is a nonjudicial deed-of-trust lien and security interest foreclosure sale being conducted pursuant to the power of sale granted by the Deed of Trust executed by Sam Kholi Enterprises, Inc.

6.   *Obligations Secured.*   The Deed of Trust provides that it secures the payment of the indebtednesses and obligations therein described (collectively, the "Obligations") including but not limited to the Promissory Note dated as of May, 2008, in the original principal amount of $1,150,000.00, executed by Sam Kholi Enterprises, Inc., and payable to the order of Pierre El-Khoauli.  Pierre El-Khoauli is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

As of December 13, 2010, there was owed approximately $1,709,736.76 in principal and interest and late fees due on the said Promissory Note; in addition, lawyer's fees are owed under the Deed of Trust.

Questions concerning the sale may be directed to the undersigned or to the Beneficiary, Pierre El-Khoauli, at 9454 Stargaze Avenue, San Diego, CA 92129.

7.   *Default and Request to Act.*   Default has occurred under the Deed of Trust, and the Beneficiary has requested me, as substitute trustee, or Thomas Smith, as the other substitute trustee, to conduct this sale. Notice is given that before the sale the Beneficiary may appoint another person as substitute trustee to conduct the sale.

Dated: December 13, 2010.

**COUNTY CLERK'S MEMO**
Portions of this document not
legible and/or reproducible when
received for recording.

**EXHIBIT 1-D**

VOL. **4285** PAGE **539**

John A. Wise, Substitute Trustee
4050 McKinney Avenue, Suite 310
Dallas, TX 75204
214-520-0600
Fax: 214-559-3124

COUNTY CLERK'S MEMO
Portions of this document not
legible and/or reproducible when
received for recording.

**EXHIBIT 1-D**

VOL. **4285** PAGE **540**



SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

San Khuu, En-chean Esq
301 Sea River Dr.
La Jola, CA 92037

2. Article Number
(Transfer from service label)

7007 3020 0001 7428 0137

PS Form 3811, February 2004      Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

ANNEX
AUG 28
2011
LA JAC

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Ret to—
John Wise
4004 McKinney Ave
Ste 310
Dallas, TX 75204

Filed AND Recorded
OFFICIAL PUBLIC RECORDS
Date Jan 04,2011 at 01:00P

Document Number 152441        81187673#
Amount        44.00

Julie Smith
County Clerk: Potter County

by _____ Deputy

STATE OF TEXAS          COUNTY OF POTTER
   I hereby certify that this instrument was
FILED on the date and at the time stamped
hereon by me and was duly RECORDED in the
OFFICIAL PUBLIC RECORDS OF POTTER COUNTY, TEXAS,
in the volume and page as shown.

Julie Smith, County Clerk
Potter County
By _____ Deputy

Any provision herein which restricts the sale,
rental or use of the described real property
because of color or race is invalid and
unenforceable under federal law.

COUNTY CLERK'S MEMO
Portions of this document may
not be legible and/or reproducible
when received for recording.

**EXHIBIT 1-D**

12/15/2010  18:43   8063742011              CROWN INVESTIGATIONS              PAGE  82

VOL. **4285** PAGE  **531**

## POSTING AND FILING AFFIDAVIT FOR REPRESENTATIVE OF TRUSTEE

THE STATE OF TEXAS     §
                             §    **KNOW ALL MEN BY THESE PRESENTS:**

COUNTY OF POTTER     §

L.T. FARIS appeared in person before me today and stated under oath:

"My name is L.T. Faris. I am competent to make this affidavit. The facts stated in this affidavit are within my person knowledge and are true and correct.

"Under the direction and at the request of John A. Wise, the Substitute Trustee appointed to enforce the power of sale contained in the Deed of Trust and Security Agreement dated August 3, 2009, executed by Sam Kholi Enterprises, Inc., to Pierre El-Khoauli, Trustee, filed for record at Volume 4139, page 474, Real Property Records, Potter County, Texas, securing payment of a note therein described, I did on December 14, 2010, post the Notice of Foreclosure Sale, a true and complete copy of which is attached as Exhibit A, at the officially designated place for the posting of notices of non judicial foreclosure sales in Potter County, Texas, which is located at _900 S Polk Amarillo Texas_____, at _1:10_ (a.m. or p.m.) and filed a duplicate of the notice of foreclosure sale with the county clerk's office of Potter County, Texas at _2:35_ (a.m. or p.m.) that same day."

_____
Affiant

SUBSCRIBED AND SWORN TO before me on the ____14th____ day of December, 2010.

_____
NOTARY PUBLIC, State of Texas

RANDAL W HOPPER
Notary Public, State of Texas
My Commission Expires
September 04, 2014

COUNTY CLERK'S MEMO
Portions of this document not
legible and/or reproducible when
received for recording.

## EXHIBIT 1-E

12/15/2010  10:43   8063742811            CROWN INVESTIGATIONS               PAGE  05
                                                                        Co Py

FILED AND RECORDED
OFFICIAL PUBLIC RECORDS
On: Dec 14,2010  at  02:38P

# 10647

### Notice of Foreclosure Sale

Receipt# - 151781

Amount            3.00

VOL. 4285 PAGE 532

1.   *Property to Be Sold.*   The property to be sold is described as follows:

Lot 1-A, Block 1, Pilot Acres Unit No. 2, being a replat of Lot 1, Block 1, Pilot Acres
Unit No. 1, an addition to the City of Amarillo, and an unplatted portion of Section 52,
Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof
recorded in Volume 2175, Page 675 of the Official Records of Potter County, Texas; Lot
3, Block 1, Pilot Acres Unit No. 5, an addition to the City of Amarillo, being an unplatted
tract of land out of Sections 52 and 59, Block 2, A.B. & M. Survey, Potter County,
Texas, according to the map or plat thereof recorded in Volume 2743, Page 520 of the
Official Public Records of Potter County, Texas; including all personal property secured
by the security agreement included in the Deed of Trust.

2.   *Instrument to be Foreclosed.*   Deed of Trust and Security Agreement dated August 3,
2009, from Sam Kholi Enterprises. Inc.. to Pierre El-Khoauli, Trustee, for the benefit of Pierre
El-Khoauli, recorded at Volume 4139, Page 474. Real Property Records. Potter County, Texas,
(the "Deed of Trust")

3.   *Date, Time, and Place of Sale.*   The sale is scheduled to be held at the following date,
time, and place:

Date:     January 4, 2011

Time:     The sale will begin no earlier than 1:00 p.m. or no later than three hours
          thereafter. The sale will be completed by no later than 4:00 P.M.

Place:    The auditorium on the 11th Floor of the Santa Fe Building, 900 S. Polk,
          Amarillo, Texas 79101, or as designated by the county commissioners.

The Deed of Trust permits the beneficiary to postpone, withdraw, or reschedule the sale
for another day  In that case, the Trustee or Substitute Trustee under the Deed of Trust need not
appear at the date, time, and place of a scheduled sale to announce the postponement,
withdrawal, or rescheduling. Notice of the date of any rescheduled foreclosure sale will be
reposted and refiled in accordance with the posting and filing requirements of the Texas Property
Code. The reposting or refiling may be after the date originally scheduled for this sale.

4.   *Terms of Sale.*   The sale will be conducted as a public auction to the highest bidder for
cash, subject to the provisions of the Deed of Trust permitting the beneficiary thereunder to have
the bid credited to the note up to the amount of the unpaid debt secured by the Deed of Trust at
the time of sale

Those desiring to purchase the Property will need to demonstrate their ability to pay cash
on the day the Property is sold.

COUNTY CLERK'S MEMO
Portions of this document not
legible and/or reproducible when
received for recording

## EXHIBIT 1-E

12/15/2010  18:43   8063742011          CROWN INVESTIGATIONS                    PAGE  06

VOL. **4285** PAGE **533**

The sale will be made expressly subject to any title matters set forth in the Deed of Trust, but prospective bidders are reminded that by law the sale will necessarily be made subject to all prior matters of record affecting the Property to the extent that they remain in force and effect and have not been subordinated to the Deed of Trust  Prospective bidders are strongly urged to examine the applicable property records to determine the nature and extent of such matters, if any.

Pursuant to the Deed of Trust, the beneficiary has the right to direct the Trustee to sell the property in one or more parcels and/or to sell all or only part of the property.

Pursuant to section 51.009 of the Texas Property Code, the Property will be sold in "as is, where is" condition, without any express or implied warranties, except as to the warranties of title (if any) provided for under the Deed of Trust. Prospective bidders are advised to conduct an independent investigation of the nature and physical condition of the Property.

Pursuant to section 51.0075 of the Texas Property Code, the Trustee or Substitute Trustee reserves the right to set further reasonable conditions for conducting the sale. Any such further conditions shall be announced before bidding is opened for the first sale of the day held by the Trustee or any Substitute Trustee

5.      *Type of Sale.*   The sale is a nonjudicial deed-of-trust lien and security interest foreclosure sale being conducted pursuant to the power of sale granted by the Deed of Trust executed by Sam Kholi Enterprises, Inc.

6.      *Obligations Secured*   The Deed of Trust provides that it secures the payment of the indebtedness and obligations therein described (collectively, the "Obligations") including but not limited to the Promissory Note dated as of May, 2008, in the original principal amount of $1,150,000.00, executed by Sam Kholi Enterprises, Inc., and payable to the order of Pierre El-Khoauli.  Pierre El-Khoauli is the current owner and holder of the Obligations and is the beneficiary under the Deed of Trust.

As of December 13, 2010, there was owed approximately $1,709,736.76 in principal and interest and late fees due on the said Promissory Note; in addition, lawyer's fees are owed under the Deed of Trust.

Questions concerning the sale may be directed to the undersigned or to the Beneficiary, Pierre El-Khoauli, at 9454 Stargaze Avenue, San Diego, CA 92129.

7.      *Default and Request to Act.*   Default has occurred under the Deed of Trust, and the Beneficiary has requested me, as substitute trustee, or Thomas Smith, as the other substitute trustee, to conduct this sale. Notice is given that before the sale the Beneficiary may appoint another person as substitute trustee to conduct the sale.

Dated: December 13, 2010.

COUNTY CLERK'S MEMO
Portions of this document not
legible and/or reproducible when
received for recording.

## EXHIBIT 1-E

12/15/2010  10:43   8063742811              CROWN INVESTIGATIONS               PAGE  07

VOL. **4285** PAGE  **534**

John A. Wise, Substitute Trustee
4054 McKinney Avenue, Suite 310
Dallas, TX 75204
214-520-0600
Fax. 214-559-3124

# EXHIBIT 1-E

VOL. **4285** PAGE **528**

**Foreclosure Sale Deed**

01187673

Date: January 4, 2011

Deed of Trust ("Deed of Trust")

    Date: August 3, 2009

    Grantor: Sam Kholi Enterprises, Inc.

    Original Beneficiary: Pierre El-Khoauli

    Current Beneficiary: Pierre El-Khoauli

    Trustee: Pierre El-Khoauli, Trustee

    Substitute Trustee: John A. Wise or Thomas Smith

    Recording Information: Volume 4139, Page 474, Real Property Records, Potter County, Texas

    Property: Being Lot 1-A, Block 1, Pilot Acres Unit No. 2, being a replat of Lot 1, Block 1, Pilot Acres Unit No. 1, an addition to the City of Amarillo, and an unplatted portion of Section 52, Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof recorded in Volume 2175, Page 675 of the Official Records of Potter County, Texas; Lot 3, Block 1, Pilot Acres Unit No. 5, an addition to the City of Amarillo, being an unplatted tract of land out of Sections 52 and 59, Block 2, A.B. & M. Survey, Potter County, Texas, according to the map or plat thereof recorded in Volume 2743, Page 520 of the Official Public Records of Potter County, Texas; including all personal property secured by the security agreement included in the Deed of Trust, together with any personal property secured by the security agreement in the Deed of Trust

Note Secured by Deed of Trust (Note)

    Date: May, 2008

    Maker, Sam Kholi Enterprises, Inc.

    Original Principal Amount: $1,150,000.00

    Original Payee: Pierre El-Khoauli

    Current Holder: Pierre El-Khoauli

Date of Sale of Property (first Tuesday of month): January 4, 2011

**EXHIBIT 1-F**

VOL. **4285** PAGE   **529**

Time Sale of Property Began: **1:02** p.m.

Place of Sale of Property: The auditorium on the 11th Floor of the Santa Fe Building, 900 S.
Polk, Amarillo, Texas 79101, or as designated by the county commissioners.

Buyer: Pierre El-Khoauli

Buyer's Mailing Address: 9454 Stargaze Ave., San Diego, CA 92129

Amount of Sale: $ **600,000.00**

By the Deed of Trust, Grantor conveyed to Pierre El-Khoauli, as Trustee, certain property
for the purpose of securing and enforcing payment of the indebtedness and obligations therein
described (collectively, the Obligations), including, but not limited, to the Note and all renewals
and extensions of the Note to the original Beneficiary.

A contingency stated in the Deed of Trust as a condition precedent for the appointment of
a substitute trustee occurred, and John A. Wise or Thomas Smith was appointed by an
Appointment of Substitute Trustee executed by Pierre El Khoauli, dated December 7, 2010, and
recorded as Document No 01186573 of the Real Property Records of Potter County, Texas.

Default has occurred in the payment of the Obligations when due. The unpaid balance of
the principal of the Obligations was accelerated, and default has occurred and is continuing in the
payment of the Obligations. Pierre El-Khoauli, the current Holder of the Obligations and the
current Beneficiary of the Deed of Trust, requested John A. Wise or Thomas Smith, as Substitute
Trustee, to enforce the trust of the Deed of Trust.

Pursuant to the requirements of the Deed of Trust and the laws of the state of Texas,
written notice of the time, place, date, and terms of the public foreclosure sale of the Property
was posted at the courthouse door of Potter County, Texas, the county in which the Property is
situated, and a copy of the notice was also filed with the county clerk of Potter County, Texas,
each notice having been posted and filed for at least twenty-one days preceding the date of the
foreclosure sale.

Additionally, written notice of the time, date, place, and terms of the foreclosure sale was
served on behalf of the current Beneficiary by certified mail on each debtor who, according to
the records of the current Beneficiary, is obligated to pay any of the Obligations. The certified-
mail notices were timely sent by depositing the notices in the United States mail, postage prepaid
in proper amount, and addressed to each debtor at the debtor's last known address as shown by
the records of the current Beneficiary at least twenty-one days preceding the date of the
foreclosure.

Attached is a true and correct copy of two affidavits regarding posting and filing and
mailing of notice of foreclosure sale and conduct of the foreclosure sale.

## EXHIBIT 1-F

VOL. **4285** PAGE  **530**

In consideration of the premises and of the bid and payment by way of credit against the unpaid balance owed on the Obligations of the amount of $600,000. ——, the highest bid by Buyer. I, as Substitute Trustee. by virtue of the authority conferred on me in the Deed of Trust, have granted, sold, and conveyed all of the Property to Buyer and Buyer's heirs and assigns, to have and to hold the Property, together with the rights, privileges, and appurtenances thereto belonging unto Buyer and Buyer's heirs and assigns forever.

I, as the Substitute Trustee, do hereby bind Grantor and Grantor's heirs and assigns to warrant and forever defend the Property to Buyer and Buyer's heirs and assigns forever, against the claim or claims of all persons claiming the same or any part thereof.

And in consideration of the premises and of the payment of the above-referenced amount, I, as Substitute Trustee. hereby grant, bargain sell and convey to Buyer all personal property secured by the security agreement in the Deed of Trust. to have and to hold, all and singular, to Buyer and Buyer's heirs and assigns to use forever, but on the condition that it is sold "as is" and "where is" and without further warranty.

Executed on January 4, 2011.

_____
John A. Wise. Substitute Trustee

STATE OF TEXAS           )

COUNTY OF POTTER         )

BEFORE ME, the undersigned authority, on this day personally appeared John A. Wise, as Substitute Trustee. known to me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and consideration therein expressed and in the capacity therein stated.

Given under my hand and seal of office this ___4th___ day of ___January___, 2011.

_____
Notary Public, State of Texas

MARGARITA OLIVA
Notary Public
State of Texas
Comm. Expires 09-24-2014

**EXHIBIT 1-F**

POTTER-RANDALL  POTTER TAX OFFICE  www.prad.org
APPRAISAL DISTRICT  RANDALL COU

## PROPERTY SEARCH

**Account #: R-061-8970-0001.0**

### RHODE ISLAND CENTER INC

18730 POLVERA DR

SAN DIEGO,CA 92128-1133

[ Address Not Correct? ]

| | |
|---|---|
| **Tax District:** | 116 P F I C J |
| **PCA Code:** | 0021 COM PROPERTY WITH IMPROVEMENTS |
| **Property Address:** | 11301 E IH 40 |
| **MAP:** | V12 |
| **Tax Year:** | 2012 |
| **Last Updated:** | 10/12/2012 5:17:27 AM |

Sidebar menu:
- eral Information
- perty Search
- riff's Sales
- nD Public Meetings
- Parcel Query
- es Of Exemptions
- nitions
- s

perty Search
l Estate:
:count Number
mer Name
perty Address

iness or Personal:
:count Number
siness Name
perty Address




### VALUE SUMMARY

| | |
|---|---|
| **Building Value** | $447,827 |
| **Extra Feature Value** | $107,516 |
| **Land Value (Market)** | $47,284 |
| **Land Value (Agriculture)** | $0 |
| **Appraised Value** | $602,627 |
| **Homestead CAP Value** | $0 |
| **Acreage** | 4.34 |

### DISTRICT VALUES

| Taxing District | Exemptions | Taxable Value |
|---|---|---|
| P - POTTER COUNTY | $0 | $602,627 |
| F - CITY OF AMARILLO | $0 | $602,627 |
| I - HIGHLAND PARK ISD | $0 | $602,627 |
| C - AMARILLO JUNIOR COLLEGE | $0 | $602,627 |
| J - PANHANDLE GROUNDWATER | $0 | $602,627 |

### SALES HISTORY

| Volume / Clerk Year | Page / Clerk ID | Date | Type Inst | Grantor | Grantee |
|---|---|---|---|---|---|
| 4428 / 0 | 0584 / | 2/24/2011 | WD | EL-KHOAULI PIERRE | RHODE ISLAND CENTER INC |
| 4285 / 0 | 0528 / | 1/4/2011 | FD | SAM KHOLI ENTERPRISES INC | EL-KHOAULI PIERRE |
| 4064 / 0 | 0498 / | 12/23/2008 | WD | BRIGHTON LLC | SAM KHOLI ENTERPRISES INC |
| 3462 / 0 | 0633 / | 4/28/2004 | WD | PILOT TEXAS LLC | BRIGHTON LLC |
| 3121 / 0 | 0848 / | 8/30/2001 | WD | PILOT OIL CORP | PILOT TEXAS LLC |
| 1819 / 0 | 0339 / | 11/24/1986 | WD | | PILOT OIL CORP |

## BUILDING 1

| Style | Base Area | Quality | Adj Rate | AYB | EYB | % GOOD | Appraised Value |
|---|---|---|---|---|---|---|---|
| TR | 7,787 | D | $71.47 | 1987 | 0 | 60.00% | $333,922 |

### BUILDING CHARACTERISTICS

| Category | Code / Units | Adjustment |
|---|---|---|
| EXTERIOR | MASONRY VENEER | $0.00 |
| HTG/COOLING | WARM & COOLED AIR | $0.00 |

EXHIBIT 1-G

| STORY | 1.00 | $0.00 |
|---|---|---|
| WALL HEIGHT | 14.00 | $0.00 |

**11301 E IH 40**

New Privacy Law Makes Some Appraisal Information Unavailable on Appraisal District Websites

As the result of legislation enacted by the 79th Texas Legislature, some information formerly carried in the property records on appraisal district websites will no longer be available over the Internet.

SB 541, effective September 1, 2005, provides that appraisal district websites cannot display photographs, sketches, or floor plans of an improvement to real property that is designed primarily for use as a human residence.

On the Potter-Randall Appraisal District website, www.prad.org , the change will impact all photographs and sketches. PRAD had not previously placed property photographs on its website.

The bill was passed as a public safety measure. While the information will no longer be available on appraisal district websites, it can be accessed under the Texas Public Information Act. Please contact the appraisal district office.

## BUILDING SUBAREAS

| Area Type | Gross Area | Base Area | Perimeter | Replacement Cost New |
|---|---|---|---|---|
| BASE | 7,787 | 7,787 | 378 | $556,537 |
| Totals | 7,787 | 7,787 | 378 | $556,537 |

# BUILDING 2

| Style | Base Area | Quality | Adj Rate | AYB | EYB | % GOOD | Appraised Value |
|---|---|---|---|---|---|---|---|
| GS | 3,600 | A | $31.96 | 2009 | 2010 | 99.00% | $113,905 |

## BUILDING CHARACTERISTICS

| Category | Code / Units | Adjustment |
|---|---|---|
| EXTERIOR | SIDING/SHINGLE/METAL | $0.00 |
| HTG/COOLING | NONE | $0.00 |
| ROOMS | 0.00 | $0.00 |
| STORY | 0.00 | $0.00 |
| WALL HEIGHT | 22.00 | $0.00 |

**11301 E IH 40**

New Privacy Law Makes Some Appraisal Information Unavailable on Appraisal District Websites

As the result of legislation enacted by the 79th Texas Legislature, some information formerly carried in the property records on appraisal district websites will no longer be available over the Internet.

SB 541, effective September 1, 2005, provides that appraisal district websites cannot display photographs, sketches, or floor plans of an improvement to real property that is designed primarily for use as a human residence.

On the Potter-Randall Appraisal District website, www.prad.org , the change will impact all photographs and sketches. PRAD had not previously placed property photographs on its website.

The bill was passed as a public safety measure. While the information will no longer be available on appraisal district websites, it can be accessed under the Texas Public Information Act. Please contact the appraisal district office.

## BUILDING SUBAREAS

| Area Type | Gross Area | Base Area | Perimeter | Replacement Cost New |
|---|---|---|---|---|
| BASE | 3,600 | 3,600 | 260 | $115,056 |
| Totals | 3,600 | 3,600 | 260 | $115,056 |

# EXTRA FEATURES

| | Code | Description | BLD | Length | Width | Units | Adj. Unit Price | AYB | EYB | % Good | Appraised Value |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 0330 | ASPHALT | 1 | 215 | 319 | 68,585.00 | $1.16 | 0 | 0 | 50% | $39,608 |
| 2 | 1213 | COMCPYD | 1 | 48 | 70 | 3,360.00 | $12.92 | 0 | 0 | 50% | $21,706 |

EXHIBIT 1-G

| 5 | 1220 | CONBLKF | 1 | 3 | 85 | 255.00 | $5.78 | 0 | 0 | 50% | $737 |
|---|------|---------|---|---|----|--------|-------|---|---|-----|------|

## LAND LINES

| Use Use Description | Zone | Front | Depth | Units | UT TP | Total Adjust | Unit Price | Adjusted Unit Price | Land Value |
|---------------------|------|-------|-------|-------|-------|--------------|------------|---------------------|------------|
| 1 COMM SQ FT | A | 0.00 | 0.00 | 189,138.00 | SF | 100% | $0.25 | $0.25 | $47,284 |

## LEGAL LINES

| Legal Description |
|-------------------|
| PILOT ACRES # 2 |
| LOT 01A BLOCK 0001 |

## TAXES

### POTTER COUNTY TAX INFORMATION

| TAX YEAR | | 2012 |
|----------|--|------|
| ACCOUNT NUMBER | | R-061-8970-0001.0 |

| TAXING UNIT | TAX RATE | ASSESSED TAXES |
|-------------|----------|----------------|
| POTTER COUNTY | 0.62707 | $3,778.90 |
| CITY OF AMARILLO | 0.32009 | $1,928.95 |
| PANHANDLE GROUNDWATER | 0.00887 | $53.45 |
| AMARILLO JUNIOR COLLEGE | 0.19950 | $1,202.24 |
| HIGHLAND PARK ISD | 1.16744 | $7,035.31 |

| PAYMENT SUMMARY | |
|-----------------|--|
| BASE TAXES | $13,998.85 |
| PID ASSESSMENT | $0.00 |
| PENALTY & INTEREST | $0.00 |
| TOTAL TAXES PAID | $0.00 |
| DATE OF LAST PAYMENT | |
| AMOUNT STILL DUE | $13,998.85 |
| BASE WITHOUT EXEMPTIONS, CAPPED VALUE OR PENALTY | $13,998.84 |

| ACCOUNT INFORMATION | |
|---------------------|--|
| MAKE CHECKS PAYABLE TO FULL OR PARTIAL PAYMENTS ACCEPTED | ROBERT MILLER, COLLECTOR PO BOX 2289 AMARILLO, TX 79105 (806) 342-2601 |
| WANT TO PAY YOUR TAXES ONLINE? | [ CLICK HERE ] |
| JURISDICTION | 6141 |
| LAST UPDATED | 10/11/2012 |

EXHIBIT 1-G

# TEXAS SECRETARY of STATE
# HOPE ANDRADE

UCC | **Business Organizations** | Trademarks | Notary | Account | **Help/Fees** | **Briefcase** | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801388233 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | February 24, 2011 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32043688061 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| | | | |
| **Name:** | Rhode Island Center Inc. | | |
| **Address:** | 11301-I 40E | | |
| | AMARILLO, TX 79118-0000 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Name | | Address | | Inactive Date | |
| Pierre El-Khaouli | | 11301-I 40E Amarillo, TX 79118 USA | | | |

[ Order ]  [ Return to Search ]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.

EXHIBIT 1-H

# TEXAS SECRETARY of STATE
## HOPE ANDRADE

UCC | **Business Organizations** | Trademarks | Notary | Account | Help/Fees | Briefcase | Logout

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801388233 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | February 24, 2011 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32043688061 | **FEIN:** | |
| **Duration:** | Perpetual | | |
| | | | |
| **Name:** | Rhode Island Center Inc. | | |
| **Address:** | 11301-I 40E | | |
| | AMARILLO, TX 79118-0000 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| 🔲 | 356522480006 | Certificate of Formation | February 24, 2011 | February 24, 2011 | No | 1 |

[ Order ]   [ Return to Search ]

Instructions:
- To place an order for additional information about a filing press the 'Order' button.

EXHIBIT 1-H

| **Form 201**<br>Secretary of State<br>P.O. Box 13697<br>Austin, TX 78711-3697<br>FAX: 512/463-5709<br><br>Filing Fee: $300 | <br>**Certificate of Formation<br>For-Profit Corporation** | **Filed in the Office of the<br>Secretary of State of Texas**<br>Filing #: 801388233 02/24/2011<br>Document #: 356522480006<br>Image Generated Electronically<br>for Web Filing |
|---|---|---|

| Article 1 - Entity Name and Type |
|---|

The filing entity being formed is a for-profit corporation. The name of the entity is:

**Rhode Island Center Inc.**

The name must contain the word "corporation," "company," "incorporated," "limited," or an abbreviation of one of these terms. The name must not be the same as, deceptively similar to or similar to that of an existing corporate, limited liability company, or limited partnership name on file with the secretary of state. A preliminary check for "name availability" is recommended.

| Article 2 – Registered Agent and Registered Office |
|---|

☐A. The initial registered agent is an organization (cannot be corporation named above) by the name of:

**OR**

☑B. The initial registered agent is an individual resident of the state whose name is set forth below:

Name:
**Pierre   El-Khaouli**

C. The business address of the registered agent and the registered office address is:

Street Address:
**11301-I 40E   Amarillo TX 79118**

| Consent of Registered Agent |
|---|

☐A. A copy of the consent of registered agent is attached.

**OR**

☑B. The consent of the registered agent is maintained by the entity.

| Article 3 - Directors |
|---|

The number of directors constituting the initial board of directors and the names and addresses of the person or persons who are to serve as directors until the first annual meeting of shareholders or until their successors are elected and qualified are set forth below:

Director 1: **Pierre   El-Khaouli**

Address: **4626 Albuquerque St.   San Diego  CA, USA  92109**

| Article 4 - Authorized Shares |
|---|

The total number of shares the corporation is authorized to issue and the par value of each of such shares, or a statement that such shares are without par value, is set forth below.

| Number of Shares | Par Value (must choose and complete either A or B) | Class | Series |
|---|---|---|---|
| **1500** | ☑ A. has a par value of **$0.01**<br>☐ B. without par value. | | |

If the shares are to be divided into classes, you must set forth the designation of each class, the number of shares of each class, and the par value (or statement of no par value), of each class. If shares of a class are to be issued in series, you must provide the designation of each series. The preferences, limitations, and relative rights of each class or series must be stated in space provided for supplemental information.

| Article 5 - Purpose |
|---|

The purpose for which the corporation is organized is for the transaction of any and all lawful business for which corporations may be organized under the Texas Business Organizations Code.

| Supplemental Provisions / Information |
|---|

The attached addendum, if any, is incorporated herein by reference.

**EXHIBIT 1-H**

| Effectiveness of Filing |
|---|
| ☑A. This document becomes effective when the document is filed by the secretary of state. |
| **OR** |
| ☐B. This document becomes effective at a later date, which is not more than ninety (90) days from the date of its signing. The delayed effective date is: |

| Organizer |
|---|
| The name and address of the organizer is set forth below. |
| **Meghan Record         23586 Calabasas Rd. Suite 102 Calabasas CA 91302** |

| Execution |
|---|
| The undersigned affirms that the person designated as registered agent has consented to the appointment. The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument and certifies under penalty of perjury that the undersigned is authorized under the provisions of law governing the entity to execute the filing instrument. |
| **Meghan Record** |
| Signature of organizer |

FILING OFFICE COPY

**EXHIBIT 1-H**

# TEXAS SECRETARY of STATE
# HOPE ANDRADE

UCC | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** | **Logout**

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| Filing Number: | 801388233 | Entity Type: | Domestic For-Profit Corporation |
| Original Date of Filing: | February 24, 2011 | Entity Status: | In existence |
| Formation Date: | N/A | | |
| Tax ID: | 32043688061 | FEIN: | |
| Duration: | Perpetual | | |
| | | | |
| Name: | Rhode Island Center Inc. | | |
| Address: | 11301-I 40E | | |
| | AMARILLO, TX 79118-0000 USA | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Name | | Name Status | Name Type | Name Inactive Date | Consent Filing # |
| Rhode Island Center Inc. | | In use | Legal | | |

[ Order ]   [ Return to Search ]

Instructions:

● To place an order for additional information about a filing press the 'Order' button.

**EXHIBIT 1-H**

# TEXAS SECRETARY of STATE
# HOPE ANDRADE

<u>UCC</u> | <u>Business Organizations</u> | <u>Trademarks</u> | <u>Notary</u> | <u>Account</u> | <u>Help/Fees</u> | <u>Briefcase</u> | <u>Logout</u>

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 801388233 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | February 24, 2011 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32043688061 | **FEIN:** | |
| **Duration:** | Perpetual | | |

**Name:** Rhode Island Center Inc.
**Address:** 11301-I 40E
AMARILLO, TX 79118-0000 USA

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|
| Last Update February 24, 2011 | Name Pierre El-Khaouli | Title Director | Address 4626 Albuquerque St. San Diego, CA 92109 USA | | |

[ Order ]   [ Return to Search ]

<u>Instructions:</u>
● To place an order for additional information about a filing press the 'Order' button.

**EXHIBIT 1-H**

1

```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TEXAS
                      WACO DIVISION

SAM KHOLI ENTERPRISES, INC., )(
                             )(
       Plaintiff,            )(
                             )(
VS.                          )(        CIVIL ACTION
                             )(        NO. W-08-CA-105
TOM R. THOMPSON d/b/a        )(
THOMPSON TRUCKING,           )(
                             )(
       Defendant,            )(
                             )(
VS.                          )(
                             )(
SAM KHOLI,                   )(
                             )(
       Third-Party Defendant.)(


----------------------------------------------------------

       POST JUDGMENT ORAL DEPOSITION OF SAM KHOLI

----------------------------------------------------------



                       I N D E X
                       - - - - -
DIRECT EXAMINATION
       By Mr. Crews ------------------------------------   4
```

## EXHIBIT 2

2

|  |  | E X H I B I T S | Page Marked |
|---|---|---|---|
| No. | Description |  |  |
| 1 | File folder - Brawley Gas Station Texaco --------- | | 38 |
| 2 | File folder - UCC Garmo + Son + Halak ------------ | | 38 |
| 3 | File folder - Pacific Trust 500K 50K 350K Garmo TD | | 39 |
| 4 | File folder - S.K.E. Titles --------------------- | | 39 |
| 5 | File folder - GE Trucks ------------------------- | | 39 |
| 6 | File folder - Utility 5 Reefers ------------------ | | 40 |
| 7 | File folder - Jim Diven -------------------------- | | 40 |
| 8 | File folder - 400k Note - Garmo ------------------ | | 40 |
| 9 | File folder - Pierre Loans ----------------------- | | 40 |
| 10 | File folder - Loan from Pierre ------------------- | | 41 |
| 11 | File folder - Moses Loan ------------------------- | | 41 |
| 12 | File folder - Garmo + Sons ----------------------- | | 41 |
| 13 | File folder - Loan from George ------------------- | | 41 |
| 14 | File folder - Pierre Checks ---------------------- | | 41 |
| 15 | File folder - Bankruptcy Issues ------------------ | | 42 |
| 16 | File folder - Trucking 09 Financial -------------- | | 42 |

## EXHIBIT 2

3

```
 1                IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TEXAS
 2                          WACO DIVISION

 3   SAM KHOLI ENTERPRISES, INC., )(
                                  )(
 4        Plaintiff,              )(
                                  )(
 5   VS.                          )(          CIVIL ACTION
                                  )(          NO. W-08-CA-105
 6   TOM R. THOMPSON d/b/a        )(
     THOMPSON TRUCKING,           )(
 7                                )(
          Defendant,              )(
 8                                )(
     VS.                          )(
 9                                )(
     SAM KHOLI,                   )(
10                                )(
          Third-Party Defendant.)(
11
                         *-*-*-*-*-*-*-*-*-*
12
     APPEARANCES:
13
                     LAWTON LAW FIRM,
14                        By:  DAN LAWTON,
                          Emerald Plaza,
15                        402 West Broadway, Suite 1860,
                          San Diego, California  92101
16                        Phone:  619/595-1406
                          Appearing for the Plaintiff and
17                        the Third-Party Defendant.

18                   BAIRD, CREWS, SCHILLER & WHITAKER, P.C.,
                          By:  JACK CREWS,
19                        15 N. Main Street,
                          Temple, Texas  76502
20                        Phone:  254/778-3669
                          Appearing for the Defendant.
21
          ALSO PRESENT
22
                     CARLTON, DISANTE & FREUDENBERGER, L.L.P.,
23                        By:  DAVE CAROTHERS,
                          4510 Executive Drive,
24                        Suite 300,
                          San Diego, California  92121
25                        Phone:  858/646-0007
```

# EXHIBIT 2

4

```
 1        POST   JUDGMENT   DEPOSITION upon oral examination of the
 2   witness, SAM KHOLI, taken on behalf of the  Defendant in the
 3   above-entitled cause, wherein Sam Kholi Enterprises, Inc. is
 4   the Plaintiff and Tom R. Thompson d/b/a Thompson Trucking is
 5   the  Defendant, pending in the United States District Court,
 6   for  the  Western District of Texas,  Waco Division,  before
 7   Gary L. Todd, a Certified Shorthand Reporter in and  for the
 8   State of Texas, on the  24th day of  September A.D. 2010, in
 9   the  offices  of  Pakis, Giotes, Page & Burleson, P.C.,  400
10   Austin Avenue, Suite 400,  Waco, Texas, between the hours of
11   12:51 p.m. and 4:35 p.m., pursuant  to the  Federal Rules of
12   Civil Procedure.
13                          SAM KHOLI,
14   having been first duly sworn to testify the truth, the whole
15   truth and nothing but the truth, testified as follows:
16                      DIRECT EXAMINATION
17   QUESTIONS BY MR. CREWS:
18        Q.   Good afternoon, Mr. Kholi; Jack Crews.  I need to
19   make sure we all know who is here.  And of course,
20   Mr. Lawton is here with you, representing you; correct?
21        A.   Correct.
22        Q.   And we've got Mr. Thompson here next to me, as you
23   can see, obviously.
24        And it's Dave, isn't it?  I'm sorry.
25                  MR. CAROTHERS:  Dave Carothers.  I'm not
```

## EXHIBIT 2

19

1    there was only two employees left at my -- at the Sam Kholi

2    Enterprise.

3        Q.    So they went from -- the things that you're upset

4    about your brother in that lawsuit have to do with employees

5    and clients that went from Sam Kholi Enterprises, Inc. d/b/a

6    payrolling.com to your brother's companies.

7        A.    Yes.

8        Q.    And the company payrolling.com Corp. didn't have

9    anything to do with losing employees, is that what you're

10   telling me?

11       A.    That's exactly what I'm telling you, yes.

12       Q.    Do you -- when you do the consulting in the -- in

13   the -- for payrolling.com, I thought you were doing it for

14   payrolling.com Corp.; is that incorrect?

15       A.    No, that's corret.  That's correct.

16            MR. LAWTON:  Wait.  I'm not sure of the

17   import of the answer.  The question was, "Is that

18   incorrect?" and then the answer was, "That's correct."  So

19   the import of the answer, it's correct that you're

20   incorrect, or is it --  I'm just trying to help make a clear

21   record.

22   BY MR. CREWS:

23       Q.    Do you --  You work for payrolling.com -- you work

24   with payrolling.com Corp. as a consultant?

25       A.    Yes.

**EXHIBIT 2**

```
1        Q.    Do you own any of that company?

2        A.    No.

3        Q.    Who owns that company?

4        A.    About six shareholders.

5        Q.    Tell me the names of those shareholders.

6        A.    Pierre El-Khaouli; Laverne Kato; Jim Divens,

7    D-i-v-e-n-s; and Abby -- Abby Khouli.

8        Q.    Is that four?

9        A.    Five.

10             (Pausing)

11   Five.

12       Q.    Who's the sixth one?

13       A.    George Khouli, Abby Khouli, the last name is

14   K-h-o-u-l-i; Abby Khouli is K-h-o-u-l-i; Laverne Kato,

15   K-a-t-o; Jim Divens, D-i-v-e-n-s; and Pierre, his last name

16   is E-l dash K-h-a-o-u-l-i.

17       Q.    You are related to that Mr. Khaouli in some

18   manner; correct?

19       A.    Two grandpas up.

20       Q.    George Khouli is your brother?

21       A.    Yes.

22       Q.    Who is Abby Khouli; is she related to you?

23       A.    Abby Khouli's my dad.

24       Q.    Oh, I'm sorry.  Abby Khouli is your dad.

25       A.    Yes.
```

**EXHIBIT 2**

1    one in Fontana, California.

2         A.    There is no travel center in Fontana.

3         Q.    There's no travel center in Fontana?

4         A.    No, sir.

5                   MR. THOMPSON:  Truck terminal.

6    BY MR. CREWS:

7         Q.    Okay.  Mr. Thompson has corrected me.  Is there a

8    truck terminal in Fontana?

9         A.    There is a truck terminal that we rent -- that we

10   lease and basically use it for parking because it's

11   impossible to park.

12        Q.    What entity leases that property?

13        A.    What entity leases that property?

14        Q.    Yes, sir.  My thinking is is a company that you

15   own or control leases that real property; is that right?

16        A.    Huh-uh.  No.  No.

17        Q.    Do you know who owns or controls the -- the

18   company that leases that truck terminal?

19        A.    We --  It's my brother George owns the property.

20   Okay.  And what I meant by lease is he have a company

21   leasing it from -- from him.  A company not related in any

22   way to -- to anything.  Basically, they're a -- a chicken

23   company.

24        Q.    Let's talk for a moment about the truck stop in

25   Amarillo.  And that I believe -- I believe is owned by Sam

**EXHIBIT 2**

1   Kholi Travel Center, Inc.  Do you agree with that or am I

2   wrong?

3        A.   I think -- I think that's how it should be, yes.

4        Q.   Now, I will -- I'll represent to you that it

5   appears to me that a lien was granted to Pierre Khaouli

6   after the trial on that property.

7        A.   Yes, that is correct.

8        Q.   And for what reason was the lien granted Pierre

9   Khaouli?

10       A.   Because I owe him about -- almost two million

11  dollars.

12       Q.   And was that -- was that -- did he loan you two

13  million dollars after the trial?

14       A.   No.  Way before the trial.

15       Q.   Way before then.

16       Did you receive any money around the time that you

17  signed that deed of trust?  And by "you," I mean either you

18  personally or Sam Kholi Enterprises.

19       A.   Did I receive any money?

20       Q.   Yes, sir.

21       A.   After I bought that -- after the -- after the deed

22  of trust was recorded?

23       Q.   Correct.

24       A.   No.

25       Q.   Did Sam Kholi Enterprises receive any money?

## EXHIBIT 2

113

1       A.    No.

2       Q.    Where are the records kept for Sam Kholi Travel

3  Center, Inc.?

4       A.    That's another rip-off story.

5       Oops, I'm sorry.  That's another rip-off story.

6                   MR. LAWTON:  The -- the question is very

7  simple.  He is not asking for a repository, he's asking

8  where the records are kept, if you know.  So if you know,

9  you should state where they're kept; if you don't know, you

10  should state that.

11                   THE WITNESS:  I don't know.

12  BY MR. CREWS:

13      Q.    You don't know?

14      A.    No.

15      Q.    Do you own Sam Kholi Travel Center, Inc., the

16  stock of Sam Kholi Travel Center, Inc.?

17      A.    Yes.

18      Q.    Do you have any corporate records of Sam Kholi

19  Tran- -- Travel Center, Inc. in your possession or under

20  your control?

21      A.    Yes.

22      Q.    Where would those -- where would they be?

23      A.    Be in my safe, in a bank safe; stock certificate

24  and articles.

25      Q.    Which bank do you have -- Do you have a safety

## EXHIBIT 2

116

1   the judge told us to do is if I want to continue the

2   deposition, to make application, and I'll do that and we'll

3   try to decide where it will be and so forth, but it will be

4   after the responses to discovery come in, and I'll do my

5   best to coordinate with your schedule.

6                   MR. LAWTON:   Thank you.

7              Let's go off the record for a moment.

8              (Discussion off the record)

9              We have agreed that the original transcript of

10  this deposition will be sent to Mr. Kholi in care of my

11  office, with Mr. Kholi to have 20 days following my receipt

12  in which to make any changes to the form or substance of his

13  answers that he deems to be appropriate and to sign under

14  penalty of perjury.  Should Mr. Kholi for any reason not

15  sign within that time frame, then Mr. Crews, or anybody

16  else, for that matter, will be allowed to use an unsigned

17  copy, or the unsigned original, for that matter, at any

18  trial or hearing as though it had been signed.  My office

19  will give prompt written notice of any changes to all

20  counsel.

21             Do you agree?

22                   MR. CREWS:   I agree.

23                   MR. LAWTON:   The exhibits -- or that part of

24  the exhibits which comprise original documents produced by

25  Mr. Kholi at this deposition will be taken by the court

## EXHIBIT 2

117

```
 1   reporter and copied, with copies to be appended to the
 2   transcript as exhibits.  The original documents themselves
 3   should be returned to Mr. Kholi in care of my office.
 4            Is that agreeable?
 5                 MR. CREWS:  That is agreeable.
 6            Dan, can we agree that the copies made by the
 7   court reporter will be treated the same as the original
 8   documents for authentication purposes?
 9                 MR. LAWTON:  Yes, I agree.
10            All right.  Off the record.
11                 (Deposition recessed at 4:35 p.m.)
```

EXHIBIT 2

118

```
 1                    CHANGES AND SIGNATURE

 2

 3      PAGE  LINE  CHANGE              REASON

 4

 5      _____

 6      _____

 7      _____

 8      _____

 9      _____

10      _____

11      _____

12      _____

13      _____

14      _____

15      _____

16      _____

17      _____

18      _____

19      _____

20

21          I, SAM KHOLI, have read the foregoing deposition and

22      hereby affix my signature that same is true and correct,

23      except as noted above.

24                                _____
                                  SAM KHOLI
```

## EXHIBIT 2

1   THE STATE OF TEXAS   )

2       Before me _____, on this day personally

3   appeared _____, known to me (or proved to me on

4   the oath of _____ or through _____

5   (description of identity card or other document) to be the

6   person whose name is subscribed to the foregoing instrument

7   and acknowledged to me that he executed the same for the

8   purposes therein expressed.

9       (Seal) Given under my hand and seal of office this

10  _____ day of _____, A.D., 2010.

11

12                      _____

13                      Notary Public in and for the State of Texas

**EXHIBIT 2**

```
 1              IN THE UNITED STATES DISTRICT COURT
               FOR THE WESTERN DISTRICT OF TEXAS
 2                        WACO DIVISION

 3   SAM KHOLI ENTERPRISES, INC., )(
                                  )(
 4        Plaintiff,              )(
                                  )(
 5   VS.                          )(         CIVIL ACTION
                                  )(         NO. W-08-CA-105
 6   TOM R. THOMPSON d/b/a        )(
     THOMPSON TRUCKING,           )(
 7                                )(
          Defendant,              )(
 8                                )(
     VS.                          )(
 9                                )(
     SAM KHOLI,                   )(
10                                )(
          Third-Party Defendant.)(
11

12              DEPOSITION OFFICER'S CERTIFICATE
                   PURSUANT TO RULE 30(f), FRCP
13

14

15       I, GARY L. TODD, a Certified Shorthand Reporter in and

16   for the State of Texas, do hereby certify that there came

17   before me on the 24th day of September, A.D. 2010, at 12:51

18   p.m., at the offices of Pakis, Giotes, Page & Burleson,

19   P.C., 400 Austin Avenue, Suite 400, Waco, Texas, the

20   following named person, to-wit:  SAM KHOLI, who was by me

21   duly sworn to testify to the truth and nothing but the truth

22   of his knowledge touching and concerning the matters in

23   controversy in this cause; that he was thereupon carefully

24   examined upon his oath and his examination reduced to

25   typewriting with the aid of Computer-Assisted Transcription;
```

## EXHIBIT 2

1    that the deposition is a true record of the testimony given

2    by the witness; that it was requested that the witness

3    review the transcript; and that the transcript was submitted

4    on _____, 2010, to the attorney for the witness

5    for his review, signature and return to me by

6    _____, 2010.

7         I further certify that I am neither attorney nor counsel

8    for, nor related to or employed by any of the parties to the

9    action in which this deposition is taken, and further that I

10   am not a  relative  or  employee  of any attorney or counsel

11   employed by the parties hereto or  financially interested in

12   the action.

13        Further  certification  requirements  will be  certified

14   to after they have occurred.

15        IN  WITNESS  WHEREOF I have hereunto set my hand on this

16   the _____ day of _____, A.D. 2010.

17

18

19                              _____
                                GARY L. TODD, Certified Short-
20                              hand Reporter in and for the
                                State of Texas.
21                              Certificate No. 1062
                                Certificate expires 12/31/10
22                              Waco Court Reporters, P.C.
                                Firm Registration 214
23                              P. O. Box 5365
                                Waco, Texas  76708-5365
24                              254/753-8001

25   GLT15596CAT4.0.0

**EXHIBIT 2**

122

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

```
SAM KHOLI ENTERPRISES, INC., )(
                              )(
      Plaintiff,              )(
                              )(
VS.                           )(           CIVIL ACTION
                              )(           NO. W-08-CA-105
TOM R. THOMPSON d/b/a         )(
THOMPSON TRUCKING,            )(
                              )(
      Defendant,              )(
                              )(
VS.                           )(
                              )(
SAM KHOLI,                    )(
                              )(
      Third-Party Defendant.)(
```

DEPOSITION OFFICER'S CERTIFICATE
PURSUANT TO RULE 30(f), FRCP
DEPOSITION OF SAM KHOLI

The original deposition was _____ returned to the

deposition officer on _____;

If returned, the attached Changes and Signature page

contains any changes in form or substance made by the

deponent during the 20-day period allowed.

If returned, the original deposition was delivered to

Jack Crews, custodial Attorney;

# EXHIBIT 2

123

1      IN WITNESS WHEREOF I have hereunto set my hand on this

2   the _____ day of _____, 2010.

3

4

5                              _____
                               GARY L. TODD, Texas CSR 1062
6                              Expiration Date:  12/31/10
                               P. O. Box 5365
7                              Waco Court Reporters, P.C.
                               Firm Registration 214
8                              Waco, Texas  76708-7235
                               254/753-8001
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   GLT15596CAT4.0.0

**EXHIBIT 2**



EXHIBIT 2

*Exhibit B*

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
### for the
#### Western District of Texas

| | | |
|---|---|---|
| Sam Kholi Enterprises, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.   6:08-CV-00105 WSS |
| Tom R. Thompson | ) | |
| *Defendant* | ) | |

### APPEARANCE OF COUNSEL

To:    The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Sam Kholi Enterprises, Inc.

Date:    03/15/2011

*Attorney's signature*

Christian J. Hack, Bar No. 24041032
*Printed name and bar number*

Sheehy, Lovelace & Mayfield, PC
510 N. Valley Mills Drive, Suite 500
Waco, TX  76710

*Address*

chack@slmpc.com
*E-mail address*

(254) 772-8022
*Telephone number*

(254) 772-9297
*FAX number*

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | | |
|---|---|---|
| Sam Kholi Enterprises, Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Case No.    6:08-CV-00105 WSS |
| Tom R. Thompson | ) | |
| *Defendant* | ) | |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Sam Kholi Enterprises, Inc.

Date:     03/15/2011

*Attorney's signature*

Peter K. Rusek, Bar No. 17400400
*Printed name and bar number*

Sheehy, Lovelace & Mayfield, PC
510 N. Valley Mills Drive, Suite 500
Waco, TX 76710

*Address*

prusek@slmpc.com
*E-mail address*

(254) 772-8022
*Telephone number*

(254) 772-9297
*FAX number*

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas

| | |
|---|---|
| Sam Kholi Enterprises, Inc. ‌ ) | |
| *Plaintiff* ) | |
| v. ) | Case No.   W-08-CV-105 WSS |
| Tom R. Thompson d/b/a Thompson Trucking ) | |
| *Defendant* ) | |

## ~~APPEARANCE OF COUNSEL~~

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Sam Kholi, Individually

Date:     03/18/2011

_____
*Attorney's signature*

Christian J. Hack, Bar No. 24041032
*Printed name and bar number*

Sheehy, Lovelace & Mayfield PC
510 N. Valley Mills Drive, Suite 500
Waco, TX  76710

*Address*

chack@slmpc.com
*E-mail address*

(254) 772-8022
*Telephone number*

(254) 772-9297
*FAX number*

AO 458 (Rev. 06/09)  Appearance of Counsel

# UNITED STATES DISTRICT COURT
### for the
#### Western District of Texas

| | |
|---|---|
| Sam Kholi Enterprises, Inc. | ) |
| *Plaintiff* | ) |
| v. | )    Case No.    W-08-CV-105 WSS |
| Tom R. Thompson d/b/a Thompson Trucking | ) |
| *Defendant* | ) |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

Sam Kholi, Individually

Date:     03/18/2011

*Attorney's signature*

Peter K. Rusek, Bar No. 17400400
*Printed name and bar number*

Sheehy, Lovelace & Mayfield PC
510 N. Valley Mills Drive, Suite 500
Waco, TX  76710

*Address*

prusek@slmpc.com
*E-mail address*

(254) 772-8022
*Telephone number*

(254) 772-9297
*FAX number*